UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>11-80072-CR-MARRA/VITUNAC (s)</u>
18 U.S.C. § 1349
18 U.S.C. § 1341
18 U.S.C. § 1343
18 U.S.C. § 1956
18 U.S.C. § 1957

UNITED STATES OF AMERICA,          )
                                   )
            Plaintiff,             )
                                   )
vs.                                )
                                   )
ROSE MARKS,                        )
      a/k/a Joyce Michael,         )
NANCY MARKS,                       )
      a/k/a Nancy Michael,         )
CYNTHIA MILLER,                    )
      a/k/a Cynthia Marks,         )
ROSIE MARKS,                       )
VICTORIA ELI,                      )
VIVIAN MARKS,                      )
RICKY MARKS,                       )
MICHAEL MARKS,                     )
DONNIE ELI,                        )
and                                )
PETER WOLOFSKY,                    )
            Defendants.            )
_____)

## <u>SUPERSEDING INDICTMENT</u>

The Grand Jury charges that:

### <u>General Allegations</u>

At all times relevant to this Superseding Indictment:

1.      Defendant ROSE MARKS, a/k/a Joyce Michael, claimed to be a psychic or

clairvoyant gifted by God, to guide her clients through personal difficulties using the natural laws

of the universe.  Defendant ROSE MARKS claimed to her clients to have helped executives of Fortune 500 companies, movie stars, and dignitaries from around the world, using her powers of intuition that enabled her to perceive things beyond the natural range of the five human senses. Defendant ROSE MARKS also provided tarot card readings, palm readings, astrology readings, numerology readings, and spiritual readings for her clients. Defendant ROSE MARKS further represented to her clients that she was conferring with Michael the Archangel for his advice and counsel for them.  Defendant ROSE MARKS induced numerous vulnerable clients to convey to her their worldly possessions, including money, jewelry, and expensive property, with the false promise of returning the money and property after performing certain rituals.

  2.  Defendant ROSE MARKS worked as a fortune teller, clairvoyant, and spiritual advisor.  Through her fortune telling and spiritual advising, she would induce clients to give her money, jewelry, gifts, and other things of value, in exchange for claiming to provide fortune telling services, curing people of diseases, removing curses, chasing evil spirits from homes and bodies, and cleansing the souls of her clients and their families.

  3.  Defendant ROSE MARKS conducted her fortune telling business from locations in Fort Lauderdale, Florida and New York, New York. Defendant ROSE MARKS conducted business as "Joyce Michael, Inc". Her business was located at 1130 South Federal Highway, Fort Lauderdale, Florida.  She also conducted business at 21 West 58 Street, Suite 1 A, New York, New York.

  4.  Defendant NANCY DEMETRO MARKS, a/k/a Nancy Michael, Kate Michael, or Vivian, claimed to be a psychic, clairvoyant, and spiritual advisor. Defendant NANCY MARKS advised her clients that her services were "free",  but that her clients would be required to make certain "sacrifices" to God in exchange for resolution of their problems. Defendant NANCY

MARKS represented to her vulnerable clients that she consulted with "the guides" who were close to God and through her communications with "the guides", her clients would receive God-given direction to resolve their problems. Defendant NANCY MARKS represented to her clients that she was conferring with God's guides for counsel on their behalf. Defendant NANCY MARKS induced numerous vulnerable clients to convey to her their worldly possessions, including money, jewelry, and expensive property, with the false promise of returning the money and property after performing certain rituals.

5.      Defendant NANCY MARKS worked as a fortune teller, clairvoyant and a spiritual advisor. Through her fortune telling and spiritual advising, Defendant NANCY MARKS would induce clients to give her money, jewelry, gifts, and other things of value, in exchange for claiming to provide fortune telling services, curing people of diseases, removing curses, chasing evil spirits from homes and bodies, and cleansing the souls of her clients and their families.

6.      Defendant NANCY MARKS was married to Defendant RICKY MARKS and was the daughter-in-law of Defendant ROSE MARKS.  She incorporated Astrology by Nancy, Inc., as a Florida corporation, located at 2305 NE 12th Court, Fort Lauderdale, Florida. Defendant NANCY MARKS also conducted her psychic and spiritual readings at a business establishment in New York, New York, located at 21 West 58 Street, Suite l A, New York, N.Y. and at a business establishment in Fort Lauderdale, Florida, located at 1130 South Federal Highway, Fort Lauderdale, Florida.

7.      Defendant CYNTHIA MILLER, a/k/a Cynthia Angel Miller, a/k/a Cynthia Angel Marks, held herself out to be a psychic, clairvoyant, and spiritual reader as well as a psychic life coach. Defendant CYNTHIA MILLER would advise her clients that they were cursed in a prior life, but since they were not cursed by God she could help them. Defendant CYNTHIA MILLER

represented to vulnerable clients that she consulted with "the spirits" and at times she consulted with Michael the Archangel. She claimed that "the spirits" and Michael the Archangel were close to God and that through her communications with "the spirits" and Michael the Archangel, her clients would receive God-given direction to resolve their problems. Defendant CYNTHIA MILLER represented to her clients, that she was conferring with the gods, "the spirits" and Michael the Archangel, for their advice and counsel. Defendant CYNTHIA MILLER also provided Tarot card readings, palm readings, astrology readings, numerology readings, and spiritual readings for her clients.

8.      Defendant CYNTHIA MILLER worked as a fortune teller, clairvoyant and a spiritual advisor. Through her fortune telling and spiritual advising, Defendant CYNTHIA MILLER would induce vulnerable clients to give her money, jewelry, gifts, and other things of value, in exchange for claiming to provide fortune telling services, curing people of diseases, removing curses, chasing evil spirits from homes and bodies, and cleansing the souls of her clients and their families, with the false promise of returning the money and property after performing certain rituals.

9.      Defendant CYNTHIA MILLER was married to Defendant MICHAEL MARKS and was the daughter-in-law of Defendant ROSE MARKS. Defendants CYNTHIA MILLER and MICHAEL MARKS incorporated Astrology Life, Inc. a/k/a INAG, Inc, located at 2000 East Sunrise Boulevard, Fort Lauderdale, Florida. Defendant CYNTHIA MILLER started her psychic reading and spiritual advising business at 21 West 58th Street, Suite 1A, New York, New York. Defendant CYNTHIA MILLER also conducted her psychic readings and spiritual readings at a business establishment in Florida, located at 2000 East Sunrise Boulevard, Fort Lauderdale, Florida.

10.     Defendant ROSIE MARKS, a/k/a Rosie Eli, was married to Defendant DONNIE ELI and was the daughter of Defendant ROSE MARKS. Defendant ROSIE MARKS held herself out

-4-

to be a psychic, clairvoyant, and spiritual advisor. Defendant ROSIE MARKS represented to her clients that she was conferring with "the spirits" for advice and counsel on their behalf. Defendant ROSIE MARKS induced numerous vulnerable clients to convey to her their worldly possessions, including money, jewelry, and expensive property, with the false promise of returning the money and property after performing certain rituals.

11.     Defendant ROSIE MARKS worked as a fortune teller and spiritual reader.  Through her fortune telling and spiritual advising, she would induce clients to give her money, jewelry, gifts, and other things of value, in exchange for claiming to provide fortune telling services, curing people of diseases, removing curses, chasing evil spirits from homes and bodies, and cleansing the souls of her clients and their families.

12.     Defendant ROSIE MARKS conducted a fortune telling business from locations in Florida. She worked at 1130 South Federal Highway, Fort Lauderdale, Florida, and at 4252 Davie Road Extension, Davie, Florida.

13.     Defendant VICTORIA ELI was the sister of Defendant ROSE MARKS. Defendant VICTORIA ELI worked as a fortune teller, clairvoyant, and spiritual advisor.  Through her fortune telling and spiritual advising, she would induce clients to give her money, jewelry, gifts, and other things of value, in exchange for claiming to provide fortune telling services, curing people of diseases, chasing evil spirits from homes and bodies, and cleansing the souls of her clients and their families, with the false promise of returning the money and property after performing certain rituals.

14.     Defendant VICTORIA ELI received money that Defendants ROSE MARKS and NANCY MARKS obtained from clients who thought they were providing money in exchange for fortune telling, curing diseases, chasing away evil spirits and cleansing the soul.  Some of the clients

were directed to send money directly to VICTORIA ELI or her bank accounts so it could be cleansed of evil spirits.

15.     Defendant VIVIAN MARKS was the daughter of Defendants NANCY MARKS and RICKY MARKS.    Defendant VIVIAN MARKS worked as a fortune teller, clairvoyant, and spiritual reader.  Through her fortune telling and spiritual advising, she would induce clients to give her money, jewelry, gifts, and other things of value, in exchange for providing fortune telling services, curing people of diseases, chasing evil spirits from homes and bodies, and cleansing the souls of her clients and their families. Some of the clients were directed to send money directly to VIVIAN MARKS or her bank accounts so it could be cleansed of evil spirits.

16.     Defendant RICKY MARKS was the son of Defendant ROSE MARKS,  the husband of Defendant NANCY MARKS, and the father of Defendant VIVIAN MARKS. He was responsible for receiving money his mother Defendant ROSE MARKS and his wife Defendant NANCY MARKS obtained from clients who thought they were providing money in exchange for fortune telling, curing diseases, chasing away evil spirits and cleansing the soul.  Some of the clients were directed to send money directly to Defendant RICKY MARKS or his bank accounts so it could be cleansed of evil spirits.

17.     Defendant MICHAEL MARKS was the son of Defendant ROSE MARKS and the husband of Defendant CYNTHIA MILLER.  He was the President of Astrology Life, Inc.  He was responsible for receiving money his mother Defendant ROSE MARKS and his wife Defendant CYNTHIA MILLER obtained from clients who thought they were providing money in exchange for fortune telling, curing diseases, chasing away evil spirits and cleansing the soul.  Some of the clients were directed to send money directly to Defendant MICHAEL MARKS or his bank accounts so it

could be cleansed.

18.     Defendant DONNIE ELI was the husband of Defendant ROSIE MARKS. He was responsible for receiving money his mother-in-law Defendant ROSE MARKS and his wife Defendant ROSIE MARKS obtained from clients who thought they were providing money in exchange for fortune telling, curing diseases, chasing away evil spirits and cleansing the soul. Some of the clients were directed to send money directly to Defendant DONNIE ELI or his bank accounts so it could be cleansed.

19.     Defendant PETER WOLOFSKY was the owner of Atlas Leasing. Defendant PETER WOLOFSKY had been the owner of The Auto Toy Store and The Aqua Toy Store. He was a financial backer for home loans, luxury vehicles, and luxury boats. Much of the money obtained by Defendants ROSE MARKS, NANCY MARKS, CYNTHIA MILLER, ROSIE MARKS. VICTORIA ELI, VIVIAN MARKS, and others, was hidden and laundered through Defendant PETER WOLOFSKY's many businesses and bank accounts. Many checks or wire transfers were sent directly from vulnerable victims to Defendant PETER WOLOFSKY or one of his businesses.

## COUNT 1
### (CONSPIRACY - 18 U.S.C. §1349)

20.     From in or about 1991, and continuing until the date of the return of the Superseding Indictment, in Broward and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendants,

ROSE MARKS,
a/k/a Joyce Michael,
NANCY MARKS,
a/k/a Nancy Michael,
CYNTHIA MILLER,
a/k/a Cynthia Marks,

ROSIE MARKS,
VICTORIA ELI,
VIVIAN MARKS,
RICKY MARKS,
MICHAEL MARKS,
and
DONNIE ELI,

did knowingly and intentionally combine, conspire, confederate and agree with each other and with

persons known and unknown to the Grand Jury to commit offenses against the United States, that

is:

(a)     to knowingly and willfully devise and intend to devise a scheme and artifice to

defraud, and for obtaining money and property by means of false and fraudulent pretenses,

representations, and promises, and for the purpose of executing and attempting to execute the

scheme and artifice to defraud, to knowingly cause mail matter to be deposited and delivered by the

Postal Service and by private and commercial interstate carrier, in violation of Title 18, United States

Code, Section 1341; and

(b)     to knowingly and willfully devise and intend to devise a scheme and artifice to

defraud and to obtain money and property by means of false and fraudulent pretenses,

representations, and promises, and for the purpose of executing and attempting to execute the

scheme and artifice to defraud, to knowingly cause to be transmitted certain writings, signs, signals,

and sounds, by means of wire communication in interstate and foreign commerce, in violation of

Title 18, United States Code, Section 1343.

-8-

## OBJECT OF CONSPIRACY

21.     It was the object of the conspiracy that the Defendants,  ROSE MARKS, NANCY

MARKS, CYNTHIA MILLER, ROSIE MARKS, VICTORIA ELI, VIVIAN MARKS, RICKY

MARKS, MICHAEL MARKS, and DONNIE ELI, would and did unjustly enrich themselves and

others, by falsely and fraudulently claiming to tell the future, to cure people of diseases, to chase

away evil spirits from homes and bodies, to remove curses, and to cleanse the souls of clients and

their families and friends, in exchange for money, jewelry and other things of value, totaling

approximately $40,000,000.

## MANNER AND MEANS

The manner and means by which the defendants sought to accomplish the object of the

conspiracy included, among other things, the following:

22.     It was part of the conspiracy that Defendants ROSE MARKS, NANCY MARKS,

CYNTHIA MILLER, ROSIE MARKS, VICTORIA ELI, and VIVIAN MARKS falsely

represented to certain vulnerable people (clients) that they could determine if a curse or evil

spirits were present in their lives or the lives of their loved ones and if a curse or evil spirits were

causing illnesses, financial problems, family problems and other difficulties.

23.     It was further part of the conspiracy that Defendants ROSE MARKS, NANCY

MARKS, CYNTHIA MILLER, ROSIE MARKS, VICTORIA ELI, and VIVIAN MARKS would

use various magicians' tricks and false statements in order to frighten certain vulnerable victims

into giving sums of money, jewelry, gold coins and other things of value, to cleanse the money,

jewelry, coins  and other valuable property of curses and evil spirits, and then failed to return the

items as they promised they would.

24.     It was further part of the conspiracy that once Defendants ROSE MARKS,

NANCY MARKS, CYNTHIA MILLER, ROSIE MARKS, VICTORIA ELI, and VIVIAN

MARKS convinced their clients of their special powers and legitimacy, they would induce those

clients to give them large sums of money and other valuables.  Often times, these Defendants

represented to their clients that,  in order to excise a curse or evil spirits and the illnesses they

caused, the clients had to temporarily give large sums of money so they could cleanse the money

of the curse or evil spirits, with the promise of returning  the money and other valuable items to

the clients.  These Defendants never returned the money.

25.     It was further part of the conspiracy that in order to convince the clients to part

with their money, Defendants ROSE MARKS, NANCY MARKS, CYNTHIA MILLER, ROSIE

MARKS,  VICTORIA ELI, and VIVIAN MARKS informed the clients that terrible things would

happen to them and their family members or friends, unless the clients gave thousands, tens of

thousands, hundreds of thousands and even millions of dollars, to cleanse.  Defendants ROSE

MARKS, NANCY MARKS, CYNTHIA MILLER, ROSIE MARKS, VICTORIA ELI, and

VIVIAN MARKS  told clients that they and their family members or friends would contract

terrible diseases, suffer horrible financial hardships, and endure terrible catastrophes, and that

loved ones who were already sick would not recover, and that their lives would remain haunted

by evil spirits if they did not cleanse their money of those evil spirits.

26.     It was further part of the conspiracy that Defendants ROSE MARKS, NANCY

MARKS, CYNTHIA MILLER, ROSIE MARKS, VICTORIA ELI and VIVIAN MARKS falsely

told the clients that the cleansing would result in the disappearance of all curses and evil spirits,

the curing of illnesses, and the end of bad luck, and they would return all of the money, jewelry,

gold coins and other valuable items after they had been cleansed.  However, Defendants  ROSE

MARKS, NANCY MARKS, CYNTHIA MILLER, ROSIE MARKS, VICTORIA ELI and

VIVIAN MARKS never returned the money, jewelry or other valuable items to the clients,

instead keeping millions of dollars and funneling that money through various bank accounts held

by themselves and co-defendants RICKY MARKS, MICHAEL MARKS, DONNIE ELI, and

PETER WOLOFSKY.

      27.    It was further part of the conspiracy that co-conspirator PETER WOLOFSKY

allowed Defendants ROSE MARKS, NANCY MARKS, CYNTHIA MILLER, ROSIE MARKS,

VICTORIA ELI and VIVIAN MARKS, and others  to use his various businesses, including Atlas

Leasing, the Auto Toy Store, the Aqua Toy Store and others, to conceal the proceeds of the fraud.

      28.    It was further part of the conspiracy that Defendant ROSE MARKS claimed that

she had a gift from God and would assist victim J.M. with any crisis she had in her life.

Defendant ROSE MARKS claimed that she would use her psychic powers and confer with a

higher authority to guide victim J.M. in the right direction in her life, but that she needed to pray

over large amounts of money to protect J.M. from evil.  J.M. would provide Defendant ROSE

MARKS with large sums of money, after Defendant ROSE MARKS assured her that the money

was a sacrifice, not a payment, and promised that the money would be returned.  The sacrifice

entailed the money being set aside and prayed upon.  Defendant ROSE MARKS promised that

while she prayed on the money, it would start relieving J.M. and her friends and family of all evil

spirits, the end of bad luck, and the end of curses.

      29.    It was further part of the conspiracy that Defendant ROSE MARKS would tell

J.M. that in order to rid the evil spirits from her and her family, J.M. would have to make

sacrifices, which would involve money, because money was the root of the evil. Defendant ROSE MARKS would further tell J.M. that the money needed to be cleansed and kept out of circulation until "the guides" told ROSE MARKS to give it back. Defendant ROSE MARKS reassured J.M. that she would get the money back. The money that J.M. provided to ROSE MARKS was never returned.

30.     It was further part of the conspiracy that Defendants ROSE MARKS and ROSIE MARKS would tell C.C. that in order to rid her and her family of all evil spirts, bad luck and curses, C.C. would have to make sacrifices, which would involve money because money was the root of all evil. C.C. would provide Defendants ROSE and ROSIE MARKS with large sums of money, after Defendants ROSE MARKS and ROSIE MARKS assured her that it was a sacrifice, not a payment, and promised that the money would be returned. The money was never returned.

31.     It was further part of the conspiracy that Defendants ROSE MARKS and NANCY MARKS would tell A.W. that they were healers who specialized in relationships, and that A.W. and her husband, from whom she was separated and who had pancreatic cancer, were meant to be together. Defendants ROSE MARKS and NANCY MARKS informed A.W. that they would bring her husband back to her and would  give her advice on what path she should take with him after they received direction from their "guides". A.W. was informed that "the work" would require sacrifices which would mean money because money was the root of all evil. Defendants ROSE MARKS and NANCY MARKS would further tell A.W. that the money was tainted and needed to be cleansed, and they needed the money to stop the negative forces working against her. Defendants ROSE MARKS and NANCY MARKS assured A.W. that they could not spend the money for their personal use and she would get the money back. The money was never

-12-

returned.

32.     It was further part of the conspiracy that Defendant NANCY MARKS would tell J.H. that she was cursed and that the curse started in a prior life. Defendant NANCY MARKS would tell J.H. that in order to rid her, her family and friends, of all evil spirts, bad luck and the curse, J.H. would have to make sacrifices which would involve money because money was the root of all evil. Defendant NANCY MARKS would tell J.H. that it would cost nothing to lift the curse as "the guides" said she had to help her for free. J.H. would provide Defendant NANCY MARKS with large sums of money, after Defendant NANCY MARKS assured her that it was a sacrifice, not a payment, and promised that the money would be returned. The sacrifice entailed the money being set aside and prayed upon. Defendant NANCY MARKS promised that while she prayed on the money, it would start relieving J.H. and her friends and family of all evil spirits, the end of bad luck, and the end of curses. Defendant NANCY MARKS reassured J.H. that she would get the money back "three times over". The money was never returned.

33.     It was further part of the conspiracy that Defendant NANCY MARKS would tell L.B. that she was capable of getting rid of the negativity that surrounded L.B. and was holding her back. Defendant NANCY MARKS would tell L.B. that she was cursed, and the root of the curse was a jealous sister from many generations before. Defendant NANCY MARKS would tell L.B. that all females in her family were cursed, with the curse getting worse with each generation. Defendant NANCY MARKS would tell L.B. that in order to rid her and her family of all evil spirits, bad luck and curses, L.B. would have to make sacrifices, which would involve money because money was the root of the evil. Defendant NANCY MARKS would further tell L.B. that the money needed to be cleansed and kept out of circulation until "the guides" told

-13-

NANCY MARKS to give it back.  Defendant NANCY MARKS reassured L.B. that she would get the money back "three times over".  The money was never returned.

34.      It was further part of the conspiracy that Defendant NANCY MARKS paid a deposit on a Cartier watch for L.B., and L.B. had to pay the balance on the watch.  Once L.B. purchased the watch, Defendant NANCY MARKS told her that she needed to work on the watch to turn back time and bring love back to L.B.  Defendant NANCY MARKS took the watch from L.B. and returned an empty watch box.  Defendant NANCY MARKS assured L.B. that she would return the watch as soon as her work was done.  The watch was never returned to L.B..

35.      It was further part of the conspiracy that Defendant NANCY MARKS would tell Y.L. that an ancient curse had befallen her family over 250 years ago, and that in order to rid her and her family of all evil spirts, bad luck and the curse, Y.L. would have to make sacrifices, which would involve money because money was the root of all evil.  Y.L. would provide Defendant NANCY MARKS with large sums of money, after Defendant NANCY MARKS assured her that it was a sacrifice, not a payment, and promised that the money would be returned.  Defendant NANCY MARKS would further tell Y.L. that the money needed to be cleansed and kept out of circulation until "the guides" told NANCY MARKS to give it back. The sacrifice entailed the money being set aside and prayed upon.  Defendant NANCY MARKS promised that while she prayed on the money, it would start relieving Y.L. and her friends and family of all evil spirits, the end of bad luck, and the end of curses.  Defendant NANCY MARKS reassured Y.L. that she would get the money back "three times over".  The money was never returned.

36.     It was further part of the conspiracy that Defendant NANCY MARKS  would tell

T.L. that in order to rid her and her family of all evil spirts, bad luck and curses, T.L. would have

to make sacrifices, which would involve money because money was the root of all evil.  T.L.

would provide Defendants NANCY MARKS and DONNIE ELI with large sums of money, after

Defendant NANCY MARKS assured her that it was a sacrifice, not a payment, and promised that

the money would be returned.  The sacrifice entailed the money being set aside and prayed upon.

Defendant NANCY MARKS promised that while she prayed on the money, it would start

relieving T.L. and her friends and family of all evil spirits, the end of bad luck, and the end of

curses.  Defendant NANCY MARKS reassured T.L. that she would get the money back "three

times over".  The money was never returned.

37.     It was further part of the conspiracy that Defendant NANCY MARKS would tell

M.R. that the women in her family were cursed.  She would tell M.R. that they would never

experience true love because of something an ancestor had done, but that the curse could be

broken if she completed a number of different rituals with NANCY MARKS.  Defendant

NANCY MARKS would request large sums of cash from M.R. which NANCY MARKS was

going to meditate over, cleanse and then give back to M.R..  Defendant NANCY MARKS would

request a large sum of cash and an engagement ring from M.R. which she was going to pray over

to lift the curse.  Defendant NANCY MARKS did not return the cash when M.R. requested it,

but she did return the engagement ring.

38.     It was further part of the conspiracy that Defendant NANCY MARKS would tell

N.D. that in order to rid her and her family of all evil spirts, bad luck and curses, N.D. would

have to make sacrifices, which would involve money because money was the root of all evil.

N.D. would provide Defendant NANCY MARKS with large sums of money, after Defendant

NANCY MARKS assured her that it was a sacrifice, not a payment, and promised that the money

would be returned. The sacrifice entailed the money being set aside and prayed upon. Defendant

NANCY MARKS promised that while she prayed on the money, it would start relieving N.D.

and her friends and family of all evil spirits, the end of bad luck, and the end of curses. Defendant

NANCY MARKS reassured N.D. that she would get the money back. The money was never

returned.

    39.    It was further part of the conspiracy that Defendant NANCY MARKS would tell

M.P. that in order to rid her and her family of all evil spirts, bad luck and curses, M.P. would

have to make sacrifices, which would involve money because money was the root of all evil.

M.P. would provide Defendant NANCY MARKS with large sums of money and jewelry, after

Defendant NANCY MARKS assured her that it was a sacrifice, not a payment, and promised that

the money would be returned. The sacrifice entailed the money being set aside and prayed upon.

Defendant NANCY MARKS promised that while she prayed on the money, it would start

relieving M.P. and her friends and family of all evil spirits, the end of bad luck, and the end of

curses. Defendant NANCY MARKS reassured M.P. that she would get the money back. The

money was never returned.

    40.    It was further part of the conspiracy that Defendants NANCY MARKS and

VIVIAN MARKS would tell J.S. they could protect him and his family from curses. Defendants

NANCY MARKS and VIVIAN MARKS would tell J.S., who was having relationship problems

with his wife, that the money he provided was to protect him and his family from evil curses.

Defendants NANCY MARKS and VIVIAN MARKS, using the name "Joyce Michael", would

-16-

tell J.S. that the money was being sent to NANCY MARKS and VIVIAN MARKS because they were controlling the money while "the work" was being done. Defendants NANCY MARKS and VIVIAN MARKS would tell J.S. that the money would be sent to a health organization that would feed children in Africa. Defendants NANCY MARKS and VIVIAN MARKS would tell J.S. that he was going to get his money back after "the work" was completed, but when he asked for the money back, his phone calls were not returned. The money was never returned.

41.    It was further part of the conspiracy that Defendant CYNTHIA MILLER would tell E.R. that her ability to see into the past was a gift from God. Defendant CYNTHIA MILLER would tell that E.R. that E.R. had a negativity and bad karma in her life and that she was cursed. Defendant CYNTHIA MILLER would tell E.R. that a curse went back as far as the 16th century and that E.R.'s grandmother was a witch, so her family was cursed. Defendant CYNTHIA MILLER would tell E.R. that in order to rid her and her family of all evil spirts, bad luck and curses, E.R. would have to make sacrifices, which would involve money because money was the root of all evil. E.R. would provide Defendant CYNTHIA MILLER with large sums of money, after Defendant CYNTHIA MILLER assured her that it was a sacrifice, not a payment, and promised that the money would be returned. The sacrifice entailed the money being set aside and prayed upon. Defendant CYNTHIA MILLER promised that while she prayed on the money, it would start relieving E.R. and her friends and family of all evil spirits, the end of bad luck, and the end of curses. Defendant CYNTHIA MILLER reassured E.R. that she would get the money back. The money was never returned.

42.    It was further part of the conspiracy that Defendant CYNTHIA MILLER would tell A.U. that she was cursed in a prior life and was surrounded by negativity, and this curse was

-17-

keeping A.U. from attaining her life's goals. Defendant CYNTHIA MILLER would tell A.U. that she was a messenger from a higher source and that in order to rid A.U. and her family and friends of all evil spirts, bad luck and curses, A.U. would have to make sacrifices, which would involve money. Defendant CYNTHIA MILLER further informed A.U. that the money that A.U. sent as a sacrifice would have to be burned, and the money could not be used by CYNTHIA MILLER or returned to A.U. because it was dirty and contained too much negativity. A.U. would provide Defendant CYNTHIA MILLER with large sums of money, after Defendant CYNTHIA MILLER assured her that it was a sacrifice, not a payment. Defendant CYNTHIA MILLER further requested that A.U. send a letter stating that the monies she was sending was a loan, because if the tax office found out Defendant CYNTHIA MILLER was receiving large sums of money via wire transfer, they would consider that money as income and they would not understand that the money was being used as a sacrifice.

43.     It was further part of the conspiracy that Defendant CYNTHIA MILLER would tell S.K. that she could help him with his problems, as S.K. was hearing voices in his head caused by an unusual amount of stress in his life. Defendant CYNTHIA MILLER would advise S.K. that her gift as a psychic came from God. Defendant CYNTHIA MILLER would advise S.K. that she would have a spiritual translation, meaning that she would speak to Michael the Archangel who would tell her what he wanted S.K. to do. Defendant CYNTHIA MILLER would advise S.K. that Michael the Archangel wanted him to make some sacrifices. The sacrifice called for 32 gold coins because S.K. was 32 years old and Defendant CYNTHIA MILLER needed a gold coin for each year S.K. did not have faith. S.K. would give Defendant CYNTHIA MILLER gold coins valued at approximately $400,000.   When S.K. stated the voices in his

head would not stop, he would ask for the coins back. Defendant CYNTHIA MILLER would state that the gold coins were in the cemetery with Michael the Archangel and she could not remember where the gold coins were, only Michael the Archangel would know. The gold coins were never returned.

44.     It was further part of the conspiracy that Defendant VICTORIA ELI would tell J.C. that in order to rid him and his family of all evil spirts, bad luck and curses, J.C. would have to make sacrifices, which would involve money because money was the root of all evil. J.C. would provide Defendant VICTORIA ELI with large sums of money, after Defendant VICTORIA ELI assured him that it was a sacrifice, not a payment, and promised that the money would be returned. The sacrifice entailed the money being set aside and prayed upon. Defendant VICTORIA ELI promised that while she prayed on the money, it would start relieving J.C. and his friends and family of all evil spirits, the end of bad luck, and the end of curses. Defendant VICTORIA ELI reassured J.C. that he would get the money back. The money was never returned.

45.     It was further part of the conspiracy that Defendants ROSE MARKS, NANCY MARKS, CYNTHIA MILLER, ROSIE MARKS, VICTORIA ELI, and VIVIAN MARKS would tell various victims that, in order to rid themselves and their families of all evil spirts, bad luck and curses, they would have to make sacrifices, which would involve money because money was the root of all evil. Those victims would provide Defendants ROSE MARKS, NANCY MARKS, CYNTHIA MILLER, ROSIE MARKS, VICTORIA ELI, VIVIAN MARKS, RICKY MARKS, MICHAEL MARKS, DONNIE ELI and PETER WOLOFSKY with large sums of money and jewelry, after the victims were assured that it was a sacrifice, not a payment, and the

-19-

victims were promised that the money would be returned.  The sacrifice entailed the money being set aside and prayed upon.  Defendants promised that while they prayed on the money, it would start relieving the victims and their friends and family of all evil spirits, the end of bad luck, and the end of curses. Defendants reassured the victims that they would get their money back.  The money was never returned.

46.    It was further part of the conspiracy that Defendants ROSE MARKS, NANCY MARKS, CYNTHIA MILLER, ROSIE MARKS, VICTORIA ELI, and VIVIAN MARKS would have their clients transfer sums of money to each other, and to Defendants RICKY MARKS, MICHAEL MARKS, DONNIE ELI, PETER WOLOFSKY and their companies, as a means of hiding the true recipients of the money.

47.    It was further part of the conspiracy that various Defendants, including ROSE MARKS, NANCY MARKS, ROSIE MARKS and VIVIAN MARKS would use the name "Joyce Michael" as their alter ego when talking to clients or meeting with clients.

48.    It was further part of the conspiracy that Defendant ROSE MARKS collaborated with family members, friends and associates,  including co-defendants NANCY MARKS, CYNTHIA MILLER, ROSIE MARKS, VICTORIA ELI, VIVIAN MARKS, RICKY MARKS, MICHAEL MARKS, DONNIE ELI, and PETER WOLOFSKY, and others, to defraud numerous vulnerable clients of their considerable material wealth, in an amount of approximately $40,000,000.

All in violation of Title 18, United States Code, Section 1349.

-20-

## COUNTS 2-12
## (MAIL FRAUD - 18 U.S.C. §1341)

49.    The allegations contained in paragraphs 1 through 19, and 22 through 48, of the

Superseding Indictment are incorporated herein as though realleged in their entirety.

50.    On or about the dates set forth below, in  Broward and Palm Beach Counties, in the

Southern District of Florida, and elsewhere,  the defendants,

ROSE MARKS,
a/k/a Joyce Michael,
NANCY MARKS,
a/k/a Nancy Michael,
CYNTHIA MILLER,
a/k/a Cynthia Marks,
ROSIE MARKS,
VICTORIA ELI,
VIVIAN MARKS,
RICKY MARKS,
MICHAEL MARKS,
and
DONNIE ELI,

did knowingly and willfully devise and intend to devise a scheme and artifice to defraud, and for

obtaining money and property by means of false and fraudulent pretenses, representations, and

promises, and for the purpose of executing and attempting to execute the scheme and artifice to

defraud, did knowingly cause mail matter to be deposited and delivered by the Postal Service and

by private and commercial interstate carrier.

### OBJECT OF THE SCHEME AND ARTIFICE TO DEFRAUD

51.    It was the object of the scheme and artifice to defraud that Defendants ROSE

MARKS, NANCY MARKS, CYNTHIA MILLER, ROSIE MARKS, VICTORIA ELI, VIVIAN

MARKS, RICKY MARKS, MICHAEL MARKS, and DONNIE ELI, and others, would and did

-21-

unjustly enrich themselves and others, by falsely and fraudulently claiming to tell the future, to cure people of diseases, to remove curses, to chase away evil spirits from homes and bodies, and to cleanse the souls of clients, and their friends and families, using the Postal Service and by private and commercial carrier to obtain  money, jewelry and other things of value.

### MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD

The manner and means by which the scheme and artifice to defraud was accomplished included, among other things, the following:

52.     The allegations in paragraphs 1 through 19, and 22 through 48 of this Superseding Indictment are incorporated by reference as though realleged in their entirety to set forth the manner and means the mail fraud was committed.

### EXECUTION OF THE SCHEME

53.     On or about the dates set forth below, in Broward and Palm Beach Counties, in the Southern District of Florida, and elsewhere, for the purpose of executing the scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, the defendants,

ROSE MARKS,
a/k/a Joyce Michael,
NANCY MARKS,
a/k/a Nancy Michael,
CYNTHIA MILLER,
a/k/a Cynthia Marks,
ROSIE MARKS,
VICTORIA ELI,
VIVIAN MARKS,
RICKY MARKS,
MICHAEL MARKS,
and
DONNIE ELI,

knowingly caused mail matter described below to be deposited and delivered by the Postal Service and private and commercial interstate carrier, to wit: United States mail, Federal Express ("Fed Ex"), and United Parcel Service ("UPS"), such items delivered according to the direction thereon, and each such mailing constituting a separate count of this Superseding Indictment:

| COUNT | Defendants | DATE | DESCRIPTION OF MAILING |
|-------|-----------|------|------------------------|
| 2 | ROSE MARKS | 11/15/06 | Business check #1712 in the amount of $52,250 sent via Fed Ex from J.M.'s BB &T business bank account to Joyce Michael, which was deposited in Rose Marks' Washington Mutual Account ending in #2373. |
| 3 | ROSE MARKS | 1/22/07 | Business checks #1718 and #1719, each in the amount of $50,000 sent via Fed Ex from J.M.'s BB &T business bank account to Joyce Michael, which were deposited in Rose Marks' Washington Mutual Account ending in #2373, and check #1720, in the amount of $50,000, to Atlas Leasing, which was deposited in Atlas Leasing's SunTrust Account ending in  #9396. |
| 4 | NANCY MARKS | 7/1/07 | A box containing L.B.'s mother's wedding veil, her mother's gold bracelet, blue pearl earrings, and one medallion with rubies, sent via UPS by L.B. to Nancy Marks. |
| 5 | ROSE MARKS | 12/5/07 | Business check #1644 in the amount of $200,000 sent via Fed Ex from J.M.'s BB &T business bank account to Joyce Michael, which was deposited in Peter and Ruth Wolofsky's SunTrust Account ending in #7862. |
| 6 | ROSE MARKS, and NANCY MARKS | 10/17/08 | Personal check # 3842 in the amount of $9,000 sent via US mail from N.D.'s SunTrust account made payable to Joyce Michael, Inc. which was deposited in Rose Marks' Bank Atlantic account ending in #4417, done at the direction of Nancy Marks. |

| 7 | ROSE MARKS, and NANCY MARKS | 11/8/08 | Personal check #3865 in the amount of $27,000 sent via US mail from N.D.'s SunTrust account made payable to Joyce Michael, Inc. which was deposited in Joyce Michael Inc., Bank Atlantic account ending in #4417, done at the direction of Nancy Marks. |
| 8 | CYNTHIA MILLER, and MICHAEL MARKS | 5/14/09 | Seven Western Union money orders #09-078610374 through 09-078610380, each in the amount of $500, totaling $3,500, sent via Fed Ex from R.K. to Cynthia Miller and deposited in Cynthia Miller and Michael Marks' Bank of America account ending in #3612. |
| 9 | NANCY MARKS | 7/22/09 | A box containing 14 carat jewelry, cash, and a bed sheet sent via UPS by M.P. to Nancy Marks. |
| 10 | ROSE MARKS, and NANCY MARKS | 9/02/09 | Western Union money order #09-0097386160, in the amount of $300 sent via Fed Ex from S.R. to Joyce Michael, done at the direction of Nancy Marks. |
| 11 | ROSE MARKS, and NANCY MARKS | 9/14/09 | Two Western Union money orders #09-134702275 and 09-134702276 in the amount of $500 each, totaling $1,000, sent via Fed Ex from S.R. to Joyce Michael, done at the direction of Nancy Marks. |
| 12 | ROSIE MARKS, and DONNIE ELI | 11/6/09 | Three Bank of America personal money orders #1195636, #1195637, #1195638, totaling $230, sent via Fed Ex by A.T. to Donnie Eli and deposited in Donnie Eli's Bank of America account ending in #0362, done at the direction of Rosie Marks. |

All in violation of Title 18, United States Code, Section 1341 and 2.

## COUNTS 13-60
## (WIRE FRAUD - 18 U.S.C. §1343)

54.    The allegations contained in paragraphs 1 through 19, and 22 through 48, of the

Superseding Indictment are incorporated herein as though realleged in their entirety.

55.    On or about the dates set forth below, in Broward and Palm Beach Counties, in the

Southern District of Florida, and elsewhere, the defendants,

ROSE MARKS
a/k/a Joyce Michael,
NANCY MARKS,
a/k/a Nancy Michael,
CYNTHIA MILLER,
a/k/a Cynthia Marks,
ROSIE MARKS,
VICTORIA ELI,
VIVIAN MARKS,
RICKY MARKS,
MICHAEL MARKS,
and
DONNIE ELI,

did knowingly and willfully devise and intend to devise a scheme and artifice to defraud and to

obtain money and property from others by means of false and fraudulent pretenses, representations,

and promises, and for the purpose of executing and attempting to execute such scheme and artifice,

did knowingly transmit and cause to be transmitted in interstate and foreign commerce by means of

wire communications, certain writings, signs, signals, and sounds.

### OBJECT OF THE SCHEME AND ARTIFICE TO DEFRAUD

56.    It was the object of the scheme and artifice to defraud that Defendants ROSE

MARKS, NANCY MARKS, CYNTHIA MILLER, ROSIE MARKS, VICTORIA ELI, VIVIAN

MARKS, RICKY MARKS, MICHAEL MARKS, and DONNIE ELI,  would and did unjustly enrich

themselves and others, by falsely and fraudulently claiming to tell the future, to cure people of diseases, to chase away evil spirits from homes and bodies, and to cleanse the souls of clients and their families and using the wires obtaining money, jewelry and other things of value.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD

The manner and means by which the scheme and artifice to defraud was accomplished included, among other things, the following:

57.     The allegations in paragraphs 1 through 19, and 22 through 48, of this Superseding Indictment are incorporated by reference as though realleged in their entirety to set forth the manner and means the wire fraud was committed.

## USE OF THE WIRES

58.     On or about the dates set forth below, in Broward and Palm Beach Counties, in the Southern District of Florida, and elsewhere, for the purpose of executing the scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, the defendants,

ROSE MARKS
a/k/a Joyce Michael,
NANCY MARKS,
a/k/a Nancy Michael,
CYNTHIA MILLER,
a/k/a Cynthia Marks,
ROSIE MARKS,
VICTORIA ELI,
VIVIAN MARKS,
RICKY MARKS,
MICHAEL MARKS,
and
DONNIE ELI,

-26-

did knowingly transmit and cause to be transmitted in interstate and foreign commerce by means of

wire communications, certain writings signs, signals, and sounds, as more specifically described

below:

| COUNT | Defendants | DATE | WIRE COMMUNICATION |
|-------|-----------|------|--------------------|
| 13 | NANCY MARKS, and RICKY MARKS | 6/21/06 | Wire transfer in the amount of $2,700 from Y.L.'s Citibank account (New York) to Ricky Marks, deposited in Ricky Marks' Bank of America account ending in #1636 (Florida). |
| 14 | NANCY MARKS, and RICKY MARKS | 6/27/06 | Wire transfer in the amount of $2,700 from Y.L.'s Citibank account (New York) to Ricky Marks, deposited in Ricky Marks' Bank of America account ending in #1636 (Florida). |
| 15 | NANCY MARKS, and RICKY MARKS | 6/30/06 | Wire transfer in the amount of $2,200 from Y.L.'s Citibank account (New York) to Ricky Marks, deposited in Ricky Marks' Bank of America account ending in #1636 (Florida). |
| 16 | NANCY MARKS, and RICKY MARKS | 7/7/06 | Wire transfer in the amount of $7,200 from Y.L.'s Citibank account (New York) to Ricky Marks, deposited in Ricky Marks' Bank of America account ending in #1636 (Florida). |
| 17 | NANCY MARKS, and RICKY MARKS | 7/18/06 | Wire transfer in the amount of $3,600 from Y.L.'s Citibank account (New York) to Ricky Marks, deposited in Ricky Marks' Bank of America account ending in #1636 (Florida). |
| 18 | ROSE MARKS, and ROSIE MARKS | 7/26/06 | Wire transfer in the amount of $15,000 from C.C.'s Wachovia account (Virginia) to Rosie Marks which was deposited in Rose Marks' Bank of America account ending in #5908 (Florida). |
| 19 | NANCY MARKS, and ROSIE MARKS | 8/2/06 | Western Union wire transfer in the amount of $600 from Y.L. (New York) to Rosie Marks (Florida), done at the direction of Nancy Marks. |

| 20 | NANCY MARKS, and ROSIE MARKS | 8/4/06 | Western Union wire transfer in the amount of $300 from Y.L. (New York) to Rosie Marks (Florida), done at the direction of Nancy Marks. |
|---|---|---|---|
| 21 | ROSE MARKS, and ROSIE MARKS | 8/7/06 | Wire transfer in the amount of $6,000 from C.C.'s Wachovia account (Virginia) to Rosie Marks, which was deposited in Rose Marks' Bank of America account ending in #5908 (Florida). |
| 22 | ROSE MARKS | 8/17/06 | Check Number 1626 in the amount of $150,000 from J.M.'s BB&T business bank account (North Carolina) made payable to Rose Marks deposited in Rose Marks' WaMu account ending in #2373 (Florida). |
| 23 | NANCY MARKS, and RICKY MARKS | 9/14/06 | Wire transfer in the amount of $8,000 from J.H.'s American Savings account (Hawaii) to Ricky Marks, which was deposited in Ricky Marks' Bank of America account ending in #1636 (Florida). |
| 24 | CYNTHIA MILLER, and MICHAEL MARKS | 11/09/06 | Wire transfer in the amount of $11,700 from A.U. (Japan) to Cynthia Miller, which was deposited in Cynthia Miller and Michael Marks's Bank of America account ending in #6026 (Florida). |
| 25 | NANCY MARKS, and RICKY MARKS | 11/17/06 | Wire transfer in the amount of $7,400 from Y.L.'s Citibank account (New York) to Ricky Marks, which was deposited in Ricky Marks' Bank of America account ending in #1636 (Florida). |
| 26 | ROSE MARKS, and ROSIE MARKS | 12/6/06 | Wire transfer in the amount of $3,500 from C.C.'s Wachovia account (Virginia) to Rosie Marks, which was deposited in Rose Marks' Bank of America account ending in #5908 (Florida). |
| 27 | NANCY MARKS | 1/30/07 | Wire transfer in the amount of $9,500 from Y.L.'s Citibank account (New York) to Nancy Marks, which was deposited in Nancy Marks' Bank of America account ending in #5522 (Florida). |
| 28 | NANCY MARKS | 2/12/07 | Wire transfer in the amount of $4,000 from Y.L.'s Citibank account (New York) to Nancy Marks, which was deposited in Nancy Marks' Bank of America account ending in #5522 (Florida). |

| 29 | CYNTHIA MILLER, and MICHAEL MARKS | 2/20/07 | Wire transfer in the amount of $3,300 from A.U. (Japan) to Cynthia Miller, which was deposited in Cynthia Miller and Michael Marks's Bank of America account ending in #6026 (Florida). |
|---|---|---|---|
| 30 | ROSE MARKS | 2/21/07 | Wire transfer in the amount of $27,000 from J.M.'s BB&T business bank account (North Carolina) to Rose Marks, which was deposited in Rose Marks' WaMu account ending in #2373 (Florida). |
| 31 | ROSE MARKS | 2/27/07 | Check Number 1739 in the amount of $100,000 from J.M.'s BB&T business bank account (North Carolina) to Peter Wolofsky, which was deposited in Peter Wolofsky SunTrust Bank account ending in #5782 (Florida). |
| 32 | ROSE MARKS | 2/28/07 | Wire transfer in the amount of $250,000 from J.M.'s BB&T business bank account (North Carolina) to Rose Marks, which was deposited in Rose Marks' WaMu Account ending in #2373 (Florida). |
| 33 | ROSE MARKS | 2/28/07 | Check Number 1737 in the amount of $200,000 from J.M.'s BB&T business bank account (North Carolina) to Atlas Leasing, which was deposited in Atlas Leasing Inc.'s SunTrust account ending in #9396 (Florida). |
| 34 | NANCY MARKS | 3/7/07 | Western Union wire transfer in the amount of $900 from L.B. (Connecticut) to Nancy Marks (Florida). |
| 35 | NANCY MARKS | 5/10/07 | Western Union wire transfer in the amount of $500 from L.B. (Connecticut) to Nancy Marks (Florida). |
| 36 | NANCY MARKS | 5/29/07 | Western Union wire transfer in the amount of $900 from L.B. (Connecticut) to Nancy Marks (Florida). |
| 37 | CYNTHIA MILLER, and MICHAEL MARKS | 6/18/07 | Wire transfer in the amount of $7,000 from A.U. (Japan) to Cynthia Miller, which was deposited in Cynthia Miller and Michael Marks' Bank of America account ending in #6026 (Florida). |

| 38 | ROSE MARKS | 6/20/07 | Wire transfer in the amount of $355,000 from J.M.'s BB&T business bank account (North Carolina) to Rose Marks, which was deposited in Rose Marks' WaMu Account, ending in #2373 (Florida). |
|----|------------|---------|------|
| 39 | NANCY MARKS | 6/20/07 | Wire transfer in the amount of $22,000 from Y.L.'s Citibank account (New York) to Nancy Marks, which was deposited in Nancy Marks' Bank of America account ending in #5522 (Florida). |
| 40 | CYNTHIA MILLER, and MICHAEL MARKS | 7/2/07 | SunTrust Bank Cashier's check number 0732295629 in the amount of $25,000 from E.R. (Florida) to Cynthia Miller, which was deposited in Cynthia Miller and Michael Marks' Bank of America account ending in #6026 (Florida). |
| 41 | ROSE MARKS | 10/30/07 | Wire transfer in the amount of $4,000 from J.M.'s BB&T business bank account (North Carolina) to Rose Marks, which was deposited in Rose Marks' WaMu account ending in #2373 (Florida). |
| 42 | ROSE MARKS | 11/14/07 | Check Number 1641 in the amount of $100,000 from J.M.'s BB&T business bank account (North Carolina) to Peter Wolofsky, which was deposited in Peter and Ruth Wolofsky's Wachovia account ending in #7862 (Florida). |
| 43 | ROSE MARKS | 11/14/07 | Check Number 1642 in the amount of $200,000 from J.M.'s BB&T business bank account (North Carolina) to Peter Wolofsky, which was deposited in Peter and Ruth Wolofsky's Wachovia account ending in #7862 (Florida). |
| 44 | ROSE MARKS | 11/14/07 | Check Number 1643 in the amount of $36,000 from J.M.'s BB&T business bank account (North Carolina) to Peter Wolofsky, which was deposited in Peter and Ruth Wolofsky's Wachovia account ending in #7862 (Florida). |
| 45 | ROSE MARKS | 11/19/07 | Wire transfer in the amount of $164,000 from J.M.'s BB&T bank account (North Carolina) to Rose Marks, which was deposited in Rose Marks' WaMu account ending in #2373 (Florida). |

| 46 | ROSE MARKS | 12/7/07 | Wire transfer in the amount of $200,000 from J.M.'s BB&T business bank account (North Carolina) to Rose Marks, which was deposited in Rose Marks' WaMu account ending in #2373 (Florida). |
|---|---|---|---|
| 47 | CYNTHIA MILLER, and MICHAEL MARKS | 6/30/08 | Wire transfer in the amount of $25,000 from A.U. (Japan) to Cynthia Miller, which was deposited in Cynthia Miller and Michael Marks's Bank of America account ending in #6026 (Florida). |
| 48 | NANCY MARKS, and VIVIAN MARKS | 7/23/08 | Wire transfer in the amount of $7,000 from J.S.(Denmark) to Nancy Marks, which was deposited in Nancy Marks' Bank of America account ending in #5522 (Florida), done at the direction of Vivian Marks. |
| 49 | NANCY MARKS, and VIVIAN MARKS | 9/29/08 | Wire transfer in the amount of $9,000 from J.S. (Denmark) to Nancy Marks, which was deposited in Nancy Marks' Bank of America  account ending in #5522 (Florida), done at the direction of Vivian Marks. |
| 50 | CYNTHIA MILLER, and MICHAEL MARKS | 10/10/08 | Wire transfer in the amount of $20,000 from A.U. (Japan) to Cynthia Miller, which was deposited in Cynthia Miller and Michael Marks's Bank of America account ending in #6026 (Florida). |
| 51 | NANCY MARKS, and DONNIE ELI | 10/27/08 | Check #1053 in the amount of $300 from T.L.'s Wachovia Bank account (Florida) to Donnie Eli, which was deposited in Donnie Eli's Bank of America account ending in #0362 (Florida). |
| 52 | NANCY MARKS, and DONNIE ELI | 10/27/08 | Check #1055 in the amount of $3,600 from T.L.'s Wachovia Bank account (Florida) to Donnie Eli, which was deposited in Donnie Eli's Bank of America account ending in #0362 (Florida). |
| 53 | NANCY MARKS, and DONNIE ELI | 10/28/08 | Wachovia official bank check #1600510364 in the amount of $24,000 from T.L. (Florida) to Nancy Marks, which was deposited in Nancy Marks' Bank of America account ending in #5522 (Florida). |

| 54 | ROSE MARKS, and VIVIAN MARKS | 10/29/08 | Wire transfer in the amount of $23,535.25 from J.S. (Denmark) to Joyce Michael, Inc., which was deposited in Joyce Michael, Inc.'s Bank Atlantic account ending in #4417 (Florida), done at the direction of Vivian Marks. |
| 55 | NANCY MARKS, and VIVIAN MARKS | 10/29/08 | Wire transfer in the amount of $23,535.25 from J.S. (Denmark) to Nancy Marks which was deposited in Nancy Marks's Bank of America account ending in #5522 (Florida), done at the direction of Vivian Marks. |
| 56 | CYNTHIA MILLER, and MICHAEL MARKS | 11/21/08 | Wire transfer in the amount of $20,824.20 from A.U. (Japan) to Cynthia Miller, which was deposited in Cynthia Miller and Michael Marks's Bank of America account ending in #6026 (Florida). |
| 57 | VIVIAN MARKS | 12/18/08 | Wire transfer in the amount of $47,043.57 from J.S. (Denmark) to Vivian Marks, which was deposited in Vivian Marks' Washington Mutual account ending in #8565 (Florida). |
| 58 | NANCY MARKS, and VIVIAN MARKS | 1/21/09 | Wire transfer in the amount of $36,562.75 from J.S. (Denmark) to Nancy Marks, which was deposited in Nancy Marks' Bank of America account ending in #5522 (Florida). |
| 59 | CYNTHIA MILLER, and MICHAEL MARKS | 9/14/09 | Wire transfer in the amount of $13,070.05 from A.U. (Japan) to Cynthia Miller, which was deposited in Cynthia Miller and Michael Marks's Bank of America account ending in #6026 (Florida). |
| 60 | ROSE MARKS, and NANCY MARKS | 5/4/10 | Wire transfer in the amount of $373,750 from A.W. (England) to Joyce Michael, which was deposited in Rose Marks' Bank of America account ending in #5908 (Florida). |

All in violation of Title 18, United States Code, Section 1343 and 2.

## COUNT 61
### (MONEY LAUNDERING - 18 U.S.C. § 1956 (h))

59.     The allegations contained in paragraphs 1 through 19, and 22 through 48, of this

Superseding Indictment are incorporated herein as though realleged in their entirety.

60.     From in or about 1991, and continuing until the date of the return of the Superseding

Indictment, in Broward and Palm Beach Counties, in the Southern District of Florida, and elsewhere,

the defendants,

ROSE MARKS
a/k/a Joyce Michael,
NANCY MARKS,
a/k/a Nancy Michael,
CYNTHIA MILLER,
a/k/a Cynthia Marks,
ROSIE MARKS,
VICTORIA ELI,
VIVIAN MARKS,
RICKY MARKS,
MICHAEL MARKS,
DONNIE ELI,
and
PETER WOLOFSKY,

did knowingly combine, conspire, confederate and agree with each other and with persons  known

and unknown to the grand jury, to commit certain offenses against the United States, that is:

(a)     to conduct and attempt to conduct financial transactions affecting interstate

and foreign commerce which involved the proceeds of specified unlawful activity, knowing that the

property involved in the financial transactions represented the proceeds of some form of unlawful

activity, with the intent to promote the carrying on of the specified unlawful activity, in violation of

Title 18, United States Code, Section 1956(a)(1)(A)(i);

(b)     to conduct and attempt to conduct financial transactions affecting interstate

and foreign commerce which involved the proceeds of specified unlawful activity, knowing that the

-33-

property involved in the financial transactions represented the proceeds of some form of unlawful activity, and that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

( c)     to engage and attempt to engage in monetary transactions affecting interstate and foreign commerce, by, through or to a financial institution, each such transaction involving criminally derived property of a value greater than $10,000, such property being derived from specified unlawful activities, in violation of Title 18, United States Code, Section 1957.

61.     It is further alleged that the specified unlawful activities were conspiracy to commit mail fraud and wire fraud, in violation of Title 18, United States Code, Section 1349, mail fraud, in violation of  Title 18, United States Code, Section 1341 and wire fraud,  in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1956(h).

## WIRE AND MAIL FRAUD CONSPIRACY FORFEITURE ALLEGATIONS

1.     The allegations of Count 1 of this Superseding Indictment are realleged and incorporated by reference for the purpose of alleging forfeiture to the United States of America, pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)( c), and the procedures outlined in Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461.

2.     Upon conviction of the offense in violation of Title 18, United States Code, Section 1349, Conspiracy to Commit Mail Fraud and Wire Fraud as set forth in Count 1 of this Superseding Indictment, the defendants, ROSE MARKS, NANCY MARKS, CYNTHIA MILLER, ROSIE

MARKS, VICTORIA ELI, VIVIAN MARKS, RICKY MARKS, MICHAEL MARKS, and

DONNIE ELI, shall forfeit to the United States of America, pursuant to Title 18, United States

Code, Section 981(a)(1)( c) and Title 28, United States Code, Section 2461( c), any property, real

or personal, which constitutes or is derived from proceeds traceable to the offense(s). The property

to be forfeited includes, but is not limited to, the following:

A.    At least $40,000,000 representing a money judgment for the amount of proceeds defendants obtained from the violation in either Count 1 or Count 61;

B.    A single family residence located at 1319 Seminole Drive, Fort Lauderdale, Florida;

C.    2009 Black Mercedes Benz automobile, VIN #WDDNG86X59A240016;

D.    2007 Black BMW 760 automobile, VIN# WBAHN03507DD98695;

E.    1979 Red Pontiac Trans am automobile, VIN# 2W87K9L161282;

F.    2006 Dark Blue Mitsubishi Endeavor vehicle, VIN# 4A4MM21S86E047363;

G.    1977 White Rolls Royce vehicle, VIN# SRF31885;

H.    1998 Blue Bentley convertible automobile, VIN# SCBZK25C8WCX61675;

I.    2011 White Land Rover, VIN # SALMF1E44BA336354;

J.    2010 Silver Ford Expedition SUV, VIN# 1FMJK1F5XAEB21397;

K.    2007 Red Ducati motorcycle, VIN# ZDM1RADMX7B105564;

L.    2007 Dark Blue Harley Davidson motorcycle,
VIN# 1HD1JD5137Y073450;

M.    2007 Blue Yamaha motorcycle,
VIN# JYARN20EX7A003746;

N.    2008 Copper Harley Davidson motorcycle,
VIN# 1HD1PT9488Y952604;

O.    2008 Anderson Manufacturing motorcycle trailer,
VIN# 4YNB1488C051543;

P.    1989 Red Mercedes Benz, SL500 convertible automobile,
VIN # WDBBA48D6KA096054;

Q.    2008 White Lexus SUV,
VIN # 2T2GK31U28C044431;

R.    2009 Orange Dodge Challenger vehicle,
VIN# 2B3JL54T99H511809;

S.    2011 Black Mercedes Benz vehicle,
VIN# 4JGBF7BE8BA725184;

T.    1996 Sunseeker Motor vessel,
VIN #SUN139640J696;

U.    2010 Grey Chevy Camaro vehicle,
VIN # 2G1FK1EJ1A9130638;

V.    2002 White Mercedes Benz vehicle,
VIN # WDBPJ75J02A030844; and

W.    Approximately $1,884,630 worth of gold coins.

3.      If any of the property described above, as a result of any act or omission of the

defendants:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without

difficulty,

then the United States of America shall be entitled to forfeiture of substitute property pursuant to

Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code,

Section 2461( c).

All pursuant to 18 U.S.C. § 981(a)(1)( c) and 28 U.S.C. § 2461( c).

## MONEY LAUNDERING CONSPIRACY FORFEITURE ALLEGATIONS

1.      The allegations contained in Count 61 of this Superseding Indictment are hereby

realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18,

United States Code, Sections 982(a)(1), and/or Title18 U.S.C. § 981(a)(1)( c) and the procedures

outlined in Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States

Code, Section 2461.

2.      Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of

Count 61 of the Superseding Indictment, an offense in violation of Title 18, United States Code,

Section 1956(h), the defendants, ROSE MARKS, NANCY MARKS, CYNTHIA MILLER, ROSIE

MARKS, VICTORIA ELI, VIVIAN MARKS, RICKY MARKS, MICHAEL MARKS, DONNIE

ELI, and PETER WOLOFSKY, shall forfeit to the United States of America any property, real or

personal, involved in such offense, and/or pursuant to Title 18, United States Code, Section 981(a)(1)( c) and Title 28, United States Code, Section 2461( c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

A.     At least $40,000,000 representing a money judgment for the amount of proceeds defendants obtained from the violation in either Count 1 or Count 61;

B.     A single family residence located at 1319 Seminole Drive, Fort Lauderdale, Florida;

C.     2009 Black Mercedes Benz automobile, VIN #WDDNG86X59A240016;

D.     2007 Black BMW 760 automobile, VIN# WBAHN03507DD98695;

E.     1979 Red Pontiac Trans am automobile, VIN# 2W87K9L161282;

F.     2006 Dark Blue Mitsubishi Endeavor vehicle, VIN# 4A4MM21S86E047363;

G.     1977 White Rolls Royce vehicle, VIN# SRF31885;

H.     1998 Blue Bentley convertible automobile, VIN# SCBZK25C8WCX61675;

I.     2011 White Land Rover, VIN # SALMF1E44BA336354;

J.     2010 Silver Ford Expedition SUV, VIN# 1FMJK1F5XAEB21397;

K.     2007 Red Ducati motorcycle, VIN# ZDM1RADMX7B105564;

L.     2007 Dark Blue Harley Davidson motorcycle, VIN# 1HD1JD5137Y073450;

M.   2007 Blue Yamaha motorcycle,
VIN# JYARN20EX7A003746;

N.   2008 Copper Harley Davidson motorcycle,
VIN# 1HD1PT9488Y952604;

O.   2008 Anderson Manufacturing motorcycle trailer,
VIN# 4YNB1488C051543;

P.   1989 Red Mercedes Benz, SL500 convertible automobile,
VIN # WDBBA48D6KA096054;

Q.   2008 White Lexus SUV,
VIN # 2T2GK31U28C044431;

R.   2009 Orange Dodge Challenger vehicle,
VIN# 2B3JL54T99H511809;

S.   2011 Black Mercedes Benz vehicle,
VIN# 4JGBF7BE8BA725184;

T.   1996 Sunseeker Motor vessel,
VIN #SUN139640J696;

U.   2010 Grey Chevy Camaro vehicle,
VIN # 2G1FK1EJ1A9130638;

V.   2002 White Mercedes Benz vehicle,
VIN # WDBPJ75J02A030844; and

W.   Approximately $1,884,630 worth of gold coins.


3.   If any of the property described above, as a result of any act or omission of the

defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided

without difficulty,

then the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461 ( c).

All pursuant to Title 18, United States Code, Sections 982(a)(1),and 981(a)(1)( c), and the procedures of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461.

A TRUE BILL



GRAND JURY FOREPERSON

WIFREDO A. FERRER
UNITED STATES ATTORNEY

LAURENCE M. BARDFELD
ASSISTANT UNITED STATES ATTORNEY

-40-

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. ___11-80072-CR-MARRA/VITUNAC(s)___ |
| vs. | |
| ROSE MARKS, et al., | **CERTIFICATE OF TRIAL ATTORNEY*** |
| _____Defendants.____ / | Superseding Case Information: |

Court Division: (Select One)

| | | |
|---|---|---|
| ____ Miami | ____ Key West | |
| ____ FTL | _X_ WPB | ____ FTP |

New Defendant(s)          Yes _____    No _X_
Number of New Defendants
Total number of counts

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:   (Yes or No)   _NO_
    List language and/or dialect   _____

4.  This case will take   _20__   days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)

    | | | | (Check only one) | |
    |---|---|---|---|---|
    | I | 0 to 5 days | _____ | Petty | _____ |
    | II | 6 to 10 days | _____ | Minor | _____ |
    | III | 11 to 20 days | _X_ | Misdem. | _____ |
    | IV | 21 to 60 days | _____ | Felony | _X_ |
    | V | 61 days and over | _____ | | |

6.  Has this case been previously filed in this District Court? (Yes or No)   _YES_
    If yes:
    Judge:   _Kenneth A Marra_____    Case No.   _11-80072-CR-Marra/Vitunac_
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?   (Yes or No)   _NO_
    If yes:
    Magistrate Case No.   _____
    Related Miscellaneous numbers:   _____
    Defendant(s) in federal custody as of   _____
    Defendant(s) in state custody as of   _____
    Rule 20 from the   _____    District of   _____

    Is this a potential death penalty case? (Yes or No)   _NO_

7.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   _____ Yes   _X_ No

8.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   _____Yes   _X_ No

_____
LAURENCE M. BARDFELD
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No.: 712450

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: **VIVIAN MARKS**

**Case No**:  11-80072-CR-MARRA/VITUNAC(s)

Count  #: 1

  Conspiracy to Commit Mail Fraud and Wire Fraud

  in violation of 18 U.S.C. § 1349

**\* Max.Penalty**: Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine

Counts #:  48, 49, 54, 55, 57, 58

  Wire Fraud

  in violation of 18 U.S.C. § 1343

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine

Count  #: 61

  Money Laundering Conspiracy

  in violation of 18 U.S.C. § 1956

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $500,000 fine

Counts  #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: ROSE MARKS

**Case No**: 11-80072-CR-MARRA/VITUNAC(s)

Count #: 1

  Conspiracy to Commit Mail Fraud and Wire Fraud

  in violation of 18 U.S.C. § 1349

**\* Max.Penalty**: Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine

Counts #: 2,3, 5-7, 10-11

  Mail Fraud

  in violation of 18 U.S.C. §1341

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine

Counts #: 18, 21,22,26,30-33, 38, 41-46, 54, 60

  Wire Fraud

  in violation of 18 U.S.C. § 1343

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine

Count #: 61

  Money Laundering Conspiracy

  in violation of 18 U.S.C. § 1956

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $500,000 fine

---

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: **ROSIE MARKS**

**Case No**: 11-80072-CR-MARRA/VITUNAC(s)

Count #: 1

  Conspiracy to Commit Mail Fraud and Wire Fraud

  in violation of 18 U.S.C. § 1349

**\* Max.Penalty**: Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine

Counts #: 12

  Mail Fraud

  in violation of 18 U.S.C. §1341

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine

Counts #: 18-21,26

  Wire Fraud

  in violation of 18 U.S.C. § 1343

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine

Count #: 61

  Money Laundering Conspiracy

  in violation of 18 U.S.C. § 1956

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $500,000 fine


**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: CYNTHIA MILLER

**Case No**:  11-80072-CR-MARRA/VITUNAC(s)

Count  #: 1

  Conspiracy to Commit Mail Fraud and Wire Fraud

  in violation of 18 U.S.C. § 1349

**\* Max.Penalty**: Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine

Counts  #: 8

  Mail Fraud

  in violation of 18 U.S.C. §1341

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine

Counts #: 24,29,37,40,47,50,56,59

  Wire Fraud

  in violation of 18 U.S.C. § 1343

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine

Count  #: 61

  Money Laundering Conspiracy

  in violation of 18 U.S.C. § 1956

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $500,000 fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: **NANCY MARKS**

**Case No**: 11-80072-CR-MARRA/VITUNAC(s)

Count #: 1

   Conspiracy to Commit Mail Fraud and Wire Fraud

   in violation of 18 U.S.C. § 1349

**\* Max.Penalty**: Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine

Counts #: 4, 6,7, 9-11

   Mail Fraud

   in violation of 18 U.S.C. §1341

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine

Counts #: 13-17, 23,25,27,28,34-36,39,48,49,51-53,55,58, 60

   Wire Fraud

   in violation of 18 U.S.C. § 1343

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine

Count #: 61

   Money Laundering Conspiracy

   in violation of 18 U.S.C. § 1956

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $500,000 fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: **VICTORIA ELI**

**Case No**:  11-80072-CR-MARRA/VITUNAC(s)

Count  #: 1

   Conspiracy to Commit Mail Fraud and Wire Fraud

   in violation of 18 U.S.C. § 1349

**\* Max.Penalty**: Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine

Count  #: 61

   Money Laundering Conspiracy

   in violation of 18 U.S.C. § 1956

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $500,000 fine

Counts #:




**\*Max. Penalty:**

Count  #:




**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: **RICKY MARKS**

**Case No**:  11-80072-CR-MARRA/VITUNAC(s)

Count #: 1

   Conspiracy to Commit Mail Fraud and Wire Fraud

   in violation of 18 U.S.C. § 1349

**\* Max.Penalty**: Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine

Counts #: 13-17,23,25

   Wire Fraud

   in violation of 18 U.S.C. § 1343

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine

Count #: 61

   Money Laundering Conspiracy

   in violation of 18 U.S.C. § 1956

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $500,000 fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: **MICHAEL MARKS**

**Case No**:  11-80072-CR-MARRA/VITUNAC(s)

Count #: 1

  Conspiracy to Commit Mail Fraud and Wire Fraud

  in violation of 18 U.S.C. § 1349

**\* Max.Penalty**: Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine

Counts #: 8

  Mail Fraud

  in violation of 18 U.S.C. §1341

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine

Counts #: 24,29,37,40,47,50,56,59

  Wire Fraud

  in violation of 18 U.S.C. § 1343

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine

Count #: 61

  Money Laundering Conspiracy

  in violation of 18 U.S.C. § 1956

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $500,000 fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: DONNIE ELI

**Case No**: 11-80072-CR-MARRA/VITUNAC(s)

Count #: 1

  Conspiracy to Commit Mail Fraud and Wire Fraud

  in violation of 18 U.S.C. § 1349

**\* Max.Penalty**: Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine

Counts #: 12

  Mail Fraud

  in violation of 18 U.S.C. §1341

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine

Counts #: 51-53

  Wire Fraud

  in violation of 18 U.S.C. § 1343

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine

Count #: 61

  Money Laundering Conspiracy

  in violation of 18 U.S.C. § 1956

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $500,000 fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: **PETER WOLOFSKY**

**Case No**:  11-80072-CR-MARRA/VITUNAC(s)

Count  #: 61

 Money Laundering Conspiracy

  in violation of 18 U.S.C. § 1956

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $500,000 fine

Counts  #:

_____

_____

**\*Max. Penalty:**

Counts #:

_____

_____

**\*Max. Penalty:**

Count  #:

_____

_____

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

No.

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ Florida

Central Criminal Division

## THE UNITED STATES OF AMERICA

vs.

ROSE MARKS, NANCY MARKS, CYNTHIA MILLER, ROSIE MARKS,
VICTORIA ELI, VIVIAN MARKS, RICKY MARKS, MICHAEL MARKS,
DONNIE ELI, PETER WOLOFSKY

### INDICTMENT

18 U.S.C. § 1349
18 U.S.C. § 1341
18 U.S.C. § 1343
18 U.S.C. § 1956

A true bill.

_____
                        Foreperson

Filed in open court this _____

of _____ , A.D. 20 _____ , day,

_____
                        Clerk

Bail, $ _____