```
 1                      UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF NEW YORK
 2

 3     ------------------------------------X
                                           :
 4     UNITED STATES OF AMERICA,           :
                                           :  11-MJ-02180
 5                                         :
                                           :  500 Pearl Street
 6                   v.                     :  New York, New York
                                           :
 7     MARKS, et al.,                      :  August 18, 2011
                                           :
 8                        Defendants.      :
       ------------------------------------X
 9
                  TRANSCRIPT OF CRIMINAL CAUSE FOR BAIL HEARING
10                 BEFORE THE HONORABLE ANDREW J. PECK
                       UNITED STATES MAGISTRATE JUDGE
11

12     APPEARANCES:

13     For the Government:          CAROLINA A. FORNOS, ESQ.
                                    U.S. Attorney's Office, SDNY
14                                  One Saint Andrews Plaza
                                    New York, New York  10007
15

16     For the Defendants:         GEORGES GILBERT LEDERMAN, ESQ.
                                    Georges G. Lederman
17                                    Attorney at Law
                                    52 Duane Street – 7th Floor
18                                  New York, New York  10007

19                                  PAUL BERNARD ASCHER, ESQ.
                                    Paul Ascher, Attorney at Law
20                                  The Chrysler Building
                                    Suite 2600
21                                  405 Lexington Avenue
                                    New York, New York  10174
22

23     Court Transcriber:          RUTH ANN HAGER
                                    TypeWrite Word Processing Service
24                                  211 N. Milton Road
                                    Saratoga Springs, New York  12866
25


       Proceedings recorded by electronic sound recording,
       transcript produced by transcription service
```

2

1          THE COURT:  United States v. Nancy Marks and Ricky

2 Marks.

3          Counsel, state your appearance please for the

4 Government.

5          MS. FORNOS:  Good morning, Your Honor.  Carolina

6 Fornos on behalf of the United States and I'm here at counsel

7 table with United States Secret Service Special Agent Luke

8 Devlin [Ph.].

9          MR. LEDERMAN:  Good morning, Your Honor.  Georges

10 Lederman, L-E-D-E-R-M-A-N, for defendants Ricky Marks and Nancy

11 Marks.  I know there'll be an issue of conflict here that this

12 court may explore.  I would like to alert the Court in an

13 expeditious way that both my clients have waived a potential

14 issue in that way.

15          THE COURT:  All right.  And you are retained?

16          MR. LEDERMAN:  I am, Your Honor.

17          THE COURT:  And substituting in replacing the

18 previously appointed attorneys.  Is that correct?

19          MR. LEDERMAN:  Mr. Ascher is here.

20          MR. ASCHER:  I am, Your Honor, and I request to be --

21 to withdraw.

22          THE COURT:  All right.  You had been retained also,

23 Mr. Ascher.

24          MR. ASCHER:  Well, by Mr. Ricky Marks but I have not

25 been paid.

3

1           THE COURT:  Okay.  What's the Government's view on

2    the joint representation?

3           MS. FORNOS:  Your Honor, the Government wouldn't have

4    any objection to Mr. Lederman representing the defendant.  I

5    believe that the representation is limited to this bail

6    proceeding.

7           MR. LEDERMAN:  That is correct, Your Honor.

8           THE COURT:  All right.  However, since we're now on

9    the second attorney and I perhaps should ask whether you've

10   been paid, Mr. Lederman, but I won't, but we're not going to

11   have a revolving set of attorneys.

12          MR. LEDERMAN:  You will not, Your Honor.

13          THE COURT:  All right.  So I'm accepting your

14   appearance for today.  I'm relieving Mr. Ascher and I'm

15   relieving whoever -- it was just Mr. Ascher who represented

16   both.  And, you know, once in, Mr. Lederman, you're in.

17          MR. LEDERMAN:  I understand that.

18          THE COURT:  It's not a limited appearance.  You know,

19   in the Court's eyes in terms of, you know, if you don't get

20   paid and you want to be relieved for both, the Court may leave

21   you in for one and, you know, it will be your volunteer

22   service, whatever.

23          MR. LEDERMAN:  I certainly understand that.

24          THE COURT:  And I direct you, Ms. Fornos, to -- when

25   this case goes further for either the next magistrate judge who

4

1    sees it or the district judge if and when the case is indicted

2    to explore the joint representation issue as may be necessary.

3              MS. FORNOS:  Will do, Your Honor, and I would just

4    note that it has been indicted.

5              THE COURT:  Sorry.  Okay.  And who is the district

6    judge on this?

7              MS. FORNOS:  It is out of the district of Florida,

8    Your Honor.

9              MR. LEDERMAN:  It's the Southern District.

10             MS. FORNOS:  Yeah.  Southern District of Florida.

11             THE COURT:  Okay.  So you're here temporarily and

12   then you'll be down in Florida presumably.  Okay.

13             MR. ASCHER:  May I be excused, Your Honor?

14             THE COURT:  You may.

15             MR. ASCHER:  Thank you.

16             THE COURT:  All right.  And we are here for a bail

17   hearing.

18             MR. LEDERMAN:  Yes, we are.

19             THE COURT:  Is the defense ready to proceed?

20             MR. LEDERMAN:  We are, Your Honor.

21             THE COURT:  All right.  Ms. Fornos, what is the

22   Government's position as to each defendant?

23             MS. FORNOS:  As to each defendant the Government

24   seeks detention, Your Honor.

25             THE COURT:  All right.  And what are the bases?

5

```
 1            MS. FORNOS:  Your Honor, the basis is the Government

 2   fears that there is a flee -- there is a risk of flight for

 3   both defendants.  Both individuals have access to funds.

 4   They've been perpetuating a 40 million-dollar fraud since at

 5   least 2002.  Accordingly, we believe that they have access to

 6   such funds that would enable them to flee.  Furthermore, both

 7   have used aliases and they have passports so they would be able

 8   to leave the country.  We would also note --

 9            THE COURT:  All right.  The passports could be

10   surrendered.

11            MS. FORNOS:  Yes, Your Honor.  That's correct.  But

12   we would also note that there is incentive for them to flee.

13   They are facing a very steep maximum penalty of 20 years'

14   imprisonment and this is an indictment that has been issued

15   against several family members.

16            THE COURT:  All right.  Anything else?

17            MS. FORNOS:  No, Your Honor.

18            THE COURT:  Give me a minute, Mr. Lederman.  I'm

19   still reading the --

20            MR. LEDERMAN:  Yes.

21            THE COURT:  -- report.

22                 [Pause in the proceedings.]

23            THE COURT:  Okay.  Proceed, Mr. Lederman.

24            MR. LEDERMAN:  Yes.  Thank you, Your Honor.  Your

25   Honor, the goal here is to set the least restrictive conditions
```

6

1    that will assure that our clients will appear in the Southern

2    District of Florida and not be a threat to the community.

3    There is no suggestion whatsoever in the Pretrial Services

4    report and the historical record of my clients or anything that

5    the Government may suggest that my clients in any way would be

6    any threat to the community if released.  That leaves the issue

7    of the ties to the community and the risk of flight.

8          My clients are husband and wife.  They've been

9    married for many years.  They have three children ages 17

10   through 23.  They have strong ties to the community both in New

11   York state and in the state of Florida where they own some

12   property.  Sitting in the audience today are members of their

13   family including the father of Ms. Marks, the uncle of Mr.

14   Marks, and other various relatives.

15         THE COURT:  What package would you suggest?

16         MR. LEDERMAN:  I would like to suggest this, Your

17   Honor, that the Court set a reasonable bond, that we have two

18   or three financially responsible individuals who are prepared

19   to sign the bond this morning.  I would ask that my clients be

20   released upon the signing of the bond and I would ask this

21   court to give my -- to give the two or three financially

22   responsible individuals one week in order to produce to the

23   Government --

24         THE COURT:  Let me say that you two are really

25   reading the same information.  You're basically saying, let

7

1  them out on their signature and hopefully somebody will sign

2  the bond.

3          MR. LEDERMAN:  No.

4          THE COURT:  That's not happening.  So you want to be

5  a little more perhaps in line with what's realistic?

6          MR. LEDERMAN:  Well, again, if Your Honor would set a

7  bond of $250,000.00 for each and I have, again, two or three

8  financially responsible individuals who are prepared to put up

9  a percentage of that in the form of real property.  The

10  property is located in the state of Florida and that's why I'm

11  asking the Court for some time so that we can get the records

12  from that state to reduce to the Government that would satisfy

13  the conditions of the bond.

14          THE COURT:  How much is the property worth?

15          MR. LEDERMAN:  I believe, Your Honor, it would

16  satisfy the 250 for each, Your Honor.

17          THE COURT:  So it's got free and clear $500,000.00?

18          MR. LEDERMAN:  That's my understanding, Your Honor,

19  but that would be a combination of the two or three financially

20  responsible individuals, not just from one.

21          THE COURT:  We're talking about the physical

22  property.

23          MR. LEDERMAN:  The physi -- I would have to -- again,

24  I just got this information this morning, Your Honor.

25          THE COURT:  Well, I'm not -- you know, Mr. Ascher

8

1    wanted this hearing on for today.  You didn't adjourn it.  If I

2    set something that says the property has got to be worth X --

3              MR. LEDERMAN:  It is, Your Honor.  It can satisfy

4    both.

5              THE COURT:  Okay.  Anything else?

6              MR. LEDERMAN:  Again, my clients are prepared to

7    surrender their passports.  And I should note for the Court as

8    is indicated in the Pretrial Services report for Mr. Marks that

9    Mr. Marks does own a firearm in the state of Florida.  That

10   will be surrendered as well.  And certainly I expect that this

11   Court will restrict the travel to the jurisdictions of the

12   state of New York and Florida and obviously the traveling

13   between to get to and from the state of Florida.

14             THE COURT:  All right.  Ms. Fornos?

15             MS. FORNOS:  Your Honor, to the extent -- the

16   Government would continue to request detention for the limited

17   purpose of having the defendants transferred to the Southern

18   District of Florida.

19             THE COURT:  Obviously the Southern District of

20   Florida can overrule any decision here, so that's their choice.

21   In the meantime, why don't you address what bond or other

22   conditions should be used if there is going to be release,

23   which I'll tell you now there is going to be.

24             MS. FORNOS:  Okay.  Your Honor, to the extent that

25   there would be a bond, we -- the Government would ask a much

9

1 higher bond than $250,000.00 given that there is a 40 million-

2 dollar fraud at issue. It is fairly significant. There is a

3 strong penalty of imprisonment attached to that and, thus, we

4 would ask for a higher bond. We would also certainly request

5 that they submit all of their travel documents and that their

6 travel be restricted. We would additionally request that the

7 Court instruct the defendants that they are not to contact any

8 of the victims of this crime. There is a concern that they

9 would reach out to the victims.

10      THE COURT: Any objection to that, Mr. Lederman?

11      MR. LEDERMAN: No, Your Honor. I just want to make

12 clear obviously I'm not here to discuss the issues of the

13 underlying case. Obviously we contest vigorously the amount of

14 the claim in the case in Florida.

15      THE COURT: I was really asking whether you had --

16      MR. LEDERMAN: No.

17      THE COURT: -- any objection to an order on no

18 contact.

19      MR. LEDERMAN: No, Your Honor. We have no objection.

20      THE COURT: All right. And are you waiving the

21 identity hearing?

22      MR. LEDERMAN: Yes, Your Honor.

23      THE COURT: As to both defendants.

24      MR. LEDERMAN: Yes, Your Honor.

25      THE COURT: All right. Bail is set for each

10

1  defendant as follows:  A $250,000.00 personal recognizance bond

2  co-signed by two financially responsible person and further

3  secured by property in the full amount of the bond, $250,000.00

4  of the property; separate co-signers, separate property for

5  each defendant, can't be an overlap; travel restricted to the

6  Southern and Eastern Districts of New York, Southern District

7  of Florida and points in between for travel; surrender travel

8  documents, no new applications; strict Pretrial supervision;

9  and no contact with crime victims.  Defendants to be detained

10 until all conditions are met.  Let's set a control date and if

11 they have not made the -- made bond by that point, then there

12 will have to be removal.  So control date?

13          MS. FORNOS:  We can set a week, Your Honor, or --

14          THE COURT:  Well, I don't know that that's realistic.

15          MS. FORNOS:  -- several days.

16          MR. LEDERMAN:  I would ask for the 30th of September

17 if that's acceptable to the Court or --

18          THE COURT:  30th of September?

19          MR. LEDERMAN:  Or sorry.  30th of August, Your Honor.

20 I'm sorry.

21          THE COURT:  All right.  Well, the real question is

22 are they going to be able to post the -- and obviously getting

23 the co-signers to sign will take a day.

24          MR. LEDERMAN:  They're right here, Your Honor.  Yes.

25          THE COURT:  Right.  As to the property.

11

1           MR. LEDERMAN:  I think --

2           THE COURT:  How long will it take to formally post

3  it, et cetera?

4           MR. LEDERMAN:  I think ten days, Your Honor.  I think

5  it can be done.

6           THE COURT:  Okay.  August 30.  It is but if it's not

7  done by then, you know, they're going to be removed.

8           MR. LEDERMAN:  Well, we're not going to have them sit

9  here forever.

10          MR. LEDERMAN:  Your Honor, is -- I'm sorry.  Is it

11 possible September 1st?  Is that acceptable?  That's exactly

12 two weeks from this day.

13          THE COURT:  All right.

14          MR. LEDERMAN:  Thank you very much.

15          THE COURT:  Anything else on this matter?

16          MS. FORNOS:  Your Honor, may I just have one second

17 to confer with defense counsel?

18          THE COURT:  Yes.

19                    [Pause in the proceedings.]

20          THE COURT:  Okay.  Are we ready?

21          MS. FORNOS:  No.  Nothing further, Your Honor.

22          THE COURT:  All right.  Marshals, they'll be detained

23 until they make bond and we are concluded on this matter at

24 this time.

25                         *  *  *  *  *

12

1          I certify that the foregoing is a court transcript

2    from an electronic sound recording of the proceedings in the

3    above-entitled matter.

4

5

6                              _____

7                                      Ruth Ann Hager

8    Dated:   August 23, 2011

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25