UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>11-80072-CR-MARRA/VITUNAC (s)(s)</u>
18 U.S.C. § 1349
18 U.S.C. § 1341
18 U.S.C. § 1343
18 U.S.C. § 1956
18 U.S.C. § 1957

FILED by ___ D.C.

JAN 1 2 2012

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – FT. LAUD.

UNITED STATES OF AMERICA

vs.

ROSE MARKS,
    a/k/a Joyce Michael,
NANCY MARKS,
    a/k/a Nancy Michael,
    a/k/a Kate Michael,
    a/k/a Vivian,
CYNTHIA MILLER,
    a/k/a Cynthia Angel Marks,
ROSIE MARKS,
    a/k/a Rosie Eli,
VICTORIA ELI,
VIVIAN MARKS,
RICKY MARKS,
MICHAEL MARKS,
DONNIE ELI,
and
PETER WOLOFSKY,
              Defendants.
                              /
_____

## <u>SECOND SUPERSEDING INDICTMENT</u>

The Grand Jury charges that:

### <u>General Allegations</u>

At all times relevant to this Second Superseding Indictment:

1.     Defendant ROSE MARKS, a/k/a Joyce Michael, claimed to be a psychic and

clairvoyant gifted by God, to guide her clients through personal difficulties using the natural laws of the universe. Defendant ROSE MARKS claimed to her clients that she helped executives of Fortune 500 companies, movie stars, and dignitaries from around the world, using her powers of intuition that enabled her to perceive things beyond the natural range of the five human senses. Defendant ROSE MARKS provided Tarot card readings, palm readings, astrology readings, numerology readings, and spiritual readings for her clients. Defendant ROSE MARKS conducted her psychic reading and spiritual advising business from locations in Fort Lauderdale, Florida, and New York, New York. Defendant ROSE MARKS conducted business as "Joyce Michael, Inc." Her business was located at 1130 South Federal Highway, Fort Lauderdale, Florida. She also conducted business at 21 West 58 Street, Suite 1 A, New York, New York.

2.     Defendant NANCY MARKS, a/k/a Nancy Michael, Kate Michael, and Vivian, claimed to be a psychic, clairvoyant, and spiritual advisor. Defendant NANCY MARKS advised her clients that her services were "free," but they would be required to make certain sacrifices to God in exchange for resolution of their problems. Defendant NANCY MARKS incorporated Astrology by Nancy, Inc., a Florida corporation, located at 2305 NE 12th Court, Fort Lauderdale, Florida. Defendant NANCY MARKS also conducted her psychic reading and spiritual advising at a business establishment in Fort Lauderdale, Florida, located at 1130 South Federal Highway, Fort Lauderdale, Florida, and at a business establishment located at 21 West 58 Street, Suite 1 A, New York, New York.

3.     Defendant CYNTHIA MILLER, a/k/a Cynthia Angel Marks, claimed to be a psychic, clairvoyant, and spiritual advisor, as well as a psychic life coach. Defendant CYNTHIA MILLER provided Tarot card readings, palm readings, astrology readings, numerology readings, and spiritual

2

readings for her clients. Defendants CYNTHIA MILLER and MICHAEL MARKS  incorporated Astrology Life, Inc. a/k/a  INAG, Inc., located at 2000 East Sunrise Boulevard, Fort Lauderdale, Florida.  Defendant CYNTHIA MILLER conducted her psychic reading and spiritual advising business at Astrology Life and at 21 West 58th Street, Suite 1 A, New York, New York.

4.      Defendant ROSIE MARKS, a/k/a Rosie Eli, was the daughter of Defendant ROSE MARKS.  Defendant ROSIE MARKS claimed to be a psychic, clairvoyant, and spiritual advisor. Defendant ROSIE MARKS represented to her clients that she was conferring with "the spirits" for advice and counsel on their behalf. Defendant ROSIE MARKS conducted her psychic reading and spiritual advising business from locations in Florida. She worked at 1130 South Federal Highway, Fort Lauderdale, Florida, and at 4252 Davie Road Extension, Davie, Florida.

5.      Defendant VICTORIA ELI claimed to be a fortune teller, clairvoyant, spiritual advisor, and psychic life coach.  Defendant VICTORIA ELI received money from the clients of Defendants ROSE MARKS and NANCY MARKS, who directed some of their clients to send money directly to defendant VICTORIA ELI or her bank accounts so it could be cleansed.

6.      Defendant VIVIAN MARKS claimed to be a fortune teller, clairvoyant, and spiritual advisor. Defendant VIVIAN MARKS received money from the clients of Defendants ROSE MARKS and NANCY MARKS, who directed some of their clients to send money directly to defendant VIVIAN MARKS or her bank accounts so it could be cleansed.

7.      Defendant RICKY MARKS received money that defendant ROSE MARKS and defendant NANCY MARKS obtained from clients as payment for their psychic services including: fortune telling, curing diseases, chasing away evil spirits, and cleansing the soul. Some of the clients were directed to send money directly to defendant RICKY MARKS or his bank accounts so it could

be cleansed.

8.     Defendant MICHAEL MARKS was the President of Astrology Life, Inc. Defendant MICHAEL MARKS received money that defendant ROSE MARKS and defendant CYNTHIA MILLER obtained from clients as payment for their psychic services including: fortune telling, curing diseases, chasing away evil spirits, and cleansing the soul. Some of the clients were directed to send money directly to defendant MICHAEL MARKS or his bank accounts so it could be cleansed.

9.     Defendant DONNIE ELI received money that defendant ROSE MARKS and defendant ROSIE MARKS obtained from clients as payment for their psychic services including: fortune telling, curing diseases, chasing away evil spirits, and cleansing the soul. Some of the clients were directed to send money directly to defendant DONNIE ELI or his bank accounts so it could be cleansed.

10.     Defendant PETER WOLOFSKY was the owner of Atlas Leasing, in Pompano Beach, Florida. Defendant PETER WOLOFSKY had been the owner of The Auto Toy Store and The Aqua Toy Store. He was a financial backer for home loans, luxury vehicles, and luxury boats. Some of the money obtained by defendants ROSE MARKS, NANCY MARKS, CYNTHIA MILLER, ROSIE MARKS, VICTORIA ELI, VIVIAN MARKS, and others, was hidden and laundered through defendant PETER WOLOFSKY's businesses and bank accounts. Checks or wire transfers were sent directly from a victim to defendant PETER WOLOFSKY or one of his businesses.

11.  Federal Express (FedEx) and United Parcel Service (UPS) are private and commercial interstate carriers.

4

## COUNT 1
## (CONSPIRACY - 18 U.S.C. § 1349)

12.     From in or about 1991, and continuing until on or about August 16, 2011, in Broward

and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendants,

ROSE MARKS,
a/k/a Joyce Michael,
NANCY MARKS,
a/k/a Nancy Michael,
a/k/a Kate Michael,
a/k/a Vivian,
CYNTHIA MILLER,
a/k/a Cynthia Angel Marks,
ROSIE MARKS,
a/k/a Rosie Eli,
VICTORIA ELI,
VIVIAN MARKS,
RICKY MARKS,
MICHAEL MARKS,
and
DONNIE ELI,

did knowingly combine, conspire, confederate, and agree with each other and with persons known

and unknown to the Grand Jury to commit offenses against the United States, that is:

(a)     to knowingly and intentionally devise and intend to devise a scheme and artifice to

defraud, and for obtaining money and property by means of false and fraudulent pretenses,

representations, and promises, and for the purpose of executing and attempting to execute the

scheme and artifice to defraud, to cause a matter and thing to be delivered by the United States Postal

Service and by private and commercial interstate carrier, according to the directions thereon, in

violation of Title 18, United States Code, Section 1341;  and

(b)     to knowingly and intentionally devise and intend to devise a scheme and artifice to

defraud and to obtain money and property by means of false and fraudulent pretenses,

representations, and promises, and for the purpose of executing the scheme and artifice to defraud, to cause to be transmitted certain writings, signs, signals, and sounds, by means of wire communication in interstate and foreign commerce, in violation of Title 18, United States Code, Section 1343.

## OBJECT OF CONSPIRACY

13.     It was the object of the conspiracy that the defendants ROSE MARKS, NANCY MARKS, CYNTHIA MILLER, ROSIE MARKS, VICTORIA ELI, VIVIAN MARKS, RICKY MARKS, MICHAEL MARKS, and DONNIE ELI, would and did unjustly enrich themselves and others, by falsely and fraudulently claiming to tell the future, to cure people of diseases, to give false hope, to chase away evil spirits from homes and bodies, to remove curses, and to cleanse the souls of clients and their families and friends, in exchange for money, jewelry, and other things of value, which money, jewelry, and other valuable items defendants promised to return after they were cleansed, but which defendants failed to return.

## MANNER AND MEANS

The manner and means by which the defendants sought to accomplish the object of the conspiracy included, among other things, the following:

14.     Defendants ROSE MARKS, NANCY MARKS, CYNTHIA MILLER, ROSIE MARKS, VICTORIA ELI, and VIVIAN MARKS falsely represented to certain people (clients) that they could determine if a curse or evil spirits were present in their lives or the lives of their loved ones causing illnesses, financial problems, family problems, and other difficulties. Defendants ROSE MARKS, NANCY MARKS, CYNTHIA MILLER, ROSIE MARKS, VICTORIA ELI, and VIVIAN MARKS represented to their clients that in order to excise a curse

6

or evil spirits, the clients had to temporarily sacrifice large sums of money, jewelry, or other valuable items so they could be cleansed, with the promise of returning the money and other valuable items.

15.     Defendants ROSE MARKS, NANCY MARKS, CYNTHIA MILLER, ROSIE MARKS, VICTORIA ELI, and VIVIAN MARKS used various magicians' tricks and false statements to convince their clients of their special powers and legitimacy, in order to give false hope, and frighten those clients into giving money, jewelry, and other things of value.

16.     Defendants ROSE MARKS, NANCY MARKS, CYNTHIA MILLER, ROSIE MARKS, VICTORIA ELI, and VIVIAN MARKS falsely told clients that the cleansing of the money, jewelry, and other valuable items, would result in the disappearance of all curses and evil spirits, the curing of illnesses, and the end of bad luck, and that the money, jewelry, and other valuable items would be returned, or provided to charity, after it had been cleansed.

17.     Defendants  ROSE MARKS, NANCY MARKS, CYNTHIA MILLER, ROSIE MARKS, VICTORIA ELI, and VIVIAN MARKS failed to return the money, jewelry or other valuable items to the clients, or provide it to charity, instead keeping millions of dollars which they funneled through various bank accounts held by themselves and co-defendants RICKY MARKS, MICHAEL MARKS, DONNIE ELI, and PETER WOLOFSKY.

18.     Defendants ROSE MARKS, NANCY MARKS, CYNTHIA MILLER, ROSIE MARKS, VICTORIA ELI, and VIVIAN MARKS, utilized defendant PETER WOLOFSKY and his various businesses, including Atlas Leasing, the Auto Toy Store, the Aqua Toy Store and others, to conceal the proceeds of the fraud.

7

19.     Defendant ROSE MARKS falsely claimed she had a gift from God and would assist a client, hereinafter referred to as J.M., with any crisis J.M. had in her life. Defendant ROSE MARKS represented that she needed to pray over large amounts of money to protect J.M. from evil because money was the root of all evil. J.M. provided defendant ROSE MARKS with large sums of money, after defendant ROSE MARKS assured J.M. that the money was a sacrifice, not a payment, and promised that the money would be returned. The money was never returned.

20.     Defendants ROSE MARKS and ROSIE MARKS told a client, hereinafter referred to as C.C., that in order to rid her and her family of evil spirts, bad luck and curses, C.C. would have to make sacrifices, which would involve money, because money was the root of all evil. Defendant ROSIE MARKS told C.C. that the money she inherited from her mother was cursed and filled with negativity, and the reason C.C. could not find love was because of the curse and negativity. C.C. provided defendants ROSE MARKS and ROSIE MARKS with large sums of money, after defendants ROSE MARKS and ROSIE MARKS assured C.C. that it was a sacrifice, not a payment, and promised that the money would be returned. The money was never returned.

21.     Defendants ROSE MARKS and NANCY MARKS told a client, hereinafter referred to as A.W., that they were healers who specialized in relationships, and that A.W. and her estranged husband were meant to be together. A.W. was informed that she would have to make sacrifices which would mean money because money was the root of all evil. Defendants ROSE MARKS and NANCY MARKS further told A.W. that the money was tainted and needed to be cleansed. Defendants ROSE MARKS and NANCY MARKS assured A.W. that they could

8

not spend the money for their personal use and A.W. would get the money back. A.W. provided defendants ROSE MARKS and NANCY MARKS with large sums of money, after defendants ROSE MARKS and NANCY MARKS assured A.W. that it was a sacrifice, not a payment, and promised that the money would be returned. The money was never returned.

22.     Defendant ROSE MARKS told a client, hereinafter referred to as D.W., that defendant ROSE MARKS had the ability to communicate with the spirits, and that her advice came directly from her communication with Michael the Archangel. Defendant ROSE MARKS told D.W. that past generations within D.W.'s family had spiritual issues which had never been dealt with or removed. Defendant ROSE MARKS told D.W. that she would have to make sacrifices, which would involve money as money was needed to do "the work." Defendant ROSE MARKS further told D.W. that defendant ROSE MARKS could not personally use the money, and the money would be kept in a safe place and returned to D.W. when "the work" was complete. D.W. provided defendant ROSE MARKS with large sums of money, after defendant ROSE MARKS assured D.W. that it was a sacrifice, not a payment, and promised that the money would be returned. The money was never returned.

23.     Defendant ROSE MARKS told a client, hereinafter referred to as S.R., that S.R. was cursed because of a long standing family curse that occurred centuries ago in S.R.'s bloodline. Defendant ROSE MARKS told S.R. that she needed to send money, jewelry, and gold coins to absolve S.R. of the curse. S.R. provided defendants ROSE MARKS and VIVIAN MARKS with large sums of money, jewelry and gold coins, after S.R. was assured that it was a sacrifice, not a payment, and promised that the money, jewelry, and gold coins would be returned. The money, jewelry, and gold coins were never returned.

9

24.     Defendant NANCY MARKS told a client, hereinafter referred to as J.H., that she was cursed and that the curse started in a prior life. Defendant NANCY MARKS told J.H. that in order to rid J.H. and her family of evil spirts, bad luck, and the curse, J.H. would have to make sacrifices which would involve money because money was the root of all evil. Defendant NANCY MARKS told J.H. that it would cost nothing to lift the curse as "the guides" said she had to help for free. J.H. provided defendant NANCY MARKS with large sums of money, after defendant NANCY MARKS assured J.H. that it was a sacrifice, not a payment, and promised that the money would be returned. The money was never returned.

25.     Defendant NANCY MARKS told a client, hereinafter referred to as L.B., that L.B. was cursed, and the root of the curse was a jealous sister from many generations before. Defendant NANCY MARKS told L.B. that all females in L.B.'s family were cursed, with the curse getting worse with each generation. Defendant NANCY MARKS told L.B. that in order to rid L.B. and her family of evil spirits, bad luck, and curses, L.B. would have to make sacrifices, which would involve money because money was the root of the evil. L.B. provided defendant NANCY MARKS with large sums of money, after defendant NANCY MARKS assured L.B. that it was a sacrifice, not a payment, and promised that the money would be returned. The money was never returned.

26.     Defendant NANCY MARKS paid a deposit on a Cartier watch for L.B., and L.B. had to pay the balance on the watch. Once L.B. purchased the watch, defendant NANCY MARKS told L.B. that she needed to work on the watch to turn back time and bring love back to L.B. Defendant NANCY MARKS took the watch from L.B. and returned an empty watch box. Defendant NANCY MARKS assured L.B. that she would return the watch as soon as her work

10

was done. The watch was never returned.

27.    Defendant NANCY MARKS told a client, hereinafter referred to as Y.L., that an ancient curse had befallen her family hundreds of years ago. Defendant NANCY MARKS told Y.L. that in order to rid Y.L. and her family of evil spirts, bad luck, and the curse, Y.L. would have to make sacrifices, which would involve money because money was the root of all evil. Y.L. provided defendant NANCY MARKS with large sums of money, after defendant NANCY MARKS assured Y.L. that it was a sacrifice, not a payment, and promised that the money would be returned. The money was never returned.

28.    Defendant NANCY MARKS and ROSIE MARKS told a client, hereinafter referred to as T.L.,  that in order to rid T.L. and her family of evil spirts, bad luck, and curses, T.L. would have to make sacrifices, which would involve money because money was the root of all evil. Defendant ROSIE MARKS told T.L. to write an amount of money that T.L. wanted on a handkerchief and leave it under her bed.  T.L. provided defendants NANCY MARKS and ROSIE MARKS with large sums of money, after defendants NANCY MARKS and ROSIE MARKS assured T.L. that it was a sacrifice, not a payment, and promised that the money would be returned.  The money was never returned.

29.    Defendant NANCY MARKS told a client, hereinafter referred to as M.R., that the women in M.R.'s family were cursed, and they would never experience true love because of something an ancestor had done, but that the curse could be broken if she completed a number of different rituals.  Defendant NANCY MARKS requested a large sum of money and an engagement ring from M.R. which defendant NANCY MARKS was going to pray over to lift the curse.  M.R. provided defendant NANCY MARKS with large sums of money, and an

engagement ring, after defendant NANCY MARKS assured M.R. that it was a sacrifice, not a payment, and promised that the money and ring would be returned. The money was never returned, but defendant NANCY MARKS eventually returned the ring.

30.    Defendant NANCY MARKS told a client, hereinafter referred to as N.D., that defendant NANCY MARKS was a Christian woman who possessed a gift to communicate with "the guides" who spoke to God. Defendant NANCY MARKS told N.D. that in order to rid N.D. and her family of evil spirts, bad luck, and curses, N.D. would have to make sacrifices, which would involve money because money was the root of all evil. Defendant NANCY MARKS told N.D. that she could help N.D. with her relationship problems, but defendant NANCY MARKS' work would require sacrifices. Defendant NANCY MARKS told N.D. that she could not use the money for her personal use. N.D. provided defendant NANCY MARKS with large sums of money, after defendant NANCY MARKS assured N.D. that it was a sacrifice, not a payment, and promised that the money would be returned. The money was never returned.

31.    Defendant NANCY MARKS told a client, hereinafter referred to as M.P., that in order to rid M.P. and her family of evil spirts, bad luck, and curses, M.P. would have to make sacrifices, which would involve money because money was the root of all evil. M.P. provided defendant NANCY MARKS with large sums of money and jewelry, after defendant NANCY MARKS assured her that it was a sacrifice, not a payment, and promised that the money would be returned. The money was never returned.

32.    Defendant NANCY MARKS told a client, hereinafter referred to as N.A., that defendant NANCY MARKS had a gift and could speak with "the guides, " who would speak with God. Defendant NANCY MARKS told N.A. that N.A. was cursed by an aunt on her

12

father's side, but defendant NANCY MARKS could remove the curse.  Defendant NANCY

MARKS told N.A. that N.A. would have to provide money as a sacrifice for the work.

Defendant NANCY MARKS told N.A. that although some of the money would not be returned,

defendant NANCY MARKS could not use the money for her personal use.  The money was

never returned.

33.     Defendant NANCY MARKS told a client hereinafter referred to as S.A.,  that

S.A.'s family had been cursed for generations and if defendant NANCY MARKS did not break

the curse, it would be passed on to S.A.'s daughter.  Defendant NANCY MARKS told S.A. that

S.A. was a warrior in another life and that during this previous life, S.A. had a friend who was

very jealous of S.A. and eventually murdered S.A. in her previous life, causing the curse.

Defendant NANCY MARKS would tell S.A. that "the work" required S.A. to provide money

because money was the root of all evil.  Defendant NANCY MARKS would tell S.A. that the

money was a tool, but defendant NANCY MARKS could not spend the money, and the money

would be returned to S.A. once the work was complete.  S.A. provided defendant NANCY

MARKS with large sums of money, after Defendant NANCY MARKS assured S.A. that it was a

sacrifice, not a payment, and promised that the money would be returned.   The money was never

returned.

34.     Defendant NANCY MARKS told a client, hereinafter referred to as E.M.,  that

defendant NANCY MARKS was put on this earth to help others, and she had a gift from God

that allowed her to communicate with the guides and spirits.  Defendant NANCY MARKS told

E.M. that E.M.'s family had bad karma and had been cursed because of a sister's jealousy

generations ago.  Defendant NANCY MARKS told E.M. that monetary sacrifices would have to

be made, but that the money was for "the work", and the money would be returned.  E.M.

provided defendant NANCY MARKS with large sums of money, after defendant NANCY

MARKS assured E.M. that it was a sacrifice, not a payment, and promised that the money would

be returned.  The money was never returned.

35.   Defendants NANCY MARKS and VIVIAN MARKS told a client, hereinafter

referred to as J.S., that they could protect J.S. and his family from curses, but that J.S. would

have to make sacrifices which would involve money.  Defendants NANCY MARKS and

VIVIAN MARKS, both using the name "Joyce Michael", told J.S. that the money was being sent

to NANCY MARKS and VIVIAN MARKS because they were controlling the money while "the

work" was being done.  Defendants NANCY MARKS and VIVIAN MARKS told J.S. that he

was going to get his money back after "the work" was completed and the money was cleansed,

but when J.S. asked for the money back, his phone calls were not returned.  The money was

never returned.

36.   Defendant CYNTHIA MILLER told a client, hereinafter referred to as E.R.,  that

defendant CYNTHIA MILLER's ability to see into the past was a gift from God.  Defendant

CYNTHIA MILLER told E.R. that E.R. was cursed, and had negativity and bad karma in her life.

Defendant CYNTHIA MILLER told E.R. that the curse went back centuries before and because

E.R.'s grandmother was a witch, the family was cursed.  Defendant CYNTHIA MILLER told

E.R. that in order to rid E.R. and her family of evil spirts, bad luck, and curses, E.R. would have

to make sacrifices, which would involve money because money was the root of all evil.  E.R.

provided defendant CYNTHIA MILLER with large sums of money, after defendant CYNTHIA

MILLER assured E.R. that it was a sacrifice, not a payment, and promised that the money would

be returned.  The money was never returned.

37.     Defendant CYNTHIA MILLER told a client, hereinafter referred to as A.U., that A.U. was cursed in a prior life and was surrounded by negativity. Defendant CYNTHIA MILLER told A.U. that in order to rid A.U. and her family of evil spirts, bad luck, and curses, A.U. would have to make sacrifices, which would involve money.  Defendant CYNTHIA MILLER further informed A.U. that the money that A.U. sent as a sacrifice would have to be burned, but the money could not be used by CYNTHIA MILLER or returned to A.U. because it was dirty and contained too much negativity.  A.U. provided defendant CYNTHIA MILLER with large sums of money, after Defendant CYNTHIA MILLER assured A.U. that it was a sacrifice, not a payment.  The money was never returned.

38.     Defendant CYNTHIA MILLER told a client, hereinafter referred to as S.K., that she could help him with his problems, as S.K. was hearing voices in his head.  Defendant CYNTHIA MILLER advised S.K. that she would speak to Michael the Archangel who would tell her what he wanted S.K. to do. Defendant CYNTHIA MILLER advised S.K. that Michael the Archangel wanted S.K. to make some sacrifices which called for 32 gold coins because S.K. was 32 years old and he needed to sacrifice a gold coin for each year he did not have faith.  S.K. gave Defendant CYNTHIA MILLER gold coins.  When S.K. stated the voices in his head would not stop, S.K. asked for the gold coins back.  Defendant CYNTHIA MILLER stated that the gold coins were in the cemetery with Michael the Archangel and she could not remember where the gold coins were, only Michael the Archangel would know.  The gold coins were never returned.

39.     Defendants ROSE MARKS, NANCY MARKS, CYNTHIA MILLER, ROSIE MARKS, VICTORIA ELI, and VIVIAN MARKS would have their clients transfer sums of

money to the aforementioned defendants, and to defendants RICKY MARKS, MICHAEL

MARKS, DONNIE ELI, PETER WOLOFSKY and their companies, as a means of hiding the

true recipients of the money.

  40. Various defendants, including ROSE MARKS, NANCY MARKS, ROSIE

MARKS and VIVIAN MARKS would use the name  "Joyce Michael" as their alter ego when

talking to clients and meeting with clients.

  All in violation of Title 18, United States Code, Section 1349.

**COUNTS 2-12**
**(MAIL FRAUD - 18 U.S.C. § 1341)**

  41. The allegations contained in paragraphs 1 through 11, and 14 through 40, of this

Second Superseding Indictment are incorporated as if fully set forth herein as to each of Counts 2

through 12 of this Second Superseding Indictment.

  42. On or about the dates set forth below, in  Broward and Palm Beach Counties, in the

Southern District of Florida, and elsewhere, the defendants,

ROSE MARKS,
a/k/a Joyce Michael,
NANCY MARKS,
a/k/a Nancy Michael,
a/k/a Kate Michael,
a/k/a Vivian,
CYNTHIA MILLER,
a/k/a Cynthia Angel Marks,
ROSIE MARKS,
a/k/a Rosie Eli,
VIVIAN MARKS,
RICKY MARKS,
MICHAEL MARKS,
and
DONNIE ELI,

16

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme and artifice to defraud, did knowingly cause a matter and thing to be delivered by the United States Postal Service and by private and commercial interstate carrier, according to the directions thereon.

## OBJECT OF THE SCHEME AND ARTIFICE TO DEFRAUD

43.     It was the object of the scheme and artifice to defraud that Defendants ROSE MARKS, NANCY MARKS, CYNTHIA MILLER, ROSIE MARKS, VIVIAN MARKS, RICKY MARKS, MICHAEL MARKS, and DONNIE ELI, would and did unjustly enrich themselves and others, by falsely and fraudulently claiming to tell the future, to cure people of diseases, to give false hope, to chase away evil spirits from homes and bodies, to remove curses, and to cleanse the souls of clients, their friends, and families, in exchange for money, jewelry and other things of value, which money, jewelry, and other valuable items defendants promised to return after they were cleansed, but which defendants failed to return.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD

The manner and means by which the scheme and artifice to defraud was accomplished included, among other things, the following:

44.     The allegations contained in paragraphs 1 through 11, and 14 through 40, of this Second Superseding Indictment are incorporated as if fully set forth herein as to each of Counts 2 through 12 of this Second Superseding Indictment.

## EXECUTION OF THE SCHEME

45.     On or about the dates set forth below, in Broward and Palm Beach Counties, in the

Southern District of Florida, and elsewhere, the defendants,

ROSE MARKS,
a/k/a Joyce Michael,
NANCY MARKS,
a/k/a Nancy Michael,
a/k/a Kate Michael,
a/k/a Vivian,
CYNTHIA MILLER,
a/k/a Cynthia Angel Marks,
ROSIE MARKS,
a/k/a Rosie Eli,
VIVIAN MARKS,
RICKY MARKS,
MICHAEL MARKS,
and
DONNIE ELI,

as set forth below, for the purpose of executing the scheme and artifice to defraud and for obtaining

money and property by means of materially false and fraudulent pretenses, representations, and

promises, knowingly caused a matter and thing to be delivered by the United States Postal Service

and by private and commercial interstate carrier, according to the directions thereon, as described

below:

| COUNT | DEFENDANTS | DATE | DESCRIPTION OF MAILING |
|---|---|---|---|
| 2 | ROSE MARKS | 11/15/06 | Business check #1712 in the amount of $52,250 sent via Fed Ex from J.M.'s BB &T business bank account to Joyce Michael. |
| 3 | ROSE MARKS | 01/22/07 | Business checks #1718 and #1719, each in the amount of $50,000 sent via Fed Ex from J.M.'s BB &T business bank account to Joyce Michael, and check #1720, in the amount of $50,000, to Atlas Leasing. |

| 4 | NANCY MARKS | 07/01/07 | A box containing L.B.'s mother's wedding veil, her mother's gold bracelet, blue pearl earrings, and one medallion with rubies, sent via UPS by L.B. to Nancy Marks. |
| 5 | ROSE MARKS | 12/05/07 | Business check #1644 in the amount of $200,000 sent via Fed Ex from J.M.'s BB &T business bank account to Joyce Michael. |
| 6 | ROSE MARKS and NANCY MARKS | 10/17/08 | Personal check # 3842 in the amount of $9,000 sent via U.S. mail from N.D.'s SunTrust account to Joyce Michael, Inc. |
| 7 | ROSE MARKS and NANCY MARKS | 11/08/08 | Personal check #3865 in the amount of $27,000 sent via U.S. mail from N.D.'s SunTrust account to Joyce Michael, Inc. |
| 8 | CYNTHIA MILLER and MICHAEL MARKS | 05/14/09 | Seven Western Union money orders #09-078610374 through 09-078610380, each in the amount of $500, totaling $3,500, sent via Fed Ex from R.K. to Cynthia Miller. |
| 9 | NANCY MARKS | 07/22/09 | A box containing 14 carat jewelry, cash, and a bed sheet sent via UPS by M.P. to Nancy Marks. |
| 10 | ROSE MARKS and NANCY MARKS | 09/02/09 | Western Union money order #09-0097386160, in the amount of $300 sent via Fed Ex from S.R. to Joyce Michael. |
| 11 | ROSE MARKS and NANCY MARKS | 09/14/09 | Two Western Union money orders #09-134702275 and 09-134702276 in the amount of $500 each, totaling $1,000, sent via Fed Ex from S.R. to Joyce Michael. |
| 12 | ROSIE MARKS and DONNIE ELI | 11/06/09 | Three Bank of America personal money orders #1195636, #1195637, #1195638, totaling $230, sent via Fed Ex by A.T. to Donnie Eli. |

All in violation of Title 18, United States Code, Section 1341 and 2.

## COUNTS 13-65
### (WIRE FRAUD - 18 U.S.C. § 1343)

46.     The allegations contained in paragraphs 1 through 11, and 14 through 40, of this Second Superseding Indictment are incorporated as if fully set forth herein as to each of Counts 13 through 65 of this Second Superseding Indictment.

47.     On or about the dates set forth below, in Broward and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendants,

ROSE MARKS
a/k/a Joyce Michael,
NANCY MARKS,
a/k/a Nancy Michael,
a/k/a Kate Michael,
a/k/a Vivian,
CYNTHIA MILLER,
a/k/a Cynthia Angel Marks,
ROSIE MARKS,
a/k/a Rosie Eli,
VIVIAN MARKS,
RICKY MARKS,
MICHAEL MARKS,
and
DONNIE ELI,

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud and to obtain money and property from others by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, did knowingly transmit and cause to be transmitted in interstate and foreign commerce by means of wire communications, certain writings, signs, signals, and sounds.

## OBJECT OF THE SCHEME AND ARTIFICE TO DEFRAUD

48.    It was the object of the scheme and artifice to defraud that defendants ROSE MARKS, NANCY MARKS, CYNTHIA MILLER, ROSIE MARKS, VIVIAN MARKS, RICKY MARKS, MICHAEL MARKS, and DONNIE ELI, would and did unjustly enrich themselves and others, by falsely and fraudulently claiming to tell the future, to cure people of diseases, to give false hope, to chase away evil spirits from homes and bodies, to remove curses, and to cleanse the souls of clients, their friends, and families, in exchange for money, jewelry and other things of value, which money, jewelry, and other valuable items defendants promised to return after they were cleansed, but which defendants failed to return.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD

The manner and means by which the scheme and artifice to defraud was accomplished included, among other things, the following:

49.    The allegations contained in paragraphs 1 through 11, and 14 through 40, of this Second Superseding Indictment are incorporated as if fully set forth herein as to each of Counts 13 through 65 of this Second Superseding Indictment.

## USE OF THE WIRES

50.    On or about the dates set forth below, in Broward and Palm Beach Counties, in the Southern District of Florida, and elsewhere, for the purpose of executing the scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, the defendants,

ROSE MARKS
a/k/a Joyce Michael,
NANCY MARKS,
a/k/a Nancy Michael,
a/k/a Kate Michael,
a/k/a Vivian,
CYNTHIA MILLER,
a/k/a Cynthia Angel Marks,
ROSIE MARKS,
a/k/a Rosie Eli,
VIVIAN MARKS,
RICKY MARKS,
MICHAEL MARKS,
and
DONNIE ELI,

did knowingly transmit and cause to be transmitted in interstate and foreign commerce by means of

wire communications, certain writings signs, signals, and sounds, as more specifically described

below:

| COUNT | DEFENDANTS | DATE | WIRE COMMUNICATION |
|-------|-----------|------|--------------------|
| 13 | NANCY MARKS and RICKY MARKS | 06/21/06 | Wire transfer in the amount of $2,700 from Y.L.'s Citibank account (New York) to Ricky Marks' Bank of America account (Florida). |
| 14 | NANCY MARKS and RICKY MARKS | 06/27/06 | Wire transfer in the amount of $2,700 from Y.L.'s Citibank account (New York) to Ricky Marks' Bank of America account (Florida). |
| 15 | NANCY MARKS and RICKY MARKS | 06/30/06 | Wire transfer in the amount of $2,200 from Y.L.'s Citibank account (New York) to Ricky Marks' Bank of America account (Florida). |
| 16 | NANCY MARKS and RICKY MARKS | 07/07/06 | Wire transfer in the amount of $7,200 from Y.L.'s Citibank account (New York) to Ricky Marks' Bank of America account (Florida). |

| 17 | NANCY MARKS and RICKY MARKS | 07/18/06 | Wire transfer in the amount of $3,600 from Y.L.'s Citibank account (New York) to Ricky Marks' Bank of America account (Florida). |
|----|----|----|----|
| 18 | ROSE MARKS and ROSIE MARKS | 07/26/06 | Wire transfer in the amount of $15,000 from C.C.'s Wachovia account (Virginia) to Rose Marks' Bank of America account (Florida). |
| 19 | NANCY MARKS and ROSIE MARKS | 08/02/06 | Western Union wire transfer in the amount of $600 from Y.L. (New York) to Rosie Marks (Florida). |
| 20 | NANCY MARKS and ROSIE MARKS | 08/04/06 | Western Union wire transfer in the amount of $300 from Y.L. (New York) to Rosie Marks (Florida). |
| 21 | ROSE MARKS and ROSIE MARKS | 08/07/06 | Wire transfer in the amount of $6,000 from C.C.'s Wachovia account (Virginia) to Rose Marks' Bank of America account (Florida). |
| 22 | ROSE MARKS | 08/17/06 | Check Number 1626 in the amount of $150,000 from J.M.'s BB&T business bank account (North Carolina) to Rose Marks' WaMu account (Florida). |
| 23 | NANCY MARKS and RICKY MARKS | 09/14/06 | Wire transfer in the amount of $8,000 from J.H.'s American Savings account (Hawaii) to Ricky Marks' Bank of America account (Florida). |
| 24 | CYNTHIA MILLER and MICHAEL MARKS | 11/09/06 | Wire transfer in the amount of $11,700 from A.U. (Japan) to Cynthia Miller and Michael Marks' Bank of America account (Florida). |
| 25 | NANCY MARKS and RICKY MARKS | 11/17/06 | Wire transfer in the amount of $7,400 from Y.L.'s Citibank account (New York) to Ricky Marks' Bank of America account (Florida). |
| 26 | ROSE MARKS and ROSIE MARKS | 12/06/06 | Wire transfer in the amount of $3,500 from C.C.'s Wachovia account (Virginia) to Rose Marks' Bank of America account (Florida). |

| 27 | NANCY MARKS | 01/30/07 | Wire transfer in the amount of $9,500 from Y.L.'s Citibank account (New York) to Nancy Marks' Bank of America account (Florida). |
| 28 | NANCY MARKS | 02/12/07 | Wire transfer in the amount of $4,000 from Y.L.'s Citibank account (New York) to Nancy Marks' Bank of America account (Florida). |
| 29 | CYNTHIA MILLER and MICHAEL MARKS | 02/20/07 | Wire transfer in the amount of $3,300 from A.U. (Japan) to Cynthia Miller and Michael Marks' Bank of America account (Florida). |
| 30 | ROSE MARKS | 02/21/07 | Wire transfer in the amount of $27,000 from J.M.'s BB&T business bank account (North Carolina) to Rose Marks' WaMu account (Florida). |
| 31 | ROSE MARKS | 02/27/07 | Check Number 1739 in the amount of $100,000 from J.M.'s BB&T business bank account (North Carolina) to Peter Wolofsky's SunTrust Bank account (Florida). |
| 32 | ROSE MARKS | 02/28/07 | Wire transfer in the amount of $250,000 from J.M.'s BB&T business bank account (North Carolina) to Rose Marks' WaMu account (Florida). |
| 33 | ROSE MARKS | 02/28/07 | Check Number 1737 in the amount of $200,000 from J.M.'s BB&T business bank account (North Carolina) to Atlas Leasing Inc.'s SunTrust account (Florida). |
| 34 | NANCY MARKS | 03/07/07 | Western Union wire transfer in the amount of $900 from L.B. (Connecticut) to Nancy Marks (Florida). |
| 35 | NANCY MARKS | 05/10/07 | Western Union wire transfer in the amount of $500 from L.B. (Connecticut) to Nancy Marks (Florida). |
| 36 | NANCY MARKS | 05/29/07 | Western Union wire transfer in the amount of $900 from L.B. (Connecticut) to Nancy Marks (Florida). |

| 37 | CYNTHIA MILLER and MICHAEL MARKS | 06/18/07 | Wire transfer in the amount of $7,000 from A.U. (Japan) to Cynthia Miller and Michael Marks' Bank of America account (Florida). |
|----|----------------------------------|----------|--------------------------------------------------------------------------------------------------------------------------------|
| 38 | ROSE MARKS | 06/20/07 | Wire transfer in the amount of $355,000 from J.M.'s BB&T business bank account (North Carolina) to Rose Marks' WaMu account (Florida). |
| 39 | NANCY MARKS | 06/20/07 | Wire transfer in the amount of $22,000 from Y.L.'s Citibank account (New York) to Nancy Marks' Bank of America account (Florida). |
| 40 | CYNTHIA MILLER and MICHAEL MARKS | 07/02/07 | SunTrust Bank cashier's check number 0732295629 in the amount of $25,000 from E.R. (Florida) to Cynthia Miller and Michael Marks' Bank of America account (Florida). |
| 41 | ROSE MARKS | 10/30/07 | Wire transfer in the amount of $4,000 from J.M.'s BB&T business bank account (North Carolina) to Rose Marks' WaMu account (Florida). |
| 42 | ROSE MARKS | 11/14/07 | Check Number 1641 in the amount of $100,000 from J.M.'s BB&T business bank account (North Carolina) to Peter Wolofsky's Wachovia account (Florida). |
| 43 | ROSE MARKS | 11/14/07 | Check Number 1642 in the amount of $200,000 from J.M.'s BB&T business bank account (North Carolina) to Peter Wolofsky's Wachovia account (Florida). |
| 44 | ROSE MARKS | 11/14/07 | Check Number 1643 in the amount of $36,000 from J.M.'s BB&T business bank account (North Carolina) to Peter Wolofsky's Wachovia account (Florida). |
| 45 | ROSE MARKS | 11/19/07 | Wire transfer in the amount of $164,000 from J.M.'s BB&T bank account (North Carolina) to Rose Marks' WaMu account (Florida). |

| 46 | ROSE MARKS | 12/07/07 | Wire transfer in the amount of $200,000 from J.M.'s BB&T business bank account (North Carolina) to Rose Marks' WaMu account (Florida). |
| 47 | CYNTHIA MILLER and MICHAEL MARKS | 06/30/08 | Wire transfer in the amount of $25,000 from A.U. (Japan) to Cynthia Miller and Michael Marks' Bank of America account (Florida). |
| 48 | NANCY MARKS and VIVIAN MARKS | 07/23/08 | Wire transfer in the amount of $7,000 from J.S. (Denmark) to Nancy Marks' Bank of America  account (Florida). |
| 49 | NANCY MARKS and VIVIAN MARKS | 09/29/08 | Wire transfer in the amount of $9,000 from J.S. (Denmark) to Nancy Marks' Bank of America account (Florida). |
| 50 | CYNTHIA MILLER and MICHAEL MARKS | 10/10/08 | Wire transfer in the amount of $20,000 from A.U. (Japan) to Cynthia Miller and Michael Marks' Bank of America account (Florida). |
| 51 | NANCY MARKS ROSIE MARKS and DONNIE ELI | 10/27/08 | Check #1053 in the amount of $300 from T.L.'s Wachovia Bank account (Florida) to Donnie Eli's Bank of America account (Florida). |
| 52 | NANCY MARKS ROSIE MARKS and DONNIE ELI | 10/27/08 | Check #1055 in the amount of $3,600 from T.L.'s Wachovia Bank account (Florida) to Donnie Eli's Bank of America account (Florida). |
| 53 | NANCY MARKS ROSIE MARKS and DONNIE ELI | 10/28/08 | Wachovia official bank check #1600510364 in the amount of $24,000 from T.L. (Florida) to Nancy Marks' Bank of America account (Florida). |
| 54 | ROSE MARKS and VIVIAN MARKS | 10/29/08 | Wire transfer in the amount of $23,535.25 from J.S. (Denmark) to Joyce Michael, Inc.'s Bank Atlantic account (Florida). |
| 55 | NANCY MARKS and VIVIAN MARKS | 10/29/08 | Wire transfer in the amount of $23,535.25 from J.S. (Denmark) to Nancy Marks' Bank of America account (Florida). |

| 56 | CYNTHIA MILLER and MICHAEL MARKS | 11/21/08 | Wire transfer in the amount of $20,824.20 from A.U. (Japan) to Cynthia Miller and Michael Marks' Bank of America account (Florida). |
|---|---|---|---|
| 57 | NANCY MARKS and VIVIAN MARKS | 12/18/08 | Wire transfer in the amount of $47,043.57 from J.S. (Denmark) to Vivian Marks' Washington Mutual account (Florida). |
| 58 | NANCY MARKS and VIVIAN MARKS | 01/21/09 | Wire transfer in the amount of $36,562.75 from J.S. (Denmark) to Nancy Marks' Bank of America account (Florida). |
| 59 | CYNTHIA MILLER and MICHAEL MARKS | 09/14/09 | Wire transfer in the amount of $13,070.05 from A.U. (Japan) to Cynthia Miller and Michael Marks' Bank of America account (Florida). |
| 60 | ROSE MARKS | 11/13/09 | Wire transfer in the amount of $59,975 from D.W. (Virginia) to Rose Marks' Bank of America account (Florida). |
| 61 | ROSE MARKS | 12/01/09 | Wire transfer in the amount of $59,975 from D.W. (Virginia) to Rose Marks' Bank of America account (Florida). |
| 62 | ROSE MARKS | 12/01/09 | Wire transfer in the amount of $24,000 from S.R. (Texas) to Rose Marks' Bank of America account (Florida). |
| 63 | ROSE MARKS | 12/23/09 | Wire transfer in the amount of $102,743.55 from S.R. (Texas) to Rose Marks' Bank of America account (Florida). |
| 64 | ROSE MARKS and NANCY MARKS | 05/04/10 | Wire transfer in the amount of $373,750 from A.W. (England) to Rose Marks' Bank of America account (Florida). |
| 65 | ROSE MARKS and NANCY MARKS | 07/29/11 | Wire transfer in the amount of 26,000 British pounds (approximately $41,500) from S.A. (Spain) to Rose Marks' TD Bank account (Florida). |

All in violation of Title 18, United States Code, Section 1343 and 2.

27

## COUNT 66
## (MONEY LAUNDERING - 18 U.S.C. § 1956 (h))

50.     The allegations contained in paragraphs 1 through 11, and 14 through 40, of this

Second Superseding Indictment are incorporated as if fully set forth herein as to Count 66 of this

Second Superseding Indictment.

51.     From in or about 1991, and continuing until on or about August 16, 2011, in Broward

and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendants,

ROSE MARKS
a/k/a Joyce Michael,
NANCY MARKS,
a/k/a Nancy Michael,
a/k/a Kate Michael,
a/k/a Vivian,
CYNTHIA MILLER,
a/k/a Cynthia Angel Marks,
ROSIE MARKS,
a/k/a Rosie Eli,
VICTORIA ELI,
VIVIAN MARKS,
RICKY MARKS,
MICHAEL MARKS,
DONNIE ELI,
and
PETER WOLOFSKY,

did knowingly combine, conspire, confederate, and agree with each other and with persons  known

and unknown to the Grand Jury, to commit certain offenses against the United States, that is:

(a)     to conduct and attempt to conduct financial transactions affecting interstate

and foreign commerce which involved the proceeds of specified unlawful activity, knowing that the

property involved in the financial transactions represented the proceeds of some form of unlawful

activity, with the intent to promote the carrying on of specified unlawful activity, in violation of Title

28

18, United States Code, Section 1956(a)(1)(A)(i);

        (b)     to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce which involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

        (c)     to engage and attempt to engage in monetary transactions affecting interstate and foreign commerce, by, through or to a financial institution, each such transaction involving criminally derived property of a value greater than $10,000, such property being derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957.

      52.     It is further alleged that the specified unlawful activities were: mail fraud, in violation of Title 18, United States Code, Section 1341; and wire fraud, in violation of Title 18, United States Code, Section 1343.

      All in violation of Title 18, United States Code, Section 1956(h).

### WIRE AND MAIL FRAUD CONSPIRACY FORFEITURE ALLEGATIONS

      1.     The allegations of Count 1 of this Second Superseding Indictment are realleged and incorporated by reference for the purpose of alleging forfeiture to the United States of America, pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(c) and the procedures outlined in Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461.

2.      Upon conviction of the offense in violation of Title 18, United States Code, Section

1349, Conspiracy to Commit Mail Fraud and Wire Fraud as set forth in Count 1 of this Second

Superseding Indictment, the defendants, ROSE MARKS, NANCY MARKS, CYNTHIA MILLER,

ROSIE MARKS, VICTORIA ELI, VIVIAN MARKS, RICKY MARKS, MICHAEL MARKS, and

DONNIE ELI, shall forfeit to the United States of America, pursuant to Title 18, United States Code,

Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c), any property, real or

personal, which constitutes or is derived from proceeds traceable to the offense(s). The property to

be forfeited includes, but is not limited to, the following:

      A.      At least $40,000,000 representing a money judgment for the amount of proceeds defendants obtained from the violation in either Count 1 or Count 66;

      B.      A single family residence located at 1319 Seminole Drive, Fort Lauderdale, Florida;

      C.      A single family residence located at 2001 Bayview Drive, Fort Lauderdale, Florida;

      D.      2007 white Chevrolet Suburban SUV, VIN# 3GNFC16037G303737;

      E.      2007 black BMW 760 automobile, VIN# WBAHN03507DD98695;

      F.      2010 gray Chevrolet Camaro automobile, VIN# 2G1FK1EJ1A9130638;

      G.      1979 red Pontiac Trans Am automobile, VIN# 2W87K9L161282;

      H.      2006 dark blue Mitsubishi automobile, VIN# 4A4MM21S86E047363;

      I.      2002 white Mercedes Benz automobile, VIN# WDBPJ75J02A030844;

J.      1977 white Rolls Royce automobile, VIN# SRF31885;

K.      1996 Sunseeker motor vessel, VIN# SUN139640J696;

L.      1998  blue Bentley convertible automobile,
        VIN# SCBZK25C8WCX61675;

M.      2010 white Mercedes Benz automobile,
        VIN# WDCGG5GB8AF385055;

N.      2010 silver Ford Expedition SUV, VIN# 1FMJK1F5XAEB21397;

O.      2007 red Ducati motorcycle, VIN# ZDM1RADMX7B105564;

P.      2007 dark blue Harley Davidson motorcycle,
        VIN# 1HD1JD513Y073450;

Q.      2007 blue Yamaha motorcycle, VIN# JYARN20EX7A003746;

R.      2008 copper Harley Davidson motorcycle,
        VIN# 1HD1PT9488Y952604;

S.      2008 Anderson Manufacturing trailer, VIN# 4YNB1488C051543;

T.      2005 red Ferrarri automobile, VIN# ZFFEW59A650142732;

U.      2006 gray Land Rover SUV, VIN# SALMF134X6A218849;

V.      2009 orange Dodge Challenger automobile,
        VIN# 2B3JL54T99H511809;

W.      2009 black Mercedes Benz automobile, VIN# WDDNG86X59A240016;

X.      2011 black Mercedes Benz automobile, VIN# 4JGBF7BE8BA725184;

Y.      1989 black MERCEDES BENZ convertible automobile,
        VIN#  WDBBA48D6KA096054; and

Z.      $1,884,630 worth of gold coins.

31

3.	If any of the property described above, as a result of any act or omission of the defendants:

      a.	cannot be located upon the exercise of due diligence;

      b.	has been transferred or sold to, or deposited with, a third party;

      c.	has been placed beyond the jurisdiction of the court;

      d.	has been substantially diminished in value; or

      e.	has been commingled with other property which cannot be divided without difficulty,

then the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c).

## MONEY LAUNDERING CONSPIRACY FORFEITURE ALLEGATIONS

1.	The allegations contained in Count 66 of this Second Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(1), and/or Title18 U.S.C. § 981(a)(1)(c) and the procedures outlined in Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461.

2.	Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of Count 66 of the Second Superseding Indictment, an offense in violation of Title 18, United States Code, Section 1956(h), the defendants, ROSE MARKS, NANCY MARKS, CYNTHIA MILLER, ROSIE MARKS, VICTORIA ELI, VIVIAN MARKS, RICKY MARKS, MICHAEL MARKS,

DONNIE ELI, and PETER WOLOFSKY, shall forfeit to the United States of America any property, real or personal, involved in such offense, and/or pursuant to Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

A.  At least $40,000,000 representing a money judgment for the amount of proceeds defendants obtained from the violations in either Count 1 or Count 66;

B.  A single family residence located at 1319 Seminole Drive, Fort Lauderdale, Florida;

C.  A single family residence located at 2001 Bayview Drive, Fort Lauderdale, Florida;

D.  2007 white Chevrolet Suburban SUV, VIN# 3GNFC16037G303737;

E.  2007 black BMW 760 automobile, VIN# WBAHN03507DD98695;

F.  2010 gray Chevrolet Camaro automobile, VIN#2G1FK1EJ1A9130638;

G.  1979 red Pontiac Trans Am automobile, VIN# 2W87K9L161282;

H.  2006 dark blue Mitsubishi automobile, VIN# 4A4MM21S86E047363;

I.  2002 white Mercedes Benz automobile, VIN# WDBPJ75J02A030844;

J.  1977 white Rolls Royce automobile, VIN# SRF31885;

K.  1996 Sunseeker motor vessel, VIN# SUN139640J696;

L.  1998 blue Bentley convertible automobile, VIN#SCBZK25C8WCX61675;

M.      2010 white Mercedes Benz automobile,
        VIN# WDCGG5GB8AF385055;

N.      2010 silver Ford Expedition SUV, VIN# 1FMJK1F5XAEB21397;

O.      2007 red Ducati motorcycle, VIN# ZDM1RADMX7B105564;

P.      2007 dark blue Harley Davidson motorcycle,
        VIN# 1HD1JD513Y073450;

Q.      2007 blue Yamaha motorcycle, VIN# JYARN20EX7A003746;

R.      2008 copper Harley Davidson motorcycle,
        VIN# 1HD1PT9488Y952604;

S.      2008 Anderson Manufacturing trailer, VIN# 4YNB1488C051543;

T.      2005 red Ferrari automobile, VIN# ZFFEW59A650142732;

U.      2006 gray Land Rover SUV, VIN# SALMF134X6A218849;

V.      2009 orange Dodge Challenger automobile,
        VIN#2B3JL54T99H511809; and

W.      2009 black Mercedes Benz automobile, VIN# WDDNG86X59A240016;

X.      2011 black Mercedes Benz automobile, VIN# 4JGBF7BE8BA725184;

Y.      1989 black MERCEDES BENZ convertible automobile,
        VIN# WDBBA48D6KA096054; and

Z.      $1,884,630 worth of gold coins.

3.      If any of the property described above, as a result of any act or omission of the

defendants:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

34

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be divided

             without difficulty,

then the United States of America shall be entitled to forfeiture of substitute property pursuant to

Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code,

Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

     All pursuant to Title 18, United States Code, Sections 982(a)(1),and 981(a)(1)(c), and the

procedures of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United

States Code, Section 2461.

A TRUE BILL

*Thomas J. Mulvihill*
_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

*Laurence M Bardfeld*
_____
LAURENCE M. BARDFELD
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA          **CASE NO.**   **11-80072-CR-MARRA/VITUNAC(s)(s)**

vs.

**ROSE MARKS, et al.,**                 **CERTIFICATE OF TRIAL ATTORNEY\***

_____**Defendants.**____/     **Superseding Case Information:**

**Court Division:** (Select One)          New Defendant(s)          Yes _____   No  X
                                         Number of New Defendants
_____ Miami   _____ Key West             Total number of counts              66
_____ FTL   X   WPB   _____ FTP

I do hereby certify that:

1.    I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.    I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.    Interpreter:     (Yes or No)     NO
      List language and/or dialect     _____

4.    This case will take    20     days for the parties to try.

5.    Please check appropriate category and type of offense listed below:

| | (Check only one) | | (Check only one) | |
|---|---|---|---|---|
| I | 0 to 5 days | _____ | Petty | _____ |
| II | 6 to 10 days | _____ | Minor | _____ |
| III | 11 to 20 days | X | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | X |
| V | 61 days and over | _____ | | |

6.    Has this case been previously filed in this District Court? (Yes or No)     YES
If yes:
Judge:   Kenneth A. Marra          Case No.     11-80072-CR-Marra/Vitunac(s)(s)
(Attach copy of dispositive order)
Has a complaint been filed in this matter?     (Yes or No)     NO
If yes:
Magistrate Case No.          _____
Related Miscellaneous numbers:     _____
Defendant(s) in federal custody as of     _____
Defendant(s) in state custody as of     _____
Rule 20 from the   _____   District of   _____

Is this a potential death penalty case? (Yes or No)     NO

7.    Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   _____ Yes    X    No

8.    Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   _____ Yes    X    No

_____
LAURENCE M. BARDFELD
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No.: 712450

\*Penalty Sheet(s) attached          REV 4/8/08

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **ROSE MARKS**

**Case No:** 11-80072-CR-MARRA/VITUNAC(s)(s)

Count #: 1

Conspiracy to Commit Mail Fraud and Wire Fraud

in violation of 18 U.S.C. § 1349

**\* Max. Penalty**: Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Counts #: 2,3, 5-7, 10-11

Mail Fraud

in violation of 18 U.S.C. §1341

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Counts #: 18, 21,22,26,30-33, 38, 41-46, 54, 60-65

Wire Fraud

in violation of 18 U.S.C. § 1343

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Count #: 66

 Money Laundering Conspiracy

 in violation of 18 U.S.C. § 1956

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: **NANCY MARKS**

**Case No**: 11-80072-CR-MARRA/VITUNAC(s)

Count #: 1

  Conspiracy to Commit Mail Fraud and Wire Fraud

 in violation of 18 U.S.C. § 1349

**\* Max.Penalty**: Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Counts #: 4, 6,7, 9-11

  Mail Fraud

 in violation of 18 U.S.C. §1341

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Counts #: 13-17, 23,25,27,28,34-36,39,48,49,51-53,55,58, 64-65

  Wire Fraud

 in violation of 18 U.S.C. § 1343

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Count #: 66

 Money Laundering Conspiracy

 in violation of 18 U.S.C. § 1956

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **CYNTHIA MILLER**

**Case No:**  11-80072-CR-MARRA/VITUNAC(s)(s)

Count  #: 1

  Conspiracy to Commit Mail Fraud and Wire Fraud

  in violation of 18 U.S.C. § 1349

**\* Max.Penalty**: Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Counts  #: 8

  Mail Fraud

  in violation of 18 U.S.C. §1341

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Counts #: 24,29,37,40,47,50,56,59

  Wire Fraud

  in violation of 18 U.S.C. § 1343

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Count #: 66

 Money Laundering Conspiracy

 in violation of 18 U.S.C. § 1956

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** **ROSIE MARKS**

**Case No:** 11-80072-CR-MARRA/VITUNAC(s)(s)

Count #: 1

  Conspiracy to Commit Mail Fraud and Wire Fraud

  in violation of 18 U.S.C. § 1349

**\* Max.Penalty**: Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Counts #: 12

  Mail Fraud

  in violation of 18 U.S.C. § 1341

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Counts #: 18-21,26, 51-53

  Wire Fraud

  in violation of 18 U.S.C. § 1343

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Count #: 66

 Money Laundering Conspiracy

 in violation of 18 U.S.C. § 1956

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** **VICTORIA ELI**

**Case No:** 11-80072-CR-MARRA/VITUNAC(s)(s)

Count #: 1

Conspiracy to Commit Mail Fraud and Wire Fraud

in violation of 18 U.S.C. § 1349

**\* Max.Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine

Count #: 66

Money Laundering Conspiracy

in violation of 18 U.S.C. § 1956

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $500,000 fine

Counts #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **VIVIAN MARKS**

**Case No:** 11-80072-CR-MARRA/VITUNAC (s)(s)

Count #: 1

Conspiracy to Commit Mail Fraud and Wire Fraud

in violation of 18 U.S.C. § 1349

**\* Max. Penalty**: Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Counts #: 48,49,54,55,57,58

Wire Fraud

in violation of 18 U.S.C. § 1343

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Count #: 66

Money Laundering Conspiracy

in violation of 18 U.S.C. § 1956

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: **RICKY MARKS**

**Case No**:  11-80072-CR-MARRA/VITUNAC(s)(s)

Count  #: 1

  Conspiracy to Commit Mail Fraud and Wire Fraud

  in violation of 18 U.S.C. § 1349

**\* Max.Penalty**: Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Counts #: 13-17,23,25

  Wire Fraud

  in violation of 18 U.S.C. § 1343

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Count  #: 66

  Money Laundering Conspiracy

  in violation of 18 U.S.C. § 1956

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name: MICHAEL MARKS**

**Case No:**  11-80072-CR-MARRA/VITUNAC(s)(s)

Count  #: 1

  Conspiracy to Commit Mail Fraud and Wire Fraud

  in violation of 18 U.S.C. § 1349

**\* Max.Penalty**: Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Counts  #: 8

  Mail Fraud

  in violation of 18 U.S.C. §1341

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Counts #: 24,29,37,40,47,50,56,59

  Wire Fraud

  in violation of 18 U.S.C. § 1343

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Count #: 66

 Money Laundering Conspiracy

 in violation of 18 U.S.C. § 1956

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: **DONNIE ELI**

**Case No**:  11-80072-CR-MARRA/VITUNAC(s)(s)

Count  #: 1

  Conspiracy to Commit Mail Fraud and Wire Fraud

  in violation of 18 U.S.C. § 1349

**\* Max.Penalty**: Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Counts  #: 12

  Mail Fraud

  in violation of 18 U.S.C. §1341

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Counts #: 51-53

  Wire Fraud

  in violation of 18 U.S.C. § 1343

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Count #: 66

 Money Laundering Conspiracy

 in violation of 18 U.S.C. § 1956

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: **PETER WOLOFSKY**

**Case No**: 11-80072-CR-MARRA/VITUNAC(s)(s)

Count #: 66

 Money Laundering Conspiracy

 in violation of 18 U.S.C. § 1956

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release, $250,000 fine  or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Counts #:




**\*Max. Penalty:**

Counts #:




**\*Max. Penalty:**

Count #:




**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**