# COMPOSITE
# EXHIBIT "2"

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 11-80072-CR-MARRA/VITUNAC(s)

UNITED STATES OF AMERICA,

v.

**ROSE MARKS, NANCY MARKS,
CYNTHIA MILLER, ROSIE MARKS,
VICTORIA ELI, VIVIAN MARKS,
RICKY MARKS, MICHAEL MARKS,
DONNIE ELI, and PETER WOLOFSKY,**

      Defendants.

_____/

## MOTION TO RETURN 1977 ROLLS ROYCE

COMES NOW the Defendant Rose Marks, by and through her undersigned attorney, and moves this Court to return the 1977 Rolls Royce ceased in this matter and states as follows:

1.      In the superseding indictment in this case, there are two sections which call for the forfeiture of property from the Defendant. Those sections go from page 34 through page 40 of the Indictment. The first section starting on page 34 is entitled "Wire and Mail Fraud Conspiracy Forfeiture Allegations." The second section starting on page 37 is entitled "Money Laundering Conspiracy Forfeiture Allegations."

2.      Paragraph number 1 of each of the allegations states that the forfeitures are pursuant to Title 18 United States Code §1982(a)1 and/or Title 18 United States Code § 1981(a)1(c) and the procedures outlined in Title 21 United States Code § 853(p) as incorporated by Title 28 United States Code § 2461. In paragraph number 2 of each of these allegations, both sections call for the forfeiture of **any property real or personal which constitute or derives from proceeds traceable to the offense(s).**

{R6112051_1}

3.      In both of these attempts at forfeiture, one of the items cited is a 1977 white Rolls Royce vehicle, VIN #SRF31885.   Somehow the Government persuaded the Grand Jury to include that vehicle in the list of forfeitable items.

4.      Pursuant to the Indictment, on August 12, 2011, the Government induced United States Magistrate Judge Lorana S. Snow to sign a number of warrants for seizure of property subject to forfeiture.   One of those warrants was for the above mentioned 1977 Rolls Royce automobile, VIN #SRF31885.   A copy of that seizure warrant and the application and affidavit in support thereof are attached hereto and made part herein as Exhibit "1".

5.      In that sworn affidavit by Special Agent Kelley Cook, and I can only assume also presented before the Grand Jury, is one crucial fact that would deceive the Grand Jury into believing that this automobile was forfeitable and Judge Snow to sign the seizure warrant; and one additional negligent or intentional misstatement.

6.      The indictment covers an extremely extensive period of time, commencing in 1991 and extending through at least August 12, 2001, when the superseding indictment was filed. In order for this vehicle to be forfeitable under the above cited statutes, and the language of the Indictment, the property has to be either be derived from the proceeds of the offense or constitute proceeds of the offense.   Thus, this vehicle would have had to have been purchased by the Defendant Rose Marks or one of the other co-conspirators during the period of the conspiracy commencing in 1991.

7.      In order to create the impression that this vehicle either "constitutes or is derived from proceeds traceable to the offense," on page 6 of the Exhibit "1" the Seizure Warrant, Special Agent Kelly Cook swears as follows:

19.     On 08/20/03, the vehicle registration for the 1977 Rolls Royce, VIN #SRF31885, subject of this application, was issued to Defendant Rose

{R6112051_1}

Marks. This vehicle is believed to be located at 1319 Seminole Drive, Fort Lauderdale, FL, residence of Rose Marks.

8.      The facts in the first sentence quoted above are true. The vehicle registration for that white Rolls Royce in the State of Florida was dated 08/20/03. However, any seasoned investigator knows that the date of registration in a particular state does not necessarily establish the date that the vehicle was purchased. To do that, one must track the vehicle identification number to determine the date that somebody purchased the vehicle. Any experienced agent should have and could have done that. Rather, for whatever purpose, whether to deceive the Grand Jury deceive the Court, or just out of laziness, the agents in this case chose not to do that. Rather they just looked up any registrations in the State of Florida in the name of Rose Marks.

9.      Had the agents tracked the history of the vehicle, they would have determined that this vehicle was purchased by Rose Marks and her husband in 1977 and registered from a business address at 7833 Wise Avenue, Baltimore, MD 21222. It would have been slightly confusing because Rose Marks, who we know uses other names, used the first name "Joyce" which she has used often in this case and her maiden name "Eli" and her last name "Marks." However, the date of birth, 05/04/51, is the date that Rose Marks believed she was born when she purchased this automobile in 1977.[1] Attached hereto and made a part hereof is a Composite Exhibit "2" which consists of a Maryland Department of Transportation document showing that on or about the date of purchase, in October 1977, Joyce Eli Marks, with a date of birth of 05/04/51, purchased the Rolls Royce for $42,500.00, paid taxes on the purchase. Further attached are certificates of registration in the State of Maryland for the Rolls Royce, Serial No. SRF 31885 for the years 1978-1979, 1979-1980, 1982-1983, 1984-1985, 1985-1986. Also

---

[1] In approximately 1991, it was necessary for Rose Marks, for the first time, to obtain her birth certificate and although her mother had always told her that her birthday was May 4, 1951, she learned from obtaining her birth certificate that her actual birthday was May 3, 1951. Since she always desires to abide by the law, subsequent to the time she got her birth certificate, she has recorded her date of birth as May 3, 1951.

{R6112051_1}

3

attached in that Composite Exhibit "2" is a bill for auto repair dated 12/2/80 made out to Nicolas C. Marks at his home address in Springfield, Virginia and a bill dated 03/30/82 to Mrs. Joyce Marks at a Springfield, Virginia address, and an additional bill dated 1/24/83 to Joyce Marks at the Virginia address, all for that same Rolls Royce. Further attached is a copy of the plastic owner ID card for the Rolls Royce dated "10-5-77". Counsel has the originals of all these items.

10.     Finally attached as Exhibit "3" is a picture of Rose Marks and her late husband in front of the Rolls Royce taken in the late 1970's. From the picture it is clear that Rose (now 60) is at least 30 years younger. There are many other pictures available to Rose in the Rolls Royce in the 1970's and 1980's.

11.     Although Rose and Nicholas Marks moved to Florida in about approximately 1998, they did not register this vehicle in Florida until the 2003 date set forth in the Seizure Warrant. However, they purchased the vehicle in 1977 and there is no evidence that any money from the alleged conspiracy, which allegedly started 14 years later, was involved in the purchase of the vehicle.

12.     The other interesting statement in the "above" from paragraph 19 of the Special Agent Cook's sworn affidavit is that "this vehicle is believed to be located at 1319 Seminole Drive, Fort Lauderdale, Florida, residence of Rose Marks." Based upon in excess of 30 years experience in doing Federal criminal law cases, agents normally surveil the residence of people they are creating a large scale conspiracy case against, and track whatever assets are located at that location. In fact, from approximately 2004 until the date it was seized, this Rolls Royce vehicle was lent to Rose Marks' father-in-law, George Marks, in Los Angeles, California, and stayed at its location until it was seized by the agents in August of 2011. It is perplexing that on August 12, 2011 the agent swore under oath that she believed the vehicle was located on

Seminole Drive in Fort Lauderdale, Florida, and yet a few days later they knew exactly where it was located so as to seize it in Los Angeles, California.

13.     Predicated upon the above, undersigned counsel would suggest that either through intent by the investigators in this case or sloppiness by the investigators in this case, the Grand Jury and Magistrate Judge Snow were misled into believing that this vehicle was purchased with the proceeds of the conspiracy.  As that is clearly not the case, the Defendant, Rose Marks, would request this Court order that the vehicle be immediately returned to Rose Marks in Fort Lauderdale, Florida and provide sanctions against the Government for its improper actions.

WHEREFORE, it is respectfully requested that the 1977 Rolls Royce be returned to Rose Marks in Fort Lauderdale, Florida and sanctions be granted.

Respectfully submitted,

By:     s/ Fred A. Schwartz

Fred A. Schwartz, Esq.
Fla. Bar No. 360538
Attorney for Defendant Rose Marks
Kopelowitz Ostrow, et al.
700 South Federal Highway
Suite 200
Boca Raton, Florida  33432
schwartz@kolawyers.com
Telephone:  (561) 910-3070
Facsimile:  (561) 910-3080

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 4, 2012, a true and correct copy of the foregoing

was served on all counsel of record listed on the attached Service List by email and U.S. Mail.


_s/ Fred A. Schwartz_____
Fred A. Schwartz, Esq.

USA v. ROSE MARKS, ET AL.

CASE NO. 11-80072-CR-MARRA/VITUNAC

**<u>SERVICE LIST</u>**

| | |
|---|---|
| Laurence Bardfeld<br>Laurence.bardfeld@usdoj.gov<br>Assistant United States Attorney<br>Office of the United States Attorney<br>Southern District of Florida<br>99 Northeast 4th Street<br>West Palm Beach, Florida 33132<br>Telephone: 954-356-7255 (ext. 3611) | Richard G. Lubin, Esq.<br>Lubin and Metz, P.A.<br>Second Floor, Flagler Plaza<br>1217 South Flagler Drive<br>West Palm Beach, FL 33401-6706<br>Telephone: (561) 655-2040<br><br>*Attorney for Cynthia Miller* |
| Samuel J. Rabin, Jr.<br>sjr@miamilawyer.com<br>Samuel J. Rabin Jr., P.A.<br>Eastern National Bank Building<br>799 Brickell Plaza, Suite 606<br>Miami, Florida 33131-2808<br>Telephone: 305-358-1064<br>*Attorney for Peter Wolofsky* | Ronald S. Chapman<br>ronchapman@bellsouth.net<br>400 Clematis Street, Suite 206<br>West Palm Beach, FL 33401<br>Telephone: 561-832-4348<br>*Attorney for Ricky Marks* |
| Richard F. Della Fera, Esq.<br>rdellafera@aol.com<br>Entin & Della Fera, P.A.<br>110 SE 6th Street, #1970<br>Fort Lauderdale, FL 33301<br>Telephone: 954-761-7201<br>*Attorney for Rosie Marks* | Jeffrey Evan Feiler, Esq.<br>jfeiler@jeffreyfeiler.com<br>Jeffrey E. Feiler, P.A.<br>7685 SW 104th Street, Suite 200<br>Miami, FL 33156<br>Telephone: 305-670-7700<br>*Attorney for Rosie Marks* |
| Alvin E. Entin, Esq.<br>aentin@hotmail.com<br>Entin& Della Fera P.A.<br>110 SE 6th Street, Suite 1970<br>Fort Lauderdale, FL 33301-5009<br>Telephone: 954-761-7201<br>*Attorney for Donnie Eli* | Michael A. Gottlieb, Esq.<br>mike@gottlieblaw.com<br>Michael A. Gottlieb, P.A.<br>1311 SE 2nd Avenue<br>Fort Lauderdale, FL 33316-1809<br>Telephone: 954-462-1005<br>*Attorney for Nancy Marks* |
| Fred A. Schwartz, Esq.<br>schwart@kolawyers.com<br>KOPELOWITZ OSTROW (KO)<br>Ferguson Weiselberg Keechl<br>700 South Federal Highway, Suite 200<br>Boca Raton, FL 33432<br>Telephone: 561-910-3070<br>*Attorney for Rose Marks* | Edward D. Reagan, Esq.<br>nedr@bellsouth.net<br>Edward D. Reagan, P.A.<br>2161 Palm Beach Lakes Blvd., Suite 401<br>West Palm Beach, FL 33409-6613<br>Telephone: 561-832-7443<br>*Attorney for Vivian Marks* |
| George T. Yoss, Esq.<br>gty@yoss.com<br>P.O. Box 14408<br>Coral Gables, FL 33114<br>Telephone: 305-460-1000<br>*Attorney for Victoria Eli* | Norman E. Kent, Esq.<br>norm@normkent.com<br>Kent & Cormican, P.A.<br>110 SE 6th Street, Suite 1970<br>Fort Lauderdale, FL 33301<br>Telephone: 954-763-1900<br>*Attorney for Michael Marks* |



# EXHIBIT "1"

AO 109 (Rev. 12/09) Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| In the Matter of the Seizure of | ) | |
| *(Briefly describe the property to be seized)* | ) | Case No. 11-6389-Snow |
| One (1) 1977 White Rolls Royce automobile, | ) | |
| VIN # SRF31885. | ) | |

## WARRANT TO SEIZE PROPERTY SUBJECT TO FORFEITURE

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests that certain property located in the ___Southern___ District of ___Florida___ be seized as being subject to forfeiture to the United States of America. The property is described as follows:

One (1) 1977 White Rolls Royce automobile,VIN # SRF31885.

I find that the affidavit(s) and any recorded testimony establish probable cause to seize the property.

**YOU ARE COMMANDED** to execute this warrant and seize the property on or before ___Aug. 26, 2011___
                                                                                                    *(not to exceed 14 days)*

☑ in the daytime – 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night, as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must also give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

An officer present during the execution of the warrant must prepare, as required by law, an inventory of any property seized and the officer executing the warrant must promptly return this warrant and a copy of the inventory to United States Magistrate Judge ___Duty Magistrate Judge___
                                                                                                                            *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30).*

                (LSS)                           ☐ until, the facts justifying, the later specific date of _____

Date and time issued:   08/12/2011   12:30 PM        _Lurana S. Snow_
                                                                                        *Judge's signature*

City and state:     Ft. Lauderdale , Florida        Lurana S. Snow, United States Magistrate Judge
                                                                                    *Printed name and title*

498

AO 108 (Rev. 06/09) Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | | |
|---|---|---|
| In the Matter of the Seizure of | ) | |
| *(Briefly describe the property to be seized)* | ) | Case No. 11-6389-SNOW |
| One (1) 1977 White Rolls Royce automobile, VIN # SRF31885. | ) | |
| | ) | |
| | ) | |

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the ___Southern___ District of ___Florida___ is subject to forfeiture to the United States of America under ___18___ U.S.C. § **981 & 982** *(describe the property)*:

One (1) 1977 White Rolls Royce automobile, VIN # SRF31885.

The application is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
*Applicant's signature*

Kelly Cook, Special Agent- U.S. Secret Service
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 08/11/2011    12 (155)

_____
*Judge's signature*

City and state:    Fort Lauderdale, Florida

Lurana S. Snow, U.S. Magistrate Judge
_____
*Printed name and title*

491

Case 9:11-cr-80072-KAM   Document 299-1   Entered on FLSD Docket 01/04/2012   Page 4 of 18

## AFFIDAVIT IN SUPPORT OF SEIZURE WARRANT

1.    I, Kelly Cook, a Special Agent of the United States Secret Service (USSS), currently assigned to the Miami Field Office located in Miami, Florida, being duly sworn, state the following:

### I. PROPERTY TO BE SEIZED

2.    I make this affidavit in support of an application for the issuance of a seizure warrant to seize a 1977 white Rolls-Royce, VIN: SRF31885, pursuant to Title 18 U.S.C.§§981(a)(1)(C), and 982(b)(1), and the procedures of Title 21 U.S.C.§853, as proceeds from wire fraud, mail fraud, and money laundering offenses, in violation of Title 18 United States Code, Sections 1341, 1343, 1349, 1956, and 1957.

### II. BACKGROUND AND TRAINING OF THE AFFIANT

3.    I am a Special Agent with the United States Secret Service (U.S.S.S.) assigned to the Miami Field Office.  As such, I am an investigative or law enforcement officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in violation of Title 18, United States Code, Sections 1343, 1341, 1349, 1956, and 1957.  I have been a Special Agent with the U.S.S.S. since July 2007.  I have been assigned to the Miami Field Office since that time, and I have been involved to numerous investigations involving bank fraud, wire fraud, money laundering, and other related offenses.  I successfully completed the seven (7) month U.S.S.S. Basic Agents Training Academy at the James J. Rowley Training Center.  During that period of training, I received instruction on the subject of mail fraud, wire and bank fraud investigations,

1

492

among other subjects. I also have been involved in investigations concerning large scale bank fraud, wire fraud and money laundering.

4.     I have personally participated in the investigation of the violations alleged in this Affidavit. The information in this Affidavit is based on my personal knowledge of the facts contained herein as well as information conveyed to me by other law enforcement officers and witnesses.

5.     As this Affidavit is submitted for the sole purpose of establishing probable cause for the issuance of seizure warrant/s, I have not set forth all of the information which is known to me about the investigation of the violations alleged herein, but rather I have set forth only those facts and information which are sufficient for the purpose of which this Affidavit is being submitted.

### III. CURRENT INVESTIGATION

6.     In 2006, the Fort Lauderdale Police Department initiated an investigation into possible criminal activities of Rose Marks (a/k/a Joyce Michaels), and her co-conspirators, including many of her family members, who have been involved in criminal activity from as early as 1991 and continuing until the present. According to the documents and records reviewed by law enforcement officials and testimony presented to a grand jury sitting in the Southern District of Florida, Rose Marks, (a defendant in <u>United States vs. Rose Marks, et al</u>, Case No. 11-80072-CR-MARRA(s), (which indictment is currently sealed) claimed to be a psychic or clairvoyant gifted by God, to guide her clients through personal difficulties using the natural laws of the universe. Rose Marks claimed to her clients to have helped executives of Fortune 500 companies, movie stars, and dignitaries from around the world,

2

493

Case 9:11-cr-80072-KAM   Document 299-1   Entered on FLSD Docket 01/04/2012   Page 6 of 18

using her powers of intuition that enabled her to perceive things beyond the natural range of the five human senses. Defendant Rose Marks also provided tarot card readings, palm readings, astrology readings, numerology readings, and spiritual readings for her clients.

7.      Defendant Rose Marks further represented to her clients that she was conferring with Michael the Archangel for his advice and counsel for them. Defendant Rose Marks induced numerous vulnerable clients to convey to her their worldly possessions, including money, jewelry, and expensive property, with the false promise of returning all the money and property after performing certain rituals. Defendant Rose Marks then would use these monies and other valuables to obtain numerous assets for herself and her family members and friends

8.      Defendant Rose Marks would falsely represent to her vulnerable clients (victims) that she could determine if a curse or evil spirits were present in their lives or bodies. It was further part of the conspiracy that defendant Rose Marks  would make false statements in order to frighten victims into giving large sums of money, jewelry, gold coins, and other things of value under the false pretense that they would be cleansed of their curses and evil spirits and then fail to return them.

9.      Defendant Rose Marks would convince victims that if they did not give her the large sums of money, jewelry, gold coins, and valuables, terrible things would happen to their family and friends such as the suffering of terrible diseases, financial hardships, and other terrible catastrophes. For example, in 2006 defendant Rose Marks convinced one victim, J.M., that she had to give her, Rose Marks, large sums of money so that the victim's deceased son's soul would be protected in purgatory.

494

10.   Defendant Rose Marks never returned any of the money or valuables to victims and instead kept all monies, totaling at least $40 million dollars, which monies were used to obtain numerous assets and/or were funneled that money through various bank accounts in her name and/or the names of her co-conspirators.

### IV. VICTIM J.M.

11.   Defendant Rose Marks claimed she had a gift from God that would assist *victim* J.M. with any crisis she had in her life. Defendant Rose Marks claimed that she would use her psychic powers and confer with a higher authority to guide victim J.M. in the right direction in her life, but that she needed to pray over large amounts of money to protect J.M. from evil. Defendant Rose Marks assured J.M. that the money was a sacrifice, not a payment, and promised the money would be returned. Defendant Rose Marks promised J.M. that while she was praying over the large sums of money she provided, it would start relieving J.M. and her friends and family of all evil spirits and bad luck and end all curses. J.M.'s money was never returned to her by defendant Rose Marks.

12.   Defendant Rose Marks conducted her fortune telling business from locations in Ft. Lauderdale, Florida and New York, New York. Defendant Rose Marks conducted business as "Joyce Michael, Inc.". Her local business was located at 1130 South Federal Highway, Fort Lauderdale, Florida. She also conducted business at 21 West 58 Street, Suite 1A, New York, New York. She and her family members currently operate a business at 1003 SE 17th Street, 2nd Floor, Fort Lauderdale, Florida.

13.   LSS                        YL                                    Defendant Rose

Marks received approximately **$20 (twenty) million dollars** from victim J.M. through the

4

495

course of approximately 200 separate transactions from 06/12/97 to 01/15/08. Defendant Rose Marks distributed this money to herself and her co-conspirators. Approximately $11.5 million went directly to bank accounts owned by Rose Marks personally.

14.     As recent as 05/04/10, a victim named in the superseding indictment sent $374,000.00 to defendant Rose Marks. Recent surveillance has shown that defendant Rose Marks and her co-conspirators still conduct their fortune telling fraud scheme.

15.     Defendant Rose Marks and her co-conspirators would instruct victims to transfer sums of money to each other, to other co-conspirators, and their companies in an attempt to conceal the receipt of the money.

16.     Surveillance from 2007 to 2011 has shown that Rose Marks and her co-conspirators have, other than their fortune telling fraud scheme, no legitimate occupation/s or any other source/s of income.

17.     The IRS transcripts received by the U.S. Attorney's Office, AUSA Lawrence Bardfeld, in response to an ex parte tax disclosure order show that Rose Marks' income was minimal and insufficient to justify her lavish lifestyle, including the purchase of various assets, such as a 2002 Mercedes Benz, 1996 Sunseeke vessel, 1989 Mercedes Benz, 1977 Rolls-Royce, 1998 Bentley, 2006 Mitsubishi Endeavor, 2008 Lexus, and a 2009 Mercedes Benz. For example, according to IRS transcripts, defendant Rose Marks reported a taxable income of $40,372.00 for the year 2007, she did not file income taxes 2008, and a taxable income of $38,932.00 in 2009.

18.     On 08/18/03, check 1133 was written from victim J.M.'s business checking account at Mountain Bank for $73,125.00 made payable to defendant Rose Marks and deposited

5

Case 9:11-cr-80072-KAM Document 299-1 Entered on FLSD Docket 01/04/2012 Page 9 of 18

11-6389-SNOW

into her checking account at Bank of America (ending in 7709). On 08/18/03, check 1132 was written from victim J.M.'s business checking account at Mountain Bank for $73,125.00 made payable to defendant Rose Marks and deposited into her checking account at Bank of America (ending in 5002).

19. On 08/20/03, the vehicle registration for the 1977 white Rolls-Royce, VIN: SRF31885, subject of this application, was issued to defendant Rose Marks. This vehicle is believed to be located at 1319 Seminole Drive, Ft. Lauderdale, FL, residence of Rose Marks.

20. On May 19, 2011, a Federal Grand Jury in the Southern District of Florida returned a true bill of indictment and arrest warrants were issued for defendant Rose Marks and her co-conspirators, including Nancy Marks, Ricky Marks, Donnie Eli, Rosie Eli, Vivian Marks, Cynthia Marks, Michael Marks, Victoria Eli, and Peter Wolofsky, on violations of Title 18 USC§§1341, 1343, 1349, 1956, and 1957. This indictment included forfeiture allegations, after the grand jury found probable cause to believe that the asset subject of this application was forfeitable.

21. Your affiant has reason to believe that there is evidence showing probable cause that the aforementioned asset was obtained by defendant Rose Marks and or her co-defendants with proceeds from their fortune telling fraud scheme.


I declare under penalty of perjury that the information contained herein is true and correct.


KELLY COOK, SPECIAL AGENT
UNITED STATES SECRET SERVICE

Sworn to and subscribed before
me this _____ day of August, 2011.


LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

6

497

# COMPOSITE EXHIBIT

# 2

Case 9:11-cr-80072-KAM   Document 299-1   Entered on FLSD Docket 01/04/2012   Page 19 of 18

**7159379**

**FW D 147**

**2510931**

**Maryland Department of Transportation**
MOTOR VEHICLE ADMINISTRATION
6601 RITCHIE HIGHWAY, N.E.
GLEN BURNIE, MARYLAND 21062

| TITLE NUMBER | TAG NUMBER | | STICKER NUMBER | | | | N | T | D |

| MAKE AND BODY STYLE | YEAR | CLASS | EXCEPT | SERIAL NUMBER | | CHASSIS WT. | GROSS WT. | TAG FEE | REG. YEAR |
|---|---|---|---|---|---|---|---|---|---|
| ROLL 45 | 77 | A | N/A | SRF 31885 | | Over | 3700 | 30 | 78 ☐ DC |

| OWNER'S/CO-OWNER'S DRIVER LICENSE NO. | DATE OF BIRTH | CO-OWNER'S DRIVER LICENSE NO. | DATE OF BIRTH | INSPECTION DATE | DEALER'S NO. | Ⓝ U |
|---|---|---|---|---|---|---|
| | 05/04/51 | | | N/A | | |

| NAME OF OWNER/CO-OWNER | NAME OF CO-OWNER |
|---|---|
| Joyce Eli Marks | |

| STREET ADDRESS | CITY OR TOWN | COUNTY | STATE | ZIP CODE |
|---|---|---|---|---|
| 7833 Wise Ave. | Balto | Ba | Md | 21222 |

| LIEN HOLDER | PURCHASE PRICE | TITLE TAX | |
|---|---|---|---|
| Equitable Trust Co. | 42500.00 | 2125.00 | REG. FEE  15 00 |
| | TRANSFER OF TAGS (WEIGHT INCREASE ONLY) | | MISC. FEE |
| | NEW FEE | SEE IMPORTANT INSTRUCTIONS ON REVERSE SIDE | TRANSFER |

| STREET ADDRESS | | TITLE FEE  2 00 |
|---|---|---|
| 20 E. North Ave. | | TAX REMITTED  2125 00 |

| CITY OR TOWN | STATE | ZIP CODE | ORIGINAL FEE | CASHIER CODE | FILING FEE  12 00 |
|---|---|---|---|---|---|
| Balto | Md | 21201 | | 13 | TOTAL AMOUNT ➡ 2154 00 |

| REMARKS | | | | | |

| EXAMINED BY | | CODE | CK Ⓒ |
|---|---|---|---|
| JD 68 | | | |

| | DATE OF ISSUE | TOTAL FEE PAID |
|---|---|---|
| | DMV 29431 0119 77 | 2154.00 |

**TEMPORARY REGISTRATION AND RECEIPT**
VR-260 (5/77)











Tel.(301)986-8800 Telex 44155

## WORKSHOP LABOR CHARGES $37.00 PER HR.

46433



**EuroMotorcars**
Bethesda, Inc.
MERCEDES BENZ/ROLLS ROYCE/MASERATI
4800 ELM STREET
BETHESDA, MD. 20014
(301) 986-8800
LABOR AND PARTS GUARANTEED 3000 MILES OR 90 DAYS

THANK YOU

WE ARE DEDICATED TO GOOD SERVICE. IF AT ANY TIME
WE FALTER IN OUR EFFORT, PLEASE CALL US.

Thank You

While it was here, we found that the following items need
attention.

Or needs maintenance in excess
of service approved.

FLAT RATE USED EXCEPT WHEN OTHERWISE SPECIFIED

| DESCRIPTION | AMOUNT |
|---|---|
| LABOR MECH. | |
| PARTS MECH. | |
| ACCESSORIES | |
| GAS, OIL, GREASE | 19 70 |
| SUBLET | |
| SHOP SUPPLIES | |
| TAX | |
| CHARGE | |
| CASH | |

No: 2176

Bale's R Service, Inc.

6410 TERMINAL ROAD
ALEXANDRIA, VIRGINIA 22312
703-750-6338

5700 C&D General Washington Drive
Alexandria, Virginia 22312
703-941-1327

| | |
|---|---|
| NAME | Nicholas C. Marks |
| ADDRESS | 6522 Backlick Road Springfield, Va 22150 |
| | CITY |
| DATE | 12/2/80 |

| MAKE | TYPE OR MODEL | YEAR |
|---|---|---|
| Rolls Royce | S/Shadow | 1977 |

| SERIAL NO. | ENGINE NO. |
|---|---|
| SRF 31885 | |

| SPEEDOMETER | LICENSE NO. | ORDER WRITTEN BY |
|---|---|---|
| | | |

| CUST. ORDER NO. | | |
|---|---|---|
| 21605 | | |

RECEIVED — A.M. / P.M.
PROMISED — A.M. / P.M.
PHONE WHEN READY — YES ○ NO ○
PHONE

| OSS | ISJ | | LABOR CHARGE | |
|---|---|---|---|---|
| LUBRICATION | ⊗ | | 10 | 00 |
| CHANGE OIL | ⊗ | | 13 | 95 |
| CHANGE OIL FILTER | ⊗ | | 10 | 00 |
| CHANGE TRANS. | ○ | | | |
| CHANGE DIFF. | ⊗ | | 3 | 50 |
| PACK FRONT WHEEL BRGS. | ○ | | | |
| ADJUST BRAKES | ○ | | | |
| ROTATE TIRES | ○ | | | |
| WASH | ○ | | | |
| POLISH | ○ | | | |

OPER NO. | INSTRUCTIONS

Replace Transmission Filter

Install Windshield Washer Pump

| | | LABOR | | ACCOUNT | AMOUNT | INT | CLN | |
|---|---|---|---|---|---|---|---|---|
| | | | C | Riel | 250 00 | | C | S |
| | | | | B/Due | 32 14 | | | |

NOT RESPONSIBLE FOR LOSS OF DAMAGE TO CARS OR ARTICLES LEFT IN CASE OF FIRE, THEFT OR ANY OTHER CAUSE BEYOND OUR CONTROL.

I hereby authorize the above repair work to be done along with the necessary material, and hereby grant you and/or your employees permission to operate the car or truck herein described on streets, highways or elsewhere for the purpose of testing and/or inspection. An express mechanic's lien is hereby acknowledged on above car or truck to secure the amount of repairs thereto.

| | | |
|---|---|---|
| TOTAL LABOR | S | |
| TOTAL PARTS | 88 | 00 |
| | 70 | 25 |
| ACCESSORIES | 8 | 00 |
| GAS, OIL GREASE | 44 | 95 |
| SUBLET REPAIRS | | |
| Bal P/O 2170 | 67 | 32 |
| TAX | 4 | 12 |
| TOTAL | 282 | 64 |

---

| COST | QUAN. | NUMBER | DESCRIPTION | PRICE | |
|---|---|---|---|---|---|
| | 1 | PARTS UE 40893 | Oil Filter | 28 | 07 |
| | 1 | TF 16 | Trans Filter | 22 | 76 |
| | 1 | P-50 | Washer Pump | 19 | 42 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | ACCESSORIES | | | |
| | 2 | Cans | Porzelack Wax | 8 | 00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | SUBLET REPAIRS | | | |
| | | | | | |
| | | GAS, OIL & GREASE GALS. GAS @ | | | |
| | | QTS. OIL @ | | | |
| | | LBS. GREASE @ | | | |
| | 5 | qts T/M Oil | 7 | 50 |

Allen A Bissette Business Forms • 736-6400

CUSTOMER COPY

35285

| DATE 03/30/82 | MONTGOMERY CO. REG. NO. 804 | CONTROL NO. | BUSINESS PHONE 971-9841 | HOME PHONE | PHONE WHEN READY ☐ YES ☐ NO |
|---|---|---|---|---|---|

1977 Rolls Royce 888R    LICENSE NO. HNR 062 MD    A.M. P.M.

MILEAGE 32,751

DEALER - NAME - ADDRESS

OWNER NAME: Ms. Joyce Marks
ADDRESS: 6602 Franconia Road, Springfield, VA

I HAVE ROAD TESTED THIS VEHICLE AND BELIEVE THE WORK AS DETAILED WAS NECESSARY AND HAS BEEN PERFORMED SATISFACTORILY.

CHASSIS NO. SRF 31885

| DESCRIPTION | PRICE | | | |
|---|---|---|---|---|
| Filter | 25.50 | | | |
| Cotter | 2.95 | | | |
| | 1.50 | | | |
| Plugs | 14.4 | | | |
| | 50 | | | |
| 5v | 45 | | | |

LUB. ☐  OIL CHANGE ☐  FILTER ☐  SCHEDULED MAINT. #

(2) O/H Weakener/Carb Vent Device
    Make vent and fuel restrictor modes.    2.0    64.00
    CK Exhaust Run (Hits Under Car)
    Reposition shields    .1    3.20

(3) Refit Loose Carb Dampers
    CK ACU (Test & Set) No Changeover Operation)
    Reset upper calibration    2.0    64.00

(1) CK Choke Operation (No Fast Idle in AM)
    APR if Minor    Clean and adjust.    1.0    32.00

(4) Lubricate, Change Oil & Filter    1.0    32.00
    Renew Spark Plugs    1.6    51.20

TOTAL ►

PARTS TOTAL
ACC. TOTAL    19.00

FLAT RATE USED EXCEPT WHEN OTHERWISE SPECIFIED

**EuroMotorcars**
Bethesda, Inc.
MERCEDES-BENZ/ROLLS-ROYCE/MASERATI
4800 ELM STREET
BETHESDA, MD. 20014
(301) 986-8800
LABOR AND PARTS GUARANTEED 3,000 MILES OR 90 DAYS

THANK YOU

| DESCRIPTION | AMOUNT |
|---|---|
| LABOR MECH. | 246 40 |
| PARTS MECH. | 52 85 |
| ACCESSORIES | |
| GAS, OIL, GREASE | 17 00 |
| SUBLET | |
| SHOP SUPPLIES | |
| TAX | 3 50 |
| CHARGE | |
| CASH | 319 75 |

RIGHTS
no
more I do    do not

do    do not

LUB.

& GREASE

BLET TOTAL

ERVICE. IF AT ANY TIME SE CALL US.

he following items need

Case 9:11-cr-80072-KAM   Document 299-1   Entered on FLSD Docket 01/04/2012   Page 16 of 18





# EXHIBIT "3"



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-80072-CR-MARRA/VITUNAC (s)(s)

UNITED STATES OF AMERICA

vs.

ROSE MARKS, et al.

Defendants.

_____/

## **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RETURN OF 1977 ROLLS ROYCE**

The United States of America, by and through undersigned counsel, files this response to Defendant Rose Marks' Motion for Return of 1977 Rolls Royce. Defendant seeks return of a 1977 Rolls Royce claiming that the vehicle was purchased by Rose Marks and her husband in 1977 and since the conspiracy began in 1991, the vehicle could not have been purchased by the proceeds of criminal activity. If Rose Marks purchased the vehicle in 1977, the property is not subject to forfeiture and the vehicle should be returned. However, the 1977 Rolls Royce should not be returned because Rose Marks cannot prove that she actually purchased the vehicle in 1977. Instead, she can only establish that the vehicle was purchased by Joyce Eli Marks, and then title was transferred to Rose Marks in 2003.

On November 10, 1997, a Certificate of Title from the State of Maryland for the 1977 Rolls Royce was issued in the name Joyce Eli Marks. See Exhibit 1. That Maryland Certificate of Title establishes that as of November 10, 1997, the Rolls Royce was titled in the name Joyce Eli Marks, 1909 York Road, Timonium Maryland 21093. On August 19, 2003, an Application for

Case 9:11-cr-80072-KAM   Document 391   Entered on FLSD Docket 02/24/2012   Page 2 of 9

Vehicle/Vessel Certificate of Title and/or Registration was completed. See Exhibit 2. That vehicle registration indicates that as of 8/20/03, when title was issued, Rose Marks, at 4403 57 St. W, Bradenton, FL 34210 was the applicant/owner, and that the date it was acquired was 8/19/2003, having previously been registered in the State of Maryland. The exhibit further indicates that Rose Marks was the Applicant/Owner and the vehicle was received as a gift. The State of Florida Department of Highway Safety and Motor Vehicles Application for Certificate of Title was completed in which it was indicated that as of 8/19/03, Rose Marks was the owner of the Rolls Royce. See Exhibit 3. Page 2 of that Application shows Joyce Eli Marks of 1909 York Road, Timonium, MD 21093, to be the transferor of that vehicle on August 19, 2003. It further provides that the vehicle was a gift. Rose Marks signed that Application Attestment and Signatures on August 19, 2003. Pursuant to that State of Florida Application, Rose Marks (whose mailing address is 4403 57 Street West, Bradenton, FL 34210) is receiving that vehicle as a gift from Joyce Eli Marks (1909 York Rd, Timonium, MD 21093). If Rose Marks was actually Joyce Eli Marks as she claims, why would she transfer title to the vehicle as a gift, with Joyce Eli Marks having a different address than Rose Marks.

Finally, an Assignment of Ownership is attached as Exhibit 4. That Assignment of Ownership indicates that the date of sale of the vehicle was 8/19/03 and that there was no sale price because it was a gift. However, that Assignment of Ownership further provides: "The undersigned hereby certifies that the vehicle described in this title has been transferred to the following. Name of Buyer: Rose Marks of 4403 57 Street West, Bradenton, FL 34210." The document further has a place for the signature of the seller, and the printed name of the seller, as well as signature of buyer and the printed name of the buyer. The Assignment of Ownership has a signature of Joyce E.

Marks as the seller, and a signature of Rose Marks as the buyer. If Joyce Eli Marks and Rose Marks are the same person, why are there different signatures for the buyer and seller.

Defense claims that it might be "slightly confusing" to determine actual tile to the 1977 Rolls Royce. It is not "slightly confusing", it is very confusing as to when Rose Marks actually obtained title to that vehicle. The United States can establish that Rose Marks received title to the 1977 Rolls Royce on August 19, 2003, in the State of Florida. If Rose Marks obtained that vehicle in 2003, it was during the scope and course of the conspiracy and therefore is subject to forfeiture. The United States can establish that Rose Marks received that vehicle as a gift from Joyce E. Marks. Based on the transfer of title and the transactions that have occurred, there is no reason to believe that Joyce E. Marks and Rose Marks are the same person or that Rose Marks actually acquired the vehicle in 1977. Instead, since Rose Marks obtained the vehicle and title in 2003 it is subject to forfeiture, because it was obtained during the scope of the conspiracy.

After counsel filed the Motion to Return 1977 Rolls Royce, the United States requested documentation to establish that Rose Marks (not Joyce Eli Marks) owned and/or purchased the vehicle. Counsel had no documentation to show that the Rose Marks purchased the vehicle. Instead, he claimed that she went by the name "Joyce", her maiden name is "Eli" and her last name is "Marks". However, in light of the fact that there is significant documentation that Joyce E. Marks transferred the property to Rose Marks, the United States is not satisfied that Rose Marks purchased the vehicle in 1977, before the conspiracy began.

Finally, defense takes issue with the fact that in an affidavit, the agent indicated that "this vehicle is believed to be located at 1319 Seminole Drive, Fort Lauderdale, Florida, residence of Rose Marks." That is because the vehicle was registered in her name as of 2003, and her address is

3

1319 Seminole Drive, Fort Lauderdale, Florida.   The agent never indicated that the vehicle as seen at that address, only that it was registered to Rose Marks at that address.

Defendant claims that the government misled the grand jury and Judge Snow[1] when seeking to forfeit the property. Defendant is mistaken. Defendant is Rose Marks. The 1977 Rolls Royce was purchased in the name of Joyce Eli Marks.  Defendant would have you believe that the Government should have known that Joyce Eli Marks and Rose Marks are one and the same person. The date of birth that Joyce Eli Marks used when she purchased the Rolls Royce was May 4, 1951.  Now Rose Marks claims her date of birth was actually May 3, 1951.

Based on the documentation attached to this response, it appears that since title to the vehicle was originally in the name Joyce Eli Marks in the State of Maryland, and then it was transferred to Rose Marks in the State of Florida as a gift in 2003, Joyce Eli Marks and Rose Marks are not the same person.  Accordingly, Defendant Rose Marks' Motion to Return 1977 Rolls Royce should be denied.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:    /s/ Laurence M. Bardfeld
        Laurence M. Bardfeld
        Assistant United States Attorney
        Florida Bar No. 712450
        500 East Broward Boulevard, Suite 700
        Fort Lauderdale Florida 33394
        Tel: (954) 356-7255, ext 3611
        Fax: (954) 356-7336
        E-Mail: Laurence.Bardfeld@usdoj.gov

---

[1] Judge Snow was the Magistrate Judge who signed the seizure warrant on the 1977 Rolls Royce.

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via CM/ECF this 24th day of February, 2012.

/s/ Laurence M. Bardfeld
Laurence M. Bardfeld
Assistant United States Attorney

# EXHIBIT ONE

# MARYLAND CERTIFICATE OF TITLE
## DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR VOIDS.

**L0341328**

NAME(S) AND ADDRESS OF REGISTERED OWNER(S)

JOYCE ELI MARKS
1909 YORK RD
TIMONIUM MD 21093

**ODOMETER CODES**
A. Actual Mileage
B. Exceeds Mechanical Limits
C. Not Actual Mileage

DUPLICATE
COPY *01*

CONTROL NO.
(This is not a Title No.)

**L0341328**

I, THE UNDERSIGNED, HEREBY CERTIFY THAT AN APPLICATION FOR CERTIFICATE OF TITLE HAS BEEN MADE FOR THE VEHICLE DESCRIBED HEREON, PURSUANT TO THE PROVISIONS OF THE MOTOR VEHICLE LAWS OF THIS STATE, AND THE APPLICANT NAMED ON THE FACE HEREOF HAS BEEN DULY RECORDED AS THE LAWFUL OWNER OF SAID VEHICLE.

THE ADMINISTRATION WILL NOT BE RESPONSIBLE FOR FALSE OR FRAUDULENT ODOMETER STATEMENTS MADE IN THE ASSIGNMENT OF THE CERTIFICATE OF TITLE OR FOR ERRORS MADE IN RECORDING BY THE ADMINISTRATION.

NAME(S) AND ADDRESS OF SECURED PARTIES IN RECORDED ORDER

**LIEN RELEASE**

**MVA USE ONLY**
OFFICIALLY ISSUED ON THE DATE SET FORTH ABOVE

ADMINISTRATOR OF MOTOR VEHICLES
VR-2 (2-97)
CONTROL NO.
(This is not a Title No.)

**L0341328**

THIS TITLE CONTAINS AN EAGLE WATERMARK WHICH IS VISIBLE WHEN HELD TO LIGHT

# EXHIBIT TWO

**APPLICATION FOR VEHICLE/VESSEL**
**CERTIFICATE OF TITLE**
**AND/OR REGISTRATION**

| COUNTY | AGY # | SUB # | REPORT # |
|---|---|---|---|
| 10 | 6 | EZS | 1239 |

L # 727159

T# 358695672
B# 496280
R# 358695781

| DECAL NUMBER | DECAL YR. ISSUED | SEX | BIRTHDATE MO. DAY YEAR | EXPIRES MO. DAY | TRANS FP | INSURANCE PLATE LIABILITY ISSUED | RESIDENT Y N | COUNTY RES # | NO. | DATE OF ISSUE DAY YEAR | PLATE NUMBER OR FLORIDA # |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 10338514 | 4 | X | F 0803 51 | 05 05 04 | DRR | 6 | X | 19 | 05 20 | 03 | W73VQT |

| TITLE NUMBER | VEHICLE/VESSEL IDENTIFICATION # | YR. MAKE | MAKE or MANUFACTURER | BODY TYPE | CLASS | WT/LENGTH | GVW/LOC |
|---|---|---|---|---|---|---|---|
| 88631494 | SRF31885 | 1977 | ROL | 4D | 1 | 5100 | |

| HULL MATERIAL | PROPULSION | FUEL | VESSEL USE | VESSEL TYPE | WATER | CODE | VEHICLE COLOR | 1st OWNER FL/DL# OR F.E.I.D # |
|---|---|---|---|---|---|---|---|---|
| | | | | | | RGS | WHI | M620720516630 |

2nd OWNER FL/DL# OR DR #

Applicant / Owner's Name & Address

ROSE MARKS
4403 57 ST W
BRADENTON, FL. 34210

VOLUNTARY CONTRIBUTIONS:

| | CREDIT VEHICLE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| FLEET NUMBER | MOS. | CLASS | WT/LENGTH | MOS. | REG. FEE | INT. REG. | AGENCY FEE | MAIL FEE | TITLE FEE | SALES TAX | GRAND TOTAL |
| | | | | 9 | 53.10 | 1.00 | 6.75 | | 29.00 | 0.00 | 188.85 |

Action Requested: ORIG USED TITLE    Brands:

| STATE PREV. REG. | DATE ACQUIRED | NEW | USED | ODOMETER / VESSEL MANUFACTURER |
|---|---|---|---|---|
| MD | 08/19/2003 | | XX | EXEMPT |

**LIEN INFORMATION**   DATE OF LIEN   FEID # OR FL / DL # AND SEX AND DATE OF BIRTH

ODOMETER
DECLARATION
CERTIFICATION

NAME OF FIRST LIENHOLDER: (IF NO LIEN, ENTER NONE)

ADDRESS:

VEHICLE USE:

CITY                    STATE                    ZIP CODE

PRIVATE

SALVAGE TYPE

**SELLER INFORMATION**
NAME OF SELLER, FLORIDA DEALER, OR OTHER PREVIOUS OWNER:

ADDRESS:

CITY                    STATE                    ZIP CODE

DEALER LICENSE NO.

**SALES TAX AND USE REPORT**

TRANSFER OF TITLE
IS EXEMPT FROM
FLORIDA SALES OR
USE TAX FOR THE
REASON(S) CHECKED

☐ PURCHASER HOLDS VALID
EXEMPTION CERTIFICATE

☐ VEHICLE/VESSEL WILL BE USED
EXCLUSIVELY FOR RENTAL

☑ OTHER — GIFT

CONSUMER OR SALES TAX EXEMPTION #

INDICATE TOTAL PURCHASE PRICE, INCLUDING ANY
UNPAID BALANCE DUE SELLER, BANK OR OTHERS              $        0.00

INDICATE SALES OR USE TAX DUE AS PROVIDED BY
CHAPTER 212, FLORIDA STATUTES              $        0.00

☐ SELLING PRICE VERIFIED

**APPLICANT CERTIFICATION**
☐ I/WE HEREBY CERTIFY THAT THE VEHICLE/VESSEL TO BE TITLED WILL NOT BE OPERATED UPON THE PUBLIC HIGHWAYS/WATERWAYS OF THIS STATE.
☐ I CERTIFY THAT THE CERTIFICATE OF TITLE IS LOST OR DESTROYED.
☐ I CERTIFY THAT THIS MOTOR VEHICLE/VESSEL WAS REPOSSESSED UPON DEFAULT OF THE LIEN INSTRUMENT AND IS NOW IN MY POSSESSION.
I/WE HEREBY CERTIFY THAT I/WE LAWFULLY OWN THE ABOVE DESCRIBED VEHICLE/VESSEL, AND MAKE APPLICATION FOR TITLE. IF LIEN IS BEING RECORDED,
NOTICE IS HEREBY GIVEN THAT THERE IS AN EXISTING WRITTEN LIEN INSTRUMENT INVOLVING THE VEHICLE/VESSEL DESCRIBED ABOVE AND HELD BY
LIENHOLDER SHOWN ABOVE. I/WE FURTHER AGREE TO DEFEND THE TITLE AGAINST ALL CLAIMS.

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

HSMV 82041 (REV. 07/02) S          Signature of Applicant/Owner          DMV COPY          Signature of Applicant/Co-Owner

# EXHIBIT THREE

*Out of state  Title tranq*
*+ new fag*
*+ decal*
*200X*

STATE OF FLORIDA
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES
DIVISION OF MOTOR VEHICLES
Neil Kirkman Building — Tallahassee, FL 32399-0010
**APPLICATION FOR CERTIFICATE OF TITLE WITH/WITHOUT REGISTRATION**

**APPLICATION TYPE:** ☐ ORIGINAL ☒ TRANSFER ☐ DECEASED          ☒ MOTOR VEHICLE ☐ VESSEL

### 1 — OWNER / APPLICANT IDENTIFICATION

☐ OR ☐ AND  NOTE: When joint ownership, please indicate if "or" or "and" is to be shown on title when issued. If neither box is checked, the title will be issued with "and".

| | Unit Number | Fleet Number |
|---|---|---|

| Owner's First Name, Full Middle/Maiden Name, Last Name | Date of Birth | Sex | FL Driver License or FEID Number |
|---|---|---|---|
| ROSE  MACKS | 1.03.51 | F | H.620.720.51.663.0 |

| Co-Owner's First Name, Full Middle/Maiden Name, Last Name | Date of Birth | Sex | FL Driver License or FEID Number |
|---|---|---|---|

| Lessee's First Name, Full Middle/Maiden Name, Last Name | Date of Birth | Sex | FL Driver License or FEID Number |
|---|---|---|---|

| Owner's Mailing Address | City | State | Zip |
|---|---|---|---|
| 4403  57  ST WEST | BRADENTON | FL | 34210 |

| Co-Owner's / Lessee's Mailing Address | City | State | Zip |
|---|---|---|---|

| Owner's or Lessee's Street Address in Florida (Mandatory) | City | State | Zip |
|---|---|---|---|

### 2 — MOTOR VEHICLE, MOBILE HOME OR VESSEL DESCRIPTION

| Vehicle / Vessel Identification Number | Make / Manufacturer | Year | Body | Color | Florida Title Number |
|---|---|---|---|---|---|
| SRF31885 | ROLL | 77 | 4D | WHI | |

| Previous State of Issue | License Plate or Vessel Registration Number | Weight | Length | BHP/CC | GVW/LOC | FL Current Date of Issue |
|---|---|---|---|---|---|---|
| MARYLAND | | 3700 | FT.  IN. | | | |

### 3 — BRANDS AND USAGE (Check Applicable Boxes)

☒ Vehicle is: ☐ Vessel is: ☐ SHORT TERM LEASED ☐ LONG TERM LEASED ☐ REBUILT ☐ POLICE VEHICLE ☒ PRIVATE USE ☐ TAXI CAB ☐ FLOOD VEHICLE
☐ ASSEMBLED FROM PARTS ☐ MANUFACTURER'S BUY BACK ☐ REPLICA ☐ COMBINED ☐ KIT CAR ☐ GLIDER KIT

### 4 — LIENHOLDER INFORMATION

| If no lien, print "NONE" | FEID # or DL # and Sex and Date of Birth | Date of Lien | Lienholder Name |
|---|---|---|---|
| NONE | | | |

| Lienholder Address | City | State | Zip |
|---|---|---|---|

☐ If lienholder authorizes the Department to send motor vehicle or mobile home title to the owner, check box and countersign: _____
If box above is not checked, title will be mailed to the first lienholder.     Signature of Lienholder's Representative

### 5 — TRANSFER TYPE

IF OWNERSHIP HAS TRANSFERRED, HOW WAS VEHICLE, MOBILE HOME, VESSEL ACQUIRED? ☐ SALE ☒ GIFT ☐ REPOSSESSION ☐ COURT ORDER
☐ OTHER SPECIFY _____  DATE ACQUIRED 2-1-1903  ☐ NEW ☒ USED

### 6 — VESSEL DESCRIPTION AND USAGE / MISC. OWNER INFORMATION

**TYPE**
☐ Open Motorboat ☐ Houseboat ☐ Personal Watercraft
☐ Cabin Motorboat ☐ Pontoon ☐ Canoe
☐ Auxiliary Sailboat ☐ Airboat ☐ Other _____
☐ Inflatable ☐ Sailboat  Specify

**HULL MATERIAL**
☐ Wood ☐ Aluminum
☐ Fiberglass ☐ Steel
☐ Wood/Fiberglass
☐ Other _____  Specify

**PROPULSION**
☐ Outboard ☐ Sail
☐ Inboard ☐ Air Propelled
☐ Inboard/Outboard
☐ Other _____  Specify

**FUEL**
☐ Gas
☐ Diesel
☐ Electric
☐ Other _____  Specify

**\*DRAFT OF VESSEL** (The depth of water a vessel draws)
_____ FT. _____ IN. (In length and at outboard)

**Use of Vessel**
☐ Pleasure ☐ Commercial Canoe ☐ Commercial Blue Crab ☐ Commercial Stone Crab
☐ Dealer/Manuf. ☐ Commercial Fish ☐ Commercial Live Bait ☐ Commercial Shrimp Recip.
☐ Exempt ☐ Commercial Hire ☐ Commercial Mackerel ☐ Commercial Shrimp Non-Recip.
☐ Government ☐ Commercial Sponge ☐ Commercial Oyster ☐ Commercial Spiney Lobster
 ☐ Commercial Charter ☐ Commercial Other

| Owner | Co-Owner |
|---|---|
| Are you a Florida resident? ☐ Yes ☐ No | ☐ Yes ☐ No |
| Are you an alien? ☐ Yes ☐ No | ☐ Yes ☐ No |

Previous Out-of-State Registration Number:

Previously Federally Documented Vessel, Attach Copy of:
☐ U.S. Coast Guard Release From Documentation Form; or   ☐ Copy of Cancelled Documentation Papers

State of Principal Use

### 7 — MOTOR VEHICLE IDENTIFICATION NUMBER VERIFICATION

THIS SECTION REQUIRES A PHYSICAL INSPECTION AND A VERIFICATION OF THE VEHICLE IDENTIFICATION NUMBER OF THE MOTOR VEHICLE DESCRIBED ON THIS FORM BY A LICENSED DEALER, FLORIDA NOTARY PUBLIC, POLICE OFFICER, OR DIVISION OF MOTOR VEHICLES EMPLOYEE OR TAX COLLECTOR EMPLOYEE. COMPLETE THIS SECTION ON ALL USED MOTOR VEHICLES, INCLUDING TRAILERS, (WITH ABBREVIATION OF "TL" WITH A WEIGHT OF 2,000 POUNDS OR MORE) NOT PREVIOUSLY TITLED IN FLORIDA.

I, the undersigned, certify that I have physically inspected the above described vehicle and that the vehicle identification number to be: **SRF31885**

| DATE | SIGNATURE | Vehicle Identification Number |
|---|---|---|
| 8-19-03 | Monica M Marcu | MONICA M MARCU |

Law Enforcement Officer _____
Dealer License Number _____  Badge ID Number _____ DMV/Tax Collector Employee _____
 Florida Compliance Examiner / Inspector Badge or ID Number _____

MONICA M. MARCU
MY COMMISSION #CC871420
EXPIRES: September 14, 2003
Bonded Thru Notary Public Underwriters

### 8 — ODOMETER DECLARATION

WARNING: Federal and state law requires that you state the mileage in connection with an application for a Certificate of Title. Failure to complete or providing a false statement may result in fines or imprisonment.

I STATE THAT THIS MOTOR VEHICLE'S ☐ 5 DIGIT OR ☐ 6 DIGIT ODOMETER NOW READS [E]X[X][,][X][X][X].[xx] (no Tenths) MILES, DATE READ 2-19-03, AND TO THE BEST OF MY KNOWLEDGE THAT IT REFLECTS THE ACTUAL MILEAGE OF THE VEHICLE DESCRIBED IN THIS DOCUMENT UNLESS ONE OF THE FOLLOWING IS CHECKED.

CAUTION: ☐ 1. IN EXCESS OF ITS MECHANICAL LIMITS, I HEREBY CERTIFY THAT, TO THE BEST OF MY KNOWLEDGE, THE ODOMETER READING REFLECTS THE AMOUNT OF MILEAGE IN EXCESS OF ITS MECHANICAL LIMITS.
DO NOT CHECK IF ACTUAL MILEAGE ☐ 2. IS NOT THE ACTUAL MILEAGE. I HEREBY CERTIFY THAT THE ODOMETER READING IS NOT THE ACTUAL MILEAGE.  WARNING — ODOMETER DISCREPANCY

### 9 — DEALER SALES TAX REPORT

| Florida Sales Tax Registration Number | Date of Sale | Dealer License Number | Amount of Tax | Dealer/Agent Signature |
|---|---|---|---|---|

HSMV 82040 (Rev. 6/90) S

**10** SALES TAX INFORMATION
* EVEN TRADE OR TRADE DOWN - STATE THE FACTS OF THE EVEN TRADE OR TRADE DOWN IN THE SPACE PROVIDED BELOW:

** TRANSFEROR INFORMATION:

NAME _JOYCE ELi MARKS_
PRINT TRANSFEROR NAME

ADDRESS _1909 YORK RD_

CITY _TIMONIUM_ STATE _MD_ ZIP _21093_

NOTE: ANY PRESUMPTION, REGARDING THE TAXABILITY OF AIRCRAFT, BOATS, MOBILE HOMES, MOTOR VEHICLES, OR OTHER VEHICLES OF A CLASS OR TYPE REQUIRED TO BE REGISTERED, LICENSED, TITLED, OR DOCUMENTED IN THIS STATE OR BY THE UNITED STATES GOVERNMENT, ESTABLISHED BY RULE 12A-1.007,F.A.C., MAY BE REBUTTED ONLY BY CLEAR AND CONVINCING EVIDENCE TO THE CONTRARY. DECLARATIONS AFTER THE FACT ARE OF LITTLE VALUE AS EVIDENCE BECAUSE OF THEIR SELF-SERVING NATURE AND WILL BE GIVEN LITTLE WEIGHT.

**11** SALES TAX EXEMPTION CERTIFICATION

THE PURCHASE OF A RECREATIONAL VEHICLE TO BE OFFERED FOR RENT AS LIVING ACCOMMODATIONS DOES NOT QUALIFY FOR EXEMPTION. I CERTIFY THE RECREATIONAL VEHICLE, MOBILE HOME OR VESSEL DESCRIBED HAS BEEN PURCHASED AND IS EXEMPT FROM THE SALES TAX IMPOSED BY CHAPTER 212, FLORIDA STATUTES, BY:

☐ PURCHASER (STATE AGENCIES, COUNTIES ETC.) HOLDS VALID EXEMPTION CERTIFICATE.    CONSUMER'S CERTIFICATE OF EXEMPTION NO.

☒ MOTOR VEHICLE    ☐ MOBILE HOME    ☐ VESSEL WILL BE USED EXCLUSIVELY FOR RENTAL

SALES TAX REGISTRATION NUMBER

I hereby certify that ownership of the motor vehicle, mobile home or vessel described on this application, is not subject to Florida sales and use tax for the following reason: ☐ INHERITANCE ☒ GIFT

☐ DIVORCE DECREE ☐ TRANSFER BETWEEN HUSBAND AND WIFE ☐ *EVEN TRADE OR TRADE DOWN (COMPLETE SECTION 10) ** TRANSFEROR INFORMATION (COMPLETE SECTION 10)
☐ OTHER (EXPLAIN)

**12** REPOSSESSION DECLARATION
IF CHECKED, THE FOLLOWING CERTIFICATIONS ARE MADE BY THE APPLICANT:
☐ I CERTIFY THAT: (1) THIS MOTOR VEHICLE, MOBILE HOME OR VESSEL WAS REPOSSESSED UPON DEFAULT IN THE TERMS OF THE LIEN INSTRUMENT, (2) FOR MOTOR VEHICLES OR MOBILE HOMES, A CERTIFIED COPY OF WHICH IS ATTACHED TO THIS APPLICATION, (3) FOR VESSELS, A PHOTOCOPY OF WHICH IS ATTACHED TO THIS APPLICATION AND (4) THE MOTOR VEHICLE, MOBILE HOME OR VESSEL IS NOW IN MY POSSESSION.
☐ I CERTIFY THAT THE SALES CONTRACT FOR THE IDENTIFIED MOTOR VEHICLE, MOBILE HOME OR VESSEL WAS PURCHASED ON (DATE) _____ FROM _____

**13** NON-USE AND OTHER CERTIFICATIONS
IF CHECKED, THE FOLLOWING CERTIFICATIONS ARE MADE BY THE APPLICANT: ☐ THE VEHICLE IDENTIFIED WILL NOT BE OPERATED ON THE STREETS AND HIGHWAYS OF THIS STATE.
☐ I CERTIFY THAT THE CERTIFICATE OF TITLE IS LOST OR DESTROYED.    ☐ THE VESSEL IDENTIFIED WILL NOT BE OPERATED ON THE WATERS OF THIS STATE.
☐ OTHER: (EXPLAIN)

**14** APPLICATION ATTESTMENT AND SIGNATURES
I / WE PHYSICALLY INSPECTED THE ODOMETER AND I / WE FURTHER AGREE TO DEFEND THE TITLE AGAINST ALL CLAIMS.

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

_[signature]_ Date _8-19-03_    _____ Date _____
SIGNATURE OF APPLICANT (OWNER)    SIGNATURE OF APPLICANT (CO-OWNER)

**15** RELEASE OF SPOUSE OR HEIRS INTEREST

The undersigned person(s), state as follows: That _____ of _____ County, Florida died on the _____ day of
_____, 19____ ☐ testate (with a will) ☐ intestate (without a will) and left surviving (him/her) the following beneficiaries:

NAME    RESIDENCE

_____    _____

_____    _____

_____    _____

_____    _____

That at the time of death the decedent was owner of the motor vehicle, mobile home or vessel described in section 2 of this form. That the estate is not indebted, and the assets of the estate, excluding this motor vehicle, mobile home or vessel are sufficient to pay all just claims and that no probate proceedings have been instituted upon the estate. That the undersigned person(s) hereby release all their right, title, interest and claim as heirs of law, legatees, devisees, or otherwise to the aforesaid motor

vehicle, mobile home or vessel to: _____
Name of Applicant (Type or Print)

Signatures of surviving spouse, co-owner and/or heirs. More than one form HSMV 82040 may be used for additional signatures.
UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

_____

_____

_____

RESIDENTS OF FLORIDA AND ALL VESSEL OWNERS SHOULD SUBMIT THIS FORM AND ALL OTHER DOCUMENTATION TO THE LOCAL TAX COLLECTOR'S OFFICE FOR PROCESSING. OUT-OF-STATE MOTOR VEHICLE OR MOBILE HOME APPLICANTS MAY SUBMIT APPLICATION DIRECTLY TO DHSMV, NEIL KIRKMAN BUILDING, TALLAHASSEE, FL 32399-0610.

HSMV 82040 (Rev. 6/98) S

# EXHIBIT FOUR

Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

## ASSIGNMENT OF OWNERSHIP

This undersigned hereby certifies that the vehicle described in this title has been transferred to the following.

Name(s) of Buyer(s)   ROSE MARKS

Address of Buyer(s)   4403   57 ST WEST   BRADENTON   , FL : 34210
(STREET ADDRESS)   (CITY OR TOWN)   (COUNTY)   (STATE)   (ZIP CODE)

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.   SELLING PRICE
(no tenths) ☐ 2. The odometer reading is not the actual mileage.   DATE OF SALE   8-19-03
WARNING - ODOMETER DISCREPANCY

ODOMETER READING

SIGNATURE OF SELLER(S)   SIGNATURE OF CO-SELLER(S)
PRINTED NAME OF SELLER(S)   PRINTED NAME OF CO-SELLER(S)
SIGNATURE OF BUYER(S)   SIGNATURE OF CO-BUYER(S)
PRINTED NAME OF BUYER(S)   ROSE MARKS   PRINTED NAME OF CO-BUYER(S)

## APPLICATION FOR TITLE AND REGISTRATION

Name(s) of Buyer(s)

Address of Buyer(s)
(STREET ADDRESS)   (CITY OR TOWN)   (COUNTY)   (STATE)   (ZIP CODE)

Give Maryland Driver's License Number and Date of Birth, if you do not have a Driver's License, give Date of Birth

BUYER'S DRIVER'S LICENSE NO.   DATE OF BIRTH   CO-BUYER'S DRIVER'S LICENSE NO.   DATE OF BIRTH

IF NOT SUBJECT TO A LIEN, INDICATE "NONE"   AMOUNT OF LIEN   DATE OF LIEN   KIND OF LIEN (DESCRIBE)

NAME OF SECURED PARTY   ADDRESS OF SECURED PARTY

We hereby make application for   ☐ New Title   ☐ New Title and   ☐ New Title Only   IF MOTORCYCLE, LIST ENGINE NUMBER   IF TRUCK/TRACTOR/TRAILER LIST WEIGHT
(Check applicable block)   and Tags   Transfer of Tags   No Tags   G.V.W.   O.G.W.

If you are transferring tags from a vehicle that you sold, to this vehicle, give following (if applicable)   CLASS OF VEHICLE   TAG NUMBER   VALIDATION STICKER NUMBER

NAME OF PERSON TO WHOM YOU SOLD THE OLD VEHICLE   ADDRESS

CERTIFICATION OF INSURANCE   NAME OF INSURANCE COMPANY (COPY FROM YOUR POLICY)

POLICY OR BINDER NUMBER   NAME OF AGENT

NOTARY NOT REQUIRED   "I AM AWARE OF THE ODOMETER CERTIFICATION MADE BY THE SELLER"

I/we certify, under penalty of perjury that the statements made herein are true and correct to the best of my/our knowledge, information and belief and hereby state that the manufacturer's identification number shown on the face hereof agrees with the number plate on the vehicle.   SIGNATURE OF BUYER(S)

PRINTED NAME OF BUYER(S)

SIGNATURE OF CO-BUYER(S)

Witness My/Our Hand(s) And Seal   PRINTED NAME OF CO-BUYER(S)

This _____ Day of _____ 19 ___   MUST BE SIGNED BY OWNERS, OFFICER OF CORPORATION, OR PARTNER IN PARTNERSHIP

## DEALER'S RE-ASSIGNMENT

The undersigned hereby certifies that the vehicle described in this title has been transferred to the following.
Name(s) of Buyer(s)

Address of Buyer(s)
(STREET ADDRESS)   (CITY OR TOWN)   (COUNTY)   (STATE)   (ZIP CODE)
SIGNATURE OF BUYER(S)   SIGNATURE OF CO-BUYER(S)

PRINTED NAME OF BUYER(S)   PRINTED NAME OF CO-BUYER(S)

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
(no tenths) ☐ 2. The odometer reading is not the actual mileage.   DATE OF SALE
WARNING - ODOMETER DISCREPANCY

ODOMETER READING

SIGNATURE OF AUTHORIZED AGENT   DEALER'S NO.   GROSS TAX COLLECTION

PRINTED NAME OF AUTHORIZED AGENT   1.2% FEE ALLOWANCE

PRINTED NAME OF DEALERSHIP   NET TAX REMITTED

IF NOT SUBJECT TO A LIEN, INDICATE "NONE"   AMOUNT OF LIEN   DATE OF LIEN   KIND OF LIEN (DESCRIBE)

NAME OF SECURED PARTY   ADDRESS OF SECURED PARTY

## DEALER'S RE-ASSIGNMENT

The undersigned hereby certifies that the vehicle described in this title has been transferred to the following.
Name(s) of Buyer(s)

Address of Buyer(s)
(STREET ADDRESS)   (CITY OR TOWN)   (COUNTY)   (STATE)   (ZIP CODE)
SIGNATURE OF BUYER(S)   SIGNATURE OF CO-BUYER(S)

PRINTED NAME OF BUYER(S)   PRINTED NAME OF CO-BUYER(S)

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
(no tenths) ☐ 2. The odometer reading is not the actual mileage.   DATE OF SALE
WARNING - ODOMETER DISCREPANCY

ODOMETER READING

SIGNATURE OF AUTHORIZED AGENT   DEALER'S NO.   GROSS TAX COLLECTION

PRINTED NAME OF AUTHORIZED AGENT   1.2% FEE ALLOWANCE

PRINTED NAME OF DEALERSHIP   NET TAX REMITTED

IF NOT SUBJECT TO A LIEN, INDICATE "NONE"   AMOUNT OF LIEN   DATE OF LIEN   KIND OF LIEN (DESCRIBE)

NAME OF SECURED PARTY   ADDRESS OF SECURED PARTY

**ANY ALTERATION OR ERASURE VOIDS THIS TITLE.**   VR-2 (2-97)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-80072-CR-MARRA/VITUNAC(s)

UNITED STATES OF AMERICA,

v.

ROSE MARKS, et al.

          Defendants.

_____/

**DEFENDANT ROSE MARKS' REPLY TO GOVERNMENT'S RESPONSE TO
MOTION TO RETURN THE 1977 ROLLS ROYCE**

Comes now the Defendant Rose Marks and replies to the Government's Response to the

Motion to Return the 1977 Rolls Royce (DE 391) and states as follows:

    1.     The Government's Response is incorrect and should not defeat the return of the

1977 Rolls Royce (the "Rolls") for at least three reasons. The first reason is somewhat

complicated, but the next two are very simple.

    2.     The first reason to return the Rolls is that the facts establish that Rose Marks

purchased the Rolls on October 5, 1977 under the name Joyce Eli Marks. Exhibit 2 of

Defendant's Motion to Return the 1977 Rolls Royce (DE 299), contains numerous documents

showing the payment for the original title by Joyce Eli Marks in Maryland in October 1977, and

five Registration Certificates in Maryland from 1978 through the mid-1980's. In our original

Motion we discuss the Government's assertions that Rose used the first name Joyce repeatedly

and state that her maiden name is Eli. When the Government asked Defendant for proof that

Rose Marks was Joyce Eli Marks, we returned to the Government a NCIC fingerprint report that

the Government provided at the time of the pre-trial detention hearing. This report clearly

establishes that a person with Rose Marks' fingerprints was using the name Joyce Eli Marks when arrested in 1978 (within a year after the car was purchased). That fingerprint record, which was not mentioned in the Government's Response is attached hereto and made a part hereof as exhibit A.

3.      Ignoring Exhibit 2 in our Motion, the Government provides as Exhibit 1 to its Response a document that is apparently presented to lead the Court to believe that Joyce Eli Marks first registered the Rolls in Maryland on November 10, 1997.  The Government fails to inform the Court that its Exhibit 1 contains the endorsement that it is a "**Duplicate**."

4.      The Governments next three exhibits establish that Joyce Eli Marks **gifted** the Rolls (we believe we establish to herself in her real name) to Rose Marks in 2003. All of the above should be enough for the Court to order the Rolls returned to Defendant Rose Marks. However, the next two reasons are even clearer.

5.      To illustrate the second reason for return of the Rolls, we must accept *arguendo* that there is a separate person named Joyce Eli Marks, who has a first name (Joyce) that Rose Marks also uses, the same maiden name (Eli) as Rose, and fingerprints so close to Rose's as to fool the NCIC.  We must also accept the Government's argument that it provided at least probable cause to believe that this "separate" person actually **gifted** the Rolls to Rose Marks in 2003, during the period encompassed by the conspiracy.  However, there is no allegation anywhere that the "separate" Joyce Eli Marks is a victim of fraud.  In order to cause a Grand Jury to include the forfeiture of particular property in an indictment, there must be at least probable cause to believe that said property is either the fruit of a crime or obtained with the proceeds of a crime.  A gift by a non-victim (and really the defendant herself), fits neither of these categories; is not subject to forfeiture; and must be returned.

2

{R6112954_1}

6.      We would ask the Court to forward to Magistrate Judge Vitunac, the Government's current position regarding the **gift** so that she can review whether there was any probable cause to justify including the forfeiture of the Rolls presented to the Grand Jury during the course of her review of the Grand Jury transcripts.  This is particularly interesting in light of the Secret Service agent's sworn statement in the affidavit supporting the application for the seizure warrant used to seize the Rolls included as Exhibit 1 of our Motion for Return of the Rolls (DE 299).  In paragraph 20 she swears the Grand Jury found probable cause to believe that the Rolls was forfeitable.  In paragraph 21 the agent swears that there is evidence establishing probable cause that the Rolls was obtained by Rose Marks or her co-defendants with proceeds from their fortune telling fraud scheme.  With the government now "proving' the Defendant obtained the Rolls via a gift from a non victim, both the Grand Jury and Magistrate Judge Snow were deceived under oath.  As the basis for forfeiture cannot be met, the Rolls must be returned.

7.      The third reason to return the Rolls is that it was seized in California without a valid warrant. The Government concedes on pages three and four of its Response that the agent swore that she "believed" that the Rolls was located at 1319 Seminole Drive in Fort Lauderdale Florida.  The Government suggests that this was a reasonable mistake as the Rolls was registered to Rose Marks at that address.   The Government seized the Rolls in California assumingly pursuant to Magistrate Judge Snow's warrant (we have been provided with no other warrant for the Rolls) within two days of the agent swearing she believed it was in Florida.  Whether the agent intentionally mislead Magistrate Judge Snow is irrelevant.  The first sentence of Magistrate Judge Snow's seizure warrant, attached to Defendant's Motion to Return (DE 299) as part of exhibit 1, authorizes the seizure of the Rolls located in the Southern District of Florida and is based upon the Government's sworn Application for Warrant to Seize Property Subject to

3

Forfeiture wherein the agent swears in its first sentence that she has reason to believe that the property located in the Southern District of Florida is subject to forfeiture. A reading of the printed document makes clear that "reason to believe modifies forfeiture, not the location of the vehicle. As Judge Snow authorizes the seizure of the vehicle located in the Southern District of Florida, the seizure in California was improper; therefore, whether Judge Snow was intentionally deceived or not, the Rolls must be returned as having been seized without lawful authority.

WHEREFORE, it is respectfully requested that the 1977 Rolls Royce be returned to Rose Marks in Fort Lauderdale, Florida and any other relief the Court deems proper.

Dated this 28th day of February, 2012.

By:     s/ Fred A. Schwartz
        Fred A. Schwartz, Esq.
        Fla. Bar No. 360538
        Attorney for Defendant Rose Marks
        Kopelowitz Ostrow, et al.
        700 South Federal Highway
        Suite 200
        Boca Raton, Florida 33432
        schwartz@kolawyers.com
        Telephone: (561) 910-3070
        Facsimile: (561) 910-3080

{R6112954_1}

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served by electronic means via CM/ECT this 28th day of February, 2012 to all counsel on the list of counsel designated to receive electronic filings in this case.

_s/ FRED A. SCHWARTZ_

Fred A. Schwartz, Esq.

{R6112954_1}

# EXHIBIT "A"

Case 9:11-cr-80072-KAM Document 737-2 Entered on FLSD Docket 12/27/2012 Page 49 of 53
Case 9:11-cr-80072-KAM Document 392-1 Entered on FLSD Docket 02/28/2012 Page 2 of 2

NCIC/NLETS Response                                                              Page 1 of 1

10

## U. S. Secret Service NCIC/NLETS Response Display

**ORI:** FLSS31100-0

**Response:** FROM(NCIC)    ON 09/24/11 AT 05:07:44    FLSS31100-0

```
7L01-NCIYFLSS311000
FLSS31100
THIS NCIC INTERSTATE IDENTIFICATION INDEX RESPONSE IS THE RESULT OF YOU
INQUIRY ON NAM/MARKS,ROSE SEX/F RAC/W DOB/19510503 SOC/223373848 PUR/C
NAME                                    FBI NO.           INQUIRY DATE
ELI,PINKEY                              454004H           2011/09/24

SEX RACE BIRTH DATE  HEIGHT WEIGHT EYES HAIR PHOTO
F   W    1947/05/04  503    178    BRO  BLK  Y

BIRTH PLACE  :
PENNSYLVANIA !

FINGERPRINT CLASS        PATTERN CLASS
17 13 07 13 09           UP UC UP UP UP UP UC UP UP UP
16 13 10 14 12           UP UC UP UP UP UP UC UP UP UP
                         UP UC UP UP UP UP UC UP UP UP

ALIAS NAMES
HOPE,SISTER REVEREND              MARKS,HELEN JOYCE
MARKS,JOYCE ELI                   MARKS,PINKY
MARKS,ROSE                        MARKS,ROSE NMN
MARKS,SISTER-EL                   RAYE,HELEN

OTHER
BIRTH DATES SOCIAL SECURITY
1951/05/03  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
1950/05/04  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
1951/05/04


IDENTIFICATION DATA UPDATED 2011/09/14

THE CRIMINAL HISTORY RECORD IS MAINTAINED AND AVAILABLE FROM THE
FOLLOWING:
  FBI        |  - FBI/454004H

THE RECORD(S) CAN BE OBTAINED THROUGH THE INTERSTATE IDENTIFICATION
INDEX BY USING THE APPROPRIATE NCIC TRANSACTION.


END
```

Next>>    Cancel

Case 9:11-cr-80072-KAM Document 471 Entered on FLSD Docket 04/05/2012 Page 1 of 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-80072-Cr-Marra/Vitunac(s)(s)

UNITED STATES OF AMERICA,

v.

ROSE MARKS, NANCY MARKS,
CYNTHIA MILLER, ROSIE MARKS,
VICTORIA ELI, VIVIAN MARKS,
RICKY MARKS, MICHAEL MARKS,
DONNIE ELI, and PETER WOLOFSKY,

       Defendants.

_____/

FILED by _____ D.C.

APR 0 5 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

ORDER

THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Kenneth

A. Marra. Rose Marks' Motion to Return 1977 Rolls Royce (DE 299) is before the Court. The

Government responded (DE 391), Rose Marks replied (DE 392) and the matter is ripe for review.

Rose Marks is charged by indictment with conspiring to commit wire fraud from 1991 to

2011, money laundering and wire and mail fraud. The second superseding indictment includes two

forfeiture counts that list numerous assets, including a 1977 Rolls Royce, subject to forfeiture as

"derived from proceeds traceable to the offense."

Rose Marks moves for the return of her Rolls Royce asserting that she purchased the vehicle

before the period of time the indictment examines and, thus, the vehicle could not be derived from

proceeds traceable to the alleged offenses. In response, the Government asserts that Rose Marks

1

received the Rolls Royce as a gift from a non-victim, Joyce Eli Marks, in 2003.[1]  The Government's

asserted facts, of course, also indicate that the Rolls Royce was not derived from proceeds traceable

to the offenses.  Despite this, the Government argues that Rose Marks' motion should be denied.

Confounded by the incompatibility of the Government's factual and legal theories, the Court

ordered the Government to give the date, page and lines of the grand jury testimony that establish

the probable cause to include the Rolls Royce as an asset to be forfeited.[2]  The Government referred

the Court to the grand jury testimony of Detective Charles Stack on May 19, 2011, found at pages

48-54. (DE 438).

A review of these pages reveals that the Government presented no evidence to the grand jury

that the assets listed are subject to forfeiture.  Rather, Detective Stack testified that the assets existed

and that the Defendants had owned them at some time during the alleged conspiracy.  And, perhaps,

this hints at why the Government's factual assertions are divorced from its legal assertions: The

grand jury testimony is bereft of the underlying facts.

Because this case has been so slip-shod, the Court defers ruling on Rose Marks' motion and

ORDERS the following:

(1) Rose Marks Motion to Return 1977 Rolls Royce (DE 299) is DENIED without prejudice

to be re-filed or recast upon review of the grand jury testimony; and

(2) The Government shall produce to Rose Marks, within 5 days of the date of this order,

---

[1]Rose Marks argues that she and Joyce Eli Marks, the original purchaser of the Rolls
Royce, are the same person.  The Government disputes this.

[2]By virtue of an earlier defense motion to produce the grand jury testimony, the Court is
already in possession, and reviewed portions, of the grand jury testimony.  Defendant's motion
was granted in part and denied in part (DE 412).

pages 48-54 of the May 19, 2011 grand jury transcript, which contain Detective Stacks' testimony as to the assets subject to forfeiture.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this ⬚ day of April, 2012.

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE