# EXHIBIT "3"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80072-CR-MARRA/VITUNAC

UNITED STATES OF AMERICA,
    Plaintiff,

v.

NANCY MARKS,
    Defendant.
_____/

**DEFEDNANT, NANCY MARK'S, MEMORANDUM OF FACTS IN SUPPORT OF , ROSE MARKS', MOTION FOR PRODUCTION OF TRANSCRIPT OF GRAND JURY TESTIMONY AND PROCEEDINGS, AND OF VICTIM WITNESS STATEMENTS AND REPORTS REFERENCING SUCH STATEMENTS (DE#274); NOTICE OF FILING OF EXHIBITS (DE #320) AND REPLY RESPONSE TO MOTION BY ROSE MARKS RE: MOTION FOR PRODUCTION OF TRANSCRIPT OF GRAND JURY TESTIMONY AND PROCEEDINGS, AND OF VICTIM WITNESS STATEMENTS AND REPORTS REFERENCING SUCH STATEMENTS (DE #346)**

COMES NOW, NANCY MARKS, by and through the undersigned counsel and files this memorandum of facts and requests the court to take into consideration the following, when reviewing the Grand Jury minutes as it relates to the aforementioned motion by Rose Marks.

1. Count 31 of the Second Superseding Indictment states:

"Defendant NANCY MARKS told a client, hereinafter referred to as M.P., that in order to rid M.P. and her family of evil spirits, bad luck, and curses, M.P. would have to make sacrifices, which would involve money because money was the root of all evil. M.P. provided defendant NANCY MARKS with large sums of money and jewelry, after defendant NANCY MARKS assured her that it was a sacrificed, not a payment, and promised that the money would be returned. The money was never returned."

1

2. However, according to the "Recordings Inventory" submitted by the Government, M.P. has only had dealings with **Cynthia Miller**, not Nancy Marks. *Please see said Recording Inventory attached.*

3. Additionally, the voice on the records with M.P. is not the voice of Nancy Marks.

4. Although this may well be a scrivener's error, undersigned is respectfully requesting that the Court listen to the Grand Jury Minutes to make sure that the grand jury was not purposefully misinformed regarding Nancy Mark's with regard to alleged victim, M.P..

5. Nancy Marks has been listed in the indictment as the second in line and holds essentially the most counts. If there were material misrepresentations made regarding Nancy Marks, then it may call into question the validity of the grand jury indictment.

6. As the court is already scrutinizing the Grand Jury procedure, it is urged to consider this additional piece of evidence to help determine if the above inaccuracy as it relates to Nancy Marks was purposefully made or inadvertently established.

WHEREFORE, the Defendant requests that the court review the aforementioned recording inventory and pertinent portions of the indictment for purposes of determining if there were any improprieties as it relates specifically to Nancy Marks in the procuring of the Grand Jury indictment.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing will be provided to all counsel of record via the Court's CM/ECF system on this 6th day of March, 2012.

/s/ Michael A. Gottlieb
_____
Michael A. Gottlieb, Esquire
Michael A. Gottlieb, P.A.
1311 SE 2nd Avenue
Ft. Lauderdale, Florida 33316
mike@mgottlieblaw.com
Phone: (954) 462-1005
Fax: (954)463-9869
Florida Bar No.: 981133

3