UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-80072-MARRA

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

ROSE MARKS,

       Defendant.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SERVICES THAT EXCEED THE CJA LIMITS [DE 854]

THIS CAUSE is before the Court on a referral [DE 517] of the defendant, ROSE

MARKS's motion for services that exceed the CJA limits [DE 854].

A defendant can have retained counsel but be found indigent for specific costs, according

to the Guide to Judiciary Policy, Vol. 7 (Defender Services):

§ 310.10.10 Overview
    (a) Investigative, expert, or other services necessary to adequate representation, as
    authorized by subsection (e) of the Criminal Justice Act (CJA) (18 U.S.C. § 3006A), are
    available to persons who are eligible under the CJA, including persons who have retained
    counsel but who are found by the court to be financially unable to obtain the necessary
    services.
    (b) In this connection, a person with retained counsel is financially unable to obtain the
    necessary services if the person's resources are in excess of the amount needed to provide
    the person and the person's dependents with the necessities of life, provide defendant's
    release on bond, and pay a reasonable fee to the person's retained counsel, but are
    insufficient to pay for the necessary services.
§ 310.10.20 Retained Counsel and Fee Arrangements
    (a) In responding to requests for services under 18 U.S.C. § 3006A(e) by a person
    represented by retained counsel, the court should inquire into the fee arrangement
    between the retained attorney and the client.
    (b) If the court finds the fee arrangement unreasonable in relation to fees customarily paid
    to qualified practitioners in the community for services in criminal matters of similar
    duration and complexity, or that it was made with a gross disregard of the defendant's

trial expenses, the court may order the retained attorney to pay out of such fees all or such part of the costs and expenses as the court may direct.

On 3/8/13, after a sealed and unsealed hearing pursuant to the above guidelines was held, this Court declared that the Defendant was indigent for costs. [DE 828]. On 3/22/13, a hearing was held on the Defendant's motion for services that exceed the CJA limits. [De 854]. The Defendant is seeking approval for document management services of JHQ, Inc. for a total of $83,185.

Congress has prescribed a $2,400 limit for each investigative and expert service requested by indigent defendants, which may only be waived if "payment in excess of that limit is certified by the [district] court ... as necessary to provide fair compensation for services of an unusual character or duration, and the amount of excess payment is approved by the chief judge of the circuit." 18 U.S.C. § 3006A(e)(3). Such a request requires that the Defendant make a strong showing of necessity. *See United States v. Gonzalez*, 810 F.2d 1538, 1545 n.16 (11th Cir. 1987); *United States v. Davis*, 582 F.2d 947, 941-52 (5th Cir.), *cert. denied*, 441 U.S. 962, 99 S.Ct. 2408, 60 L.Ed.2d 1067 (1979). The FLSD CJA plan also requires that services above $40/hour be approved in advance by the presiding judicial officer.

The Fourth Superseding Indictment in this case charges the Defendant with 15 counts of conspiracy to commit mail and wire fraud, mail and wire fraud, money laundering conspiracy, money laundering, and filing false tax returns. [DE 856]. The fraud and money laundering conspiracies involve an 11 year period and allegedly approximately $25 million. The case was originally indicted on 5/19/11, and has involved extensive, complicated, non-frivolous motion practice. Trial is expected to occur on 8/26/13 and is expected to last approximately 4 weeks.

The case thus far has generated approximately 130,000 pages of documents in discovery and pre-trial investigation, not counting documents associated with the recently filed tax charges. Originally there were 10 defendants, and 10 attorneys dividing up the document management responsibilities. This Defendant, the lead defendant, is now the only one remaining.

The principal of JHQ, Inc., is Jane H. Quinn, a certified legal assistant and a certified paralegal. She will be assisted by another paralegal. Her current hourly rate of $75 will be reduced to $65 and the other paralegal's hourly rate of $60 will be reduced to $50. JHQ has been providing paralegal services in South Florida since 2001. In 2005 Jane Quinn's hourly of $46 was approved by Judge Hurley in *U.S. v. Michael Koblan*. She and the other paralegal would provide a total of 45 hours per week for 21 weeks of trial preparation, and they would each work 55 hours per week for the 4 weeks of trial. [De 854-1] In addition they would use Hosting by Forensis for a searchable database repository for 25 weeks at $184/week for a total of $2,760 for that function. [De 854-1].

The aforementioned services are necessary for effective representation of the Defendant. The rate requested is reasonable and necessary, and below the current market rate for the services.

This Court **RECOMMENDS** that the District Court preliminarily approve the expert and investigative services requested and certify to the Chief Judge of the Eleventh Circuit that the document management services of JHQ, Inc. for a total of $83,185, at the rates referenced above, is necessary to provide fair compensation for services of an unusual character and duration.

**DONE and SUBMITTED** this March 26, 2013, at West Palm Beach, Florida.

*James M. Hopkins*

JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Kenneth A. Marra
Clerk of Court