UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-80072-CR-MARRA/HOPKINS(s)(s)(s)(s)

UNITED STATES OF AMERICA

vs.

ROSE MARKS,

       Defendant.

_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT ROSE MARKS' MOTION FOR ADDITIONAL DISCOVERY

The United States of America, by and through undersigned counsel, files this response in opposition to defendant Rose Marks' Motion for Additional Discovery, and states as follows:

### Background

On or about April 19, 2013, the government furnished the defense with supplemental discovery in the form of a letter, advising that a government witness, J.M., had briefly hired the wife of a detective involved in the investigation of this matter for bookkeeping services and made payments for services rendered. The defense now seeks to compel the government to respond to a series of questions about the transactions.

### Memorandum of Law and Argument

The Supreme Court has held that there is no broad constitutional right to discovery in a criminal case. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is not general constitutional right to discovery in a criminal case and *Brady* did not create one . . . "); *United States v. Bagley,* 473 U.S. 667, 675 (1985)("The prosecutor is not required to deliver his entire file to defense counsel."). Just as with discovery depositions, *cf Aldrich v Wainwright*, 777 F.2d 630, 637 (11th Cir. 1983), there is no provision in the Federal Rules of Criminal Procedure to permit a defendant to submit

"interrogatories" to the government.  In fact, the defendant cites no rule of discovery or procedure - or case law - allowing such a process to take place.  *See United States v. Johnson,* 228 F.3d 920, 924 (8th Cir. 2000) (Defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government).

Additionally, the government does not have a duty to obtain information or evidence it does not possess.

> It is well-settled that the government must permit a defendant to inspect tangible items within its 'possession, custody, or control' if they are material to the defense, the government intends to use them in its case-in-chief, or they were obtained from the defendant. But the government does not have a duty to disclose items it does not possess. Nor does it have a duty to obtain evidence it does not possess.

*United States v. Sarras,* 575 F.3d 1191, 1215 (11th Cir. 2009).

The information about the payments made by J.M. to a family member of a detective was furnished as potential *Giglio* material with respect to J.M.  Armed with this information, the defense can explore whether the witness J.M. was trying to curry favor with law enforcement by hiring the wife of a detective.  (The government presently has no intention of calling the detective or wife of the detective as a witness at trial).  The defense is free to cross examine the witness on this issue or call other witnesses as it sees fit.  However to require the government to answer specific questions (some of which the government cannot answer without conducting further investigation) simply because the defense thinks it might be helpful "to establish a prospective (sic) for Rose Marks' employment by J.M. and, further in order to see if there were further violations of *Brady v Maryland* or *Giglio v Napier*" (defendant's motion at p.2)  is unwarranted.  *See United States v. Ross*, 511 F.2d 757, 762-63 (5th Cir. 1975)("the defendant must show "more than that the item bears some abstract logical relationship to the issues in the case . . . . There must be some indication that the pretrial disclosure of

the item would enable the defendant significantly to alter the quantum of proof in his favor."). Defendant has not and cannot make that showing for the additional discovery. The information provided on April 19, 2013 complies with government's discovery obligations and is sufficient to allow defense counsel to effectively cross examine J.M as to this matter.

WHEREFORE the United States respectfully requests that the Defendant Rose Marks' Motion for Additional Discovery be denied.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: **/s/Roger H. Stefin**
Roger H. Stefin
Assistant United States Attorney
Florida Bar No. 0287334
500 S. Australian Ave, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 209-1055
Fax: (561) 820-8777
E-Mail: Roger.Stefin@usdoj.gov

By: **/s/Laurence M. Bardfeld**
Laurence M. Bardfeld
Assistant United States Attorney
Florida Bar No. 712450
500 East Broward Boulevard, Suite 700
Fort Lauderdale Florida 33394
Tel: (954) 356-7255, ext 3611
Fax: (954) 356-7336
E-Mail: Laurence.Bardfeld@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via ECF this 3rd day

of June 2013.

<u>**/s/Roger H. Stefin**</u>
Roger H. Stefin
Assistant United States Attorney