UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80072-CR-MARRA(s)(s)(s)(s)
Magistrate Judge Hopkins

UNITED STATES OF AMERICA

v.

ROSE MARKS,

    Defendant.
_____/

**GOVERNMENT'S SUPPLEMENTAL AUTHORITY SUPPORTING
THE ADMISSION OF EXPERT TESTIMONY**

    The undersigned Assistant U.S. Attorney, representing the United States, hereby provides supplemental authority and argument to the Court regarding the admission of the expert testimony of Robert E. Nygaard. The United States filed a timely Notice of Expert Witness Summary [DE:796]. The defendant objected in a Motion to Strike the Expert Testimony of Robert Nygaard. [DE:911]. The United States responded to that objection [DE:913]. Magistrate Judge Hopkins held a hearing on the matter on July 22, 2013.

    This supplemental authority filing will not rehash the arguments previously briefed by the United States in its response; however, the Government respectfully brings to the Court's attention two additional published cases that support the expert testimony of Mr. Nygaard.

## I. United States v. Cross

In *United States v. Cross*, 928 F.2d 1030, 1049-1050 (11th Cir. 1991), the Eleventh Circuit Court of Appeals upheld the admission of testimony by an FBI agent, who testified about the characteristics and behaviors of pedophiles. The Court found that a "properly qualified expert witness may testify regarding his specialized knowledge in a given field if it would assist the trier of fact to understand the evidence or to determine a fact in issue;" that an "expert may be used if his testimony can offer something beyond the understanding and experience of the average citizen;" and, further, that "expert testimony [is] admissible where it is the kind that enlightens and informs lay persons without expertise in a specialized field." Id. at 1049 (internal citations omitted).

Further, the Court in *Cross* tied the expert trial testimony to defendant Cross' defense at trial, finding that the expert's "testimony was also helpful to the jury and relevant to its consideration of the conspiracy and mail fraud charges against Cross. In his defense at trial, Cross contended that the Tampa photos were innocent 'nude studies,' rather than child pornography, and that he had arranged them for the purpose of casting a legitimate film. In describing the habits of pedophiles, the agent testified that such persons characteristically derive sexual satisfaction from and collect even such ostensibly non-sexual nude photographs of children.

Here, Mr. Nygaard is qualified to testify as an expert witness, based on his 27 years as a law enforcement officer and licensed investigator of which he has dedicated the past 5-6 years to investigating fortune telling/psychic scams. Mr. Nyggard's knowledge and experience, where he has personally interviewed numerous victims of such scams, has met with law enforcement and prosecutorial officials around the country, and has been instrumental in bringing a number of alleged psychic scammers to justice, far exceeds the knowledge of an average layperson regarding the

organized methodology of these schemes.[1]

Additionally, the defendant, in press interviews and court filings, has suggested that she was a bona fide "spiritual advisor" or psychic/life coach who provided lawful services to her clients for a fee. Mr. Nygaard's testimony is especially relevant to this defense, as was the expert in *Cross,* because the defendant is claiming that her psychic abilities – with respect to the multitude of victims (or clients, as the defendant contends) – were simply and innocently used. Mr. Nygaard's proposed testimony obtained through his substantial investigative and law enforcement experience, would explain how these psychic/fortune telling confidence schemes operate.[2]

The Magistrate Judge, in the motion hearing on this matter, expressed some concern as to how Mr. Nygaard could discern whether a fortune telling operation was legitimate or non-legitimate. The Government respectfully submits that Mr. Nygaard's proposed testimony squarely answers the Court's question, as Mr. Nygaard will simply explain the methodology a fortunate teller/psychic uses to exploit victims in a *non-legitimate scheme*. Obviously, fortune tellers who do not utilize the "script" or hallmarks described by Mr. Nygaard would not be considered to be engaging in

---

[1] While Mr. Nygaard has admittedly not previously testified as an expert in court, there is no reason that personal experience and knowledge derived from other sources (eg reading hundreds of case studies, attended seminars, conferring with other investigators, etc.) would not quality such an individual to educate a juror about matters they are generally not familiar with.

[2] According to the U.S. Court of Appeals for the Sixth Circuit, these types of psychic fraud schemes have long existed:
> The Pre-Sentence Investigative Report describes a fraud in which victims are told that money is the root of all evil, and because their money is generating negative vibrations that curse their life, it must be given to the "psychic" to be prayed over and cleansed. The cash is, however, not returned. This particular fraud has been perpetrated since medieval times.
>
> See United States v. Suarez, 263 F.3d 468, 475, FN3 (6th Cir. 2001).

3

fraudulent conduct- at least as far as this case is concerned. For that reason, Mr. Nygaard's knowledge or lack of knowledge regarding the practices of certain religions that may espouse some of the same spiritual precepts claimed by the defendant is irrelevant. Mr. Nygaard is not testifying as a religious expert, only as someone who is well familiar with scams that utilize these precepts.

Further, Mr. Nygaard will offer no opinion as to whether the alleged conduct engaged in by the defendant was fraudulent. Rather it will be up to the jury to decide whether the the conduct engaged in by the defendant fits the modus operandi described by Mr. Nygaard. Mr. Nygaard's testimony is therefore in line with established appellate court case law, as cited in *Cross*:

> Indeed, federal courts have ordinarily allowed law enforcement officials "to testify as experts ... to establish the *modus operandi* of particular crimes," in order to "explain the actions of the defendants." Burchfield, 719 F.2d at 358 (counterfeiters). Accord United States v. Thomas, 676 F.2d 531, 538 (11th Cir.1982) (drug couriers); United States v. White, 890 F.2d 1012, 1014 (8th Cir.) (same), cert. denied, 497 U.S. 1010, 110 S.Ct. 3254, 111 L.Ed.2d 763 (1990); United States v. Anderson, 851 F.2d 384, 392–93 (D.C.1988) (pimps and prostitutes), cert. denied, 488 U.S. 1012, 109 S.Ct. 801, 102 L.Ed.2d 792 (1989).

Id. at 1050.

**II.     United States v. Chastain**

In *United States v. Chastain*, 198 F.3d 1338, 1348-1349 (11th Cir. 1999), the Court found that an expert may testify about smuggling techniques and modifications made to airplanes to facilitate smuggling. *Id*. The *Chastain* Court found that the expert's testimony "was used to educate the jurors on the general techniques of drug smugglers and about certain modifications that were made to [the]...airplane that would make the plane more suitable for drug smuggling. The information was clearly relevant to establishing the existence of a conspiracy to smuggle marijuana by using an airplane." *Id*. at 1349.

Here, Mr. Nygaard's testimony is being offered to explain the techniques psychics and

4

fortune tellers use to facilitate an unlawful scheme.  Mr. Nygaard's testimony is based on his knowledge, skill, experience, training and education.  His testimony is relevant and helpful to the trier of fact and meets the standards elucidated in *Daubert*, as briefed in the Government's response to the Defendant's Motion to Strike the testimony.

Therefore, based on the Government's Expert Notice [DE:796], the Government's Response to the Defendant's Motion to Strike [DE:913], the Government's arguments at the hearing and this Supplement Authority Brief, the Government respectfully requests that the Defendant's Motion to Strike the Testimony of Mr. Nygaard be denied.  Alternatively, it would be requested and recommended that the ultimate determination of the admissibility of Mr. Nygaard's testimony be deferred until the materiality of such testimony is established in light of the defense put forth by the defendant.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: *s/ Roger H. Stefin*
Roger H. Stefin
Assistant United States Attorney
Florida Bar No. 0287334
500 South Australian Avenue, 4th FL.
West Palm Beach, Florida 33401
Tel: (561) 209-1055
Fax: (561) 820-8777
E-Mail:roger.stefin@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided this <u>25th</u>  day of July 2012, by ECF, to: Fred Schwartz, Esquire.

                                        <u>/s/ *Roger H. Stefin*        </u>
                                        Roger H. Stefin
                                        Assistant United States Attorney