UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-80072-CR-MARRA/HOPKINS(s)(s)(s)(s)

UNITED STATES OF AMERICA

vs.

ROSE MARKS,

Defendant.

_____/



## REPORT AND RECOMMENDATION ON DEFENDANT ROSE MARKS' SUPPLEMENT TO MOTION TO DISMISS THE THIRD SUPERSEDING INDICTMENT AND ALL OTHER INDICTMENTS (DE 866)

This Court has before it Defendant Rose Marks' Supplement to Motion to Dismiss the Third Superseding Indictment and all other indictments with prejudice (DE 866) on an oral order of referral.

I. **Vindictive Prosecution:**

The defendant asserts that the most recently filed indictment against her (Fourth Superseding Indictment) is the product of "vindictive prosecution" and therefore this indictment as well as all previously filed indictments should be dismissed with prejudice. The Fourth Superseding Indictment modifies the Third Superseding Indictment by: eliminating counts and allegations pertaining to the codefendants, who have pleaded guilty; re-numbering counts; replacing one count of money laundering under 18 U.S.C. 1957 with a different financial transaction; and adding two counts of filing false tax returns, in violation of Title 26, United

1

States Code, Section 7206. The defendant suggests that the tax charges were added because she had "asserted her right to have a fair grand jury" and raised other allegations of misconduct in her previously filed motion (DE 727).

A prosecutor may seek a superseding indictment at any time prior to a trial on the merits so long as the purpose is not to harass the defendant. *United States v. Barner*, 441 F.3d 1310, 1315 (11th Cir.2006); *United States v. Cole*, 755 F.2d 748, 757 (11th Cir1985); *United States v. Edwards*, 777 F.2d 644, 649 (11th Cir. 1985). "A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution. An initial decision should not freeze future conduct." *United States v. Goodwin*, 457 U.S. 368, 382, 102 S.Ct. 2485, 2493 (1982). In *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 668 (1978), the Supreme Court stated:

> In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.

On the other hand, a superseding indictment adding new charges that increase the potential penalty would violate due process if the prosecutor obtained the new indictment out of vindictiveness. Vindictiveness in this context means the desire to punish a person for exercising his rights. *Barner, supra, United States v. Goodwin, supra*. There are two ways to prove a prosecutorial vindictiveness claim: (1) by showing that a presumption of vindictiveness arises from the government's conduct; or (2) by showing actual vindictiveness. *See, e.g., United States v. Saltzman*, 537 F.3d 353, 359 (5th Cir.2008) (citing *United States v. Goodwin*, supra at 384 & n. 19, 102 S.Ct. 2485.)

2

In *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098 (1974), the Supreme Court held that a prosecutor's decision to obtain a felony indictment against a defendant after he filed a notice of appeal of his misdemeanor conviction created a presumption of vindictiveness, because a prosecutor clearly has a considerable stake in discouraging convicted misdemeanants from appealing. Nevertheless, in *Bordenkircher v. Hayes*, 434 U.S 357, the Court declined to extend this presumption to the area of plea negotiations, holding that a prosecutor's threat to indict a defendant for more serious offenses if he did not accept a plea offer did not offend due process.

> [T]he course of conduct engaged in by the prosecutor in this case, which no more than openly presented the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution, did not violate the Due Process Clause of the Fourteenth Amendment.

*Id*. at 364-65. See also, *United States v. Cole*, 755 F.2d 748, 757-58 (11th Cir. 1985) (no vindictiveness when defendant is properly chargeable with additional counts under superseding indictment, and defendant's refusal to plead led to indictment).

Moreover, there is no presumption of prosecutorial vindictiveness in the pretrial setting simply because the government supersedes an indictment after a defendant has exercised a legal right. *United States v. Barner*, 441 F.3d 1310 (11th Cir.2006); *United States v. Miller*, 948 F.2d 631 (10th Cir. 1991). In *Barner*, the government filed a Fifth Superseding Indictment after the defendant had filed numerous pretrial motions, including one based upon prosecutorial misconduct before the grand jury and another based upon multiplicitous counts. The defendant succeeded in getting some counts dismissed. The new indictment added Hobbs Act robbery and firearms counts, which, the district court found, increased the potential sentence from 12 years, under the previous indictment, to 103 years. Noting the "contentious history" between the government and the defendant, the district court ruled that a

3

presumption of vindictiveness should apply. Thereupon, the district court dismissed the 5th Superseding Indictment and ordered that the defendant stand trial on the 4th Superseding Indictment.

Reversing the district court, the Eleventh Circuit held that the mere fact that the defendant has filed pretrial motions is not sufficient to raise a presumption of prosecutorial vindictiveness:

> "[A] defendant before trial is expected to invoke procedural rights that inevitably impose some "burden" on the prosecutor. Defense counsel routinely file pretrial motions to suppress evidence; to challenge the sufficiency and form of an indictment; to plead an affirmative defense; to request psychiatric services; to obtain access to government files; to be tried by a jury. It is unrealistic to assume that prosecutor's probable response to such motions is to seek to penalize and to deter. The invocation of procedural right is an integral part of the adversary process in which our criminal justice system operates."

*Id* at 1320, quoting from *United States v. Goodwin, supra*, at 381, 102 S.Ct. at 2493.

The Defendant's claim is based on the fact that the government superseded the indictment after the defendant had filed a motion to dismiss setting forth various allegations of purported government misconduct. In light of *Barner*, no presumption of vindictiveness exists in this case.

The defendant has also set forth no facts or allegations which would support a finding of actual vindictiveness. The Defendant alleges that the prosecutor advised defense counsel of his intent to charge the defendant with tax violations "because the Defendant alleges that she worked for J.M. and was paid for her work, as if the Government had just learned of that fact." (Defendant's Supplement to Motion, DE 866 at para. 2). The government responded that it had advised defense counsel that it was seeking to open a criminal tax matter in light of the Defendant's new interview with the Fort Lauderdale Sun Sentinel in which she made statements regarding her income. (See letter dated February 27, 2013, DE 870-1).

The fact that the government could have sought tax charges against the defendant at an earlier

4

stage does not give rise to a claim of vindictiveness. *See United States v. Cole*, 755 F.2d 748, 758 (11th Cir. 1985). Unlike the situation in *Barner*, where the government's superseding indictment substantially increased the potential penalty against the defendant, the additional two counts in the indictment have a negligible impact on the sentencing guidelines. It is apparent that the new charges merely serve to provide a new theory of criminal liability in response to the new evidence specifying the Defendant's conduct. The fact that the Government could have charged the Defendant earlier is of no moment, since it would have been relatively superfluous for the Government to do so. Now it isn't, since the Defendant could escape criminal liability on the fraud charges with the new evidence, but not the tax charges. This is not prosecutorial vindictiveness, merely the Government covering all the bases.

## II. Inconsistent Counts

The defendant also contends that the indictment should be dismissed because the tax counts are inconsistent with the government's theory of prosecution. The defendant alleges that the government's theory is that the victims loaned money to the defendants which the defendants were obligated to return- and that this is inconsistent with charges involving the filing of false tax returns.

The government responds that the indictment charges that the defendant and co-conspirators obtained money from victims under false pretenses and representations, including promising to "cleanse" money and then return it. In other instances the money was supposed to be burned up in rituals and/or donated to charity. Instead the defendant used the money for her personal benefit. Money obtained by fraud is taxable. *Rutkin v. United States*, 343 U.S. 130, 72 S.Ct. 571 (1952); *Cohen v. United States*, 297 F.2d 760 (9th Cir. 1962). This is true regardless of whether it is obtained under

the pretense of being a loan. *United States v. Rochelle*, 384 F2d 748 (5th Cir. 1967). There is no inconsistency between the wire fraud and money laundering counts and the tax counts. See eg. *United States v. Yefsky*, 994 F.2d 885 (1st Cir. 1993) (tax fraud counts properly joined with conspiracy and mail fraud counts) ; see also, *United States v. Vignola*, 464 F.Supp 1091, 1103 (ED Pa. 1979); *United States v. Treadwell*, 566 F.Supp 80 (D.C. 1983). For the reasons cited above, in this case tax charges were properly joined with fraud counts. The conspiracy and substantive fraud counts embrace many of the acts that constituted the tax offenses and, therefore, the two were properly joined under Rule 8(b). Similarly the tax fraud and wire fraud counts could be joined because some of the unreported income was the fruit of the wire fraud scheme (defendant's unreported income was the fruit of the mail/wire fraud scheme committed upon J.M). The fact that the defendant contends that the money received from J.M. was lawful compensation does not change the equation. Whether a jury finds that the funds from J.M were obtained fraudulently or "legitimately," the defendant failed to report this income, and therefore she could be found guilty of filing false tax returns either way. Moreover, the Defendant could be found not guilty of the fraud counts if the jury believed that the money was legitimate income, not received by fraud, but still the Defendant could be found guilty of the tax counts for failure to report the income. Thus there is no basis to dismiss the indictment or counts in the indictment premised upon inconsistent counts.

III. **Witness Misconduct**

Finally, the defendant alleges that a witness for the government, one C.S., has recently tried to "extort" money from co-defendant Victoria Eli. Eli pleaded guilty to one count of conspiracy to commit mail and wire fraud on March 15, 2013. In her factual proffer, Eli admitted defrauding C.S. of

more than $100,000. (DE 834).

However, the government was not involved in conversations C.S. may have had with the defense investigator so it cannot be held responsible for the witness' conduct. Moreover, this witness had no contact or involvement with defendant Rose Marks, is not a witness against Rose Marks, and did not refuse to testify against Rose Marks.

WHEREFORE this Court **RECOMMENDS** that the Defendant Rose Marks' Motion to Dismiss All the Indictments with Prejudice (DE 866) be **DENIED**.

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Local Magistrate Rule 4(b), the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Kenneth A. Marra within *five (5) business days* (until August 21, 2013) after being served with a copy. The Court is expediting any objections to this Report and Recommendation based upon the imminent trial date and pursuant to S.D. Fla. Local Mag. J. R. 4(a). Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2); *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (*en banc*).

**DONE** and **SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 14 day of August, 2013.

/s/ James M. Hopkins

---
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Kenneth A. Marra
Counsel of record