UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-80072-CR-MARRA/HOPKINS(s)(s)(s)

UNITED STATES OF AMERICA

vs.

ROSE MARKS, et al,

Defendants.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT ROSE MARKS'
MOTION TO DISMISS (DEs 877, 930)**

Defendant Rose Marks' Motion to Dismiss the Indictments and Supplemental Motion to Dismiss the Indictments for discovery violations (DEs 877, 930) are before the Court on an oral Order of Referral. The Government responded (DE 878) and Defendant Rose Marks replied. (DE 884). Previously, on 3-5-13, this Court had issued a Report and Recommendation recommending denial of a motion to dismiss grounded on, among other reasons, alleged discovery violations. (DE 801). More recently a hearing as to defendants Rose Marks' Motion for Additional Discovery (DE 910), outlining more alleged discovery violations, was held on 6-5-13 (DE 929). At that hearing this Court granted the motion in part, ordered the Government to turn over certain information, and reminded the Government of its *Brady/Giglio* obligations. (DE 929).

The defendant in essence asserts that the government has failed or refused to turn over *Brady* and *Giglio* material. *Brady* requires the government to disclose to the defense evidence which is favorable to an accused, where the evidence is material either to guilt or to punishment. *Brady v Maryland*, 373 U.S.

87, 87, 83 S.Ct. 1194, 1196-97 (1963). *Giglio* evidence is evidence of any payments, benefits or other inducements that the defendant can use to impeach a government witness. *Giglio v United States*, 405 US 150 (1972). Dismissal of an indictment for discovery violations would be an extreme sanction that would be authorized only in extraordinary situations. *United States v Campagnulo*, 592 F. 2d 852, 865 (5th Cir. 1979). Actual prejudice must be shown. *Id.* In *Campagnulo* the Eleventh Circuit rejected the conclusion that prejudice was "inherently present" when the Government failed to turn over a statement of the defendant until the day before trial, in violation of the Standing Discovery Order. *Id.*

The material has either been turned over or the Government has been reminded of its obligations under *Brady* and *Giglio* to timely supply such material. No actual prejudice requiring dismissal has been shown at this point. *United States v Campagnuolo, supra.*

In conclusion, it is hereby **RECOMMENDED** that Defendant Rose Marks' Motions to Dismiss the Indictments for discovery violations (DEs 877, 930) be **DENIED**.

## NOTICE OF RIGHT TO OBJECT

Pursuant to Local Magistrate Rule 4(b), the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Kenneth A. Marra within *two (2) business days* (until August 21, 2013) after being served with a copy. The Court is expediting any objections to this Report and Recommendation based upon the imminent trial date and pursuant to S.D. Fla. Local Mag. J. R. 4(a). Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2); *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (*en banc*).

**DONE** and **SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 19 day of August, 2013.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Kenneth A. Marra
Counsel of record