UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80072-CR-MARRA/HOPKINS(s)(s)(s)

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ROSE MARKS, et al,

    Defendants.

_____/

### DEFENDANT, ROSE MARKS' MOTION TO SUPPRESS RECORDS ILLEGALLY OBTAINED AS THE RESULT OF AN UNREASONABLE SEARCH IN VIOLATION OF THE FOURTH AMENDMENT

COMES NOW, COMES NOW, ROSE MARKS, by and through undersigned counsel, and moves this court to have a hearing to determine whether the records of Rose Marks, in a closed, labeled box seized from Ricky Marks' warehouse should be suppressed and states as follows:

### STATEMENT OF FACTS AND MEMORANDUM OF LAW IN SUPPORT THEREOF

**I.    THE SEARCH OF THE BOX AND ITS CONTENTS WAS UNREASONABLE IN VIOLATION OF THE FOURTH AMENDMENT BECAUSE NO APPARENT OR ACTUAL AUTHORITY EXISTED TO VALIDATE CONSENT TO SEARCH.**

On August 16, 2011 Special Agent Kelly Cook of the Secret Service applied for a Search Warrant from Magistrate Judge Seltzer to search a warehouse storage unit rented by Ricky Marks at 4052 NE 8th Avenue, Oakland Park, FL. The affidavit incorporated in the application stated: " Your Affiant arrived at the unit shortly afterward and observed the Blue Bentley and the Harley Motorcycle. Your Affiant also observed to the left of the

front door, a white banker's box labeled 'Rose Marks 2002,2003, 2004.' The box had already been tipped open and inside the box in plain view were Bank of America Documents and bundles of checks." Based upon the belief that Kelly Cook did not perjure herself as to these facts in the affidavit, counsel for Rose Marks conceded that she had no standing to suppress the box of records. The affidavit of Kelly Cook was not true. A series of color pictures placed in evidence by the government on August 31, 2013 established that the white bankers box labeled 'Rose Marks 2002,2003, 2004.' was on the right side of the Bentley and was covered with a red top. No documents were visible. An open brown box was on the left of the Bentley but nothing in plain view associated it with Rose Marks.

The trial right of the exclusionary rule assures the defendant that no evidence seized in violation of his Fourth Amendment rights will be introduced at his trial unless he consents. *Illinois v. Rodriguez*, 497 U.S. 177 (1990). A warrantless search is per se unreasonable even if there is probable cause, unless the search falls within a recognized exception to the warrant requirement. U.S. v. Davis, 170 F. Supp 2d 1234 (M.D. Fla. 2001); Coolidge v. New Hampshire, 403 U.S. 443, 454-55 (1971). When the government fails to demonstrate an exception to the warrant requirement, the evidence obtained through an unlawful search must be suppressed. *Id.*

As an exception to the warrant requirement, consensual searches are reasonable only when the search remains within the scope of consent given. *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973); *U.S. v. Martinez*, 949 F. 2d 1117 (11th Cir. 1992). The Government may not exceed boundaries of consent to search and any evidence gathered beyond such boundaries must be excluded. *Id.* When a search includes the personal

property of a third party, the government must prove that the consenting individual had either actual or apparent authority over said premises. *Illinois v. Rodriguez*, 497 U.S. 177 (1990). The Fourth Amendment requires that the consenting individual must have actual or apparent authority over the area to be searched for the search to be lawful and admissible at trial. *U.S. v. Basinski*, 226 F. 3d 829 (7th Cir. 2000).

The consent of one who possesses common authority over premises or effects is valid as against the absent non-consenting person with whom the authority is shared. *U.S. v. Matlock*, 415 U.S. 164 (1974). However, the threshold of whether a cotenant's consent to search premises is judged by whether a reasonable officer would believe that the co-tenant possessed shared authority over the premises and if the government does not prove this burden the evidence obtained as a result of such consent must be excluded at trial. See *Lewis v. Blue*, 774 F. Supp 2d 1174, 1190 (M.D. Ala. 2011). Apparent authority over the property of a third party is determined by whether the consenting individual had joint access and control over the property. *Illinois v. Rodriguez*, 497 U.S. 177 (1990).

In *Illinois v. Rodriguez*, the government failed to establish that the defendant's former co-tenant, who still had a key to premises, had joint access or control of defendant's premises for most purposes, and thus the former cotenant did not have common authority to grant police consent to enter premises without a warrant, even though she had some furniture and household effects in the premises. *Illinois v. Rodriguez*, 497 U.S. 177, 181-82 (1990). In *United States v. Basinski*, a friend whom the defendant gave a briefcase for safekeeping did not have apparent authority to consent to a search of the briefcase. *U.S. v. Basinski*, 226 F. 3d 829 (7th Cir. 2000). In *U.S. v. Salinas-Cano*, 959 F.2d 861, 864-65 (10th Cir 1992) the defendant's girlfriend did not

have common authority to consent to the search of the defendant's luggage because she knew that the defendant stored his luggage in her apartment, and the girlfriend was never permitted access to the luggage. In *US v Most*, 876 F.2d 191, 199-200 (D.C. Cir. 1989) a store employee with who the defendant left a bag, did not have common authority to consent to a search of the bag In *U.S. v. Purcell*, 526 F.3$^d$ 953, 963 (6th Cir 2008) the defendant did not assume the risk that his girlfriend would consent to the search of his bags in a hotel room, because the defendant never gave his girlfriend authority to open the bags and the bags contained no items belonging to the girlfriend.

 Turning to the present case, neither the landlord's manager or Ricky Marks had actual or apparent authority to consent to the search of the CLOSED box of documents clearly labeled "Rose Marks 2002,2003, 2004." ("the box"). Neither had actual authority to consent to a search of the box and its contents because the appearance of the CLOSED box labeled "Rose Marks 2002,2003, 2004" made it unambiguous and clear that the box did not belong to them. The box and its contents belonged to Rose Marks exclusively, thus the landlord or Ricky Marks had no actual authority to consent to the search of its contents. There was also no apparent authority for law enforcement to search and seize the conducts of the box. The warehouse that was the subject of the search was leased exclusively to Ricky Marks. Rose Marks did not pay rent, was not a co-tenant of the premises, and did not have control over the property located within the warehouse. Under the rule articulated in *Rodriguez*, the landlord or Ricky Marks did not have the requisite joint access and control over the box to have common authority over the property to consent to the search of the box.

 The instant case is also analogous to *Basinski* where a friend of the defendant in

possession of his briefcase had no apparent authority to validate consent to search the contents of the briefcase. Although Ricky Marks had possession of the box in his warehouse for safekeeping purposes, he did not have apparent authority to validate consent to a search of the box and its contents because it was clear from the appearance of the box that it was not his property. The CLOSED box was boldly and clearly labeled "Rose Marks 2002,2003, 2004", indicating to any reasonable police office that the item and its contents did not belong to Ricky Marks. Further, unlike a home where it is common for co-tenants to share household items, the search at issue in the present case was conducted in a warehouse and concerned business documents.

Because both the landlord and Ricky Marks had no actual or apparent authority to consent to a search of the CLOSED box, the police officers had no valid consent to conduct a search of the box and contents therein. Under the surrounding circumstances of the search, it should have been apparent to any law enforcement officer that the CLOSED box did not belong to Ricky Marks and he did not have control over its contents, rendering any consent given invalid. Therefore, the search was unreasonable in violation of the Fourth Amendment and evidence as a result should properly be excluded at trial.

## CONCLUSION

The search of the CLOSED box clearly and unambiguously labeled "Rose Marks 2002,2003, 2004" was conducted in violation of Rose Marks' Fourth Amendment rights because there was no actual apparent authority to validate the consent given by Ricky Marks. Because the box belonged exclusively to Rose Marks and Ricky Marks did not have the necessary control over the property, no actual authority existed to consent. Further, there was no apparent authority to consent because the closed box of documents

that clearly marked as belonging to a third party. Upon seeing the box, a reasonable police officer would immediately know that Ricky Marks did not have authority to consent to the search of said documents.

WHEREFORE, it is respectfully requested that this Court grant this motion and enter an Order suppressing the Government's evidence at trial of any information obtained as a result of the illegal search and for all other relief this Court deems just and proper.

Dated:   September 3, 2013.

Respectfully submitted,

By:  s/ Fred A. Schwartz
Fred A. Schwartz, Esq.
Fla. Bar No. 360538
*Attorney for Defendant Rose Marks*
Kopelowitz Ostrow, et al.
700 South Federal Highway, Suite 200
Boca Raton, Florida  33432
schwartz@kolawyers.com
Telephone:  (561) 910-3070
Facsimile:  (561) 910-3080

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 3, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing and I filed by hand a

copy of this document in open court and provided a copy to the government.

s/ Fred A. Schwartz  
Fred A. Schwartz, Esq.