UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80072-CR-MARRA/HOPKINS(s)(s)(s)

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

ROSE MARKS, et al,

       Defendants.

_____/

### DEFENDANT, ROSE MARKS' AMENDED MOTION TO SUPPRESS RECORDS ILLEGALLY OBTAINED AS THE RESULT OF AN UNREASONABLE SEARCH IN VIOLATION OF THE FOURTH AMENDMENT

COMES NOW, ROSE MARKS, by and through undersigned counsel, and files this Amended Motion to Suppress Records and moves this court to have a hearing to determine whether the records of Rose Marks, in a closed, labeled box seized from Ricky Marks' warehouse should be suppressed and states as follows:

### STATEMENT OF FACTS AND MEMORANDUM OF LAW IN SUPPORT THEREOF

I.      **THE SEARCH OF THE BOX AND ITS CONTENTS WAS UNREASONABLE IN VIOLATION OF THE FOURTH AMENDMENT BECAUSE NO APPARENT OR ACTUAL AUTHORITY EXISTED TO VALIDATE CONSENT TO SEARCH.**

On August 16, 2011 Special Agent Kelly Cook of the Secret Service applied for a Search Warrant from Magistrate Judge Seltzer to search a warehouse storage unit rented by Ricky Marks at 4052 NE 8th Avenue, Oakland Park, FL. The affidavit incorporated in the application stated: " Your Affiant arrived at the unit shortly afterward and observed the Blue Bentley and the Harley Motorcycle. Your Affiant also observed to the left of the

front door, a white banker's box labeled 'Rose Marks 2002,2003, 2004.' The box had already been tipped open and inside the box in plain view were Bank of America Documents and bundles of checks." Based upon the belief that Kelly Cook did not perjure herself as to these facts in the affidavit, counsel for Rose Marks conceded that she had no standing to suppress the box of records. The affidavit of Kelly Cook was not true. A series of color pictures placed in evidence by the government on August 30, 2013, as Government's Trial Exhibit#28, established that the white bankers box labeled 'Rose Marks 2002, 2003, 2004.' was on the right side of the Bentley and was covered with a red top. No documents were visible. An open brown box was on the left of the Bentley but nothing in plain view associated it with Rose Marks.

The trial right of the exclusionary rule assures the defendant that no evidence seized in violation of his Fourth Amendment rights will be introduced at his trial unless he consents. *Illinois v. Rodriguez,* 497 U.S. 177 (1990). A warrantless search is per se unreasonable even if there is probable cause, unless the search falls within a recognized exception to the warrant requirement. U.S. v. Davis, 170 F. Supp 2d 1234 (M.D. Fla. 2001); Coolidge v. New Hampshire, 403 U.S. 443, 454-55 (1971). When the government fails to demonstrate an exception to the warrant requirement, the evidence obtained through an unlawful search must be suppressed. *Id.*

As an exception to the warrant requirement, consensual searches are reasonable only when the search remains within the scope of consent given. *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973); *U.S. v. Martinez*, 949 F. 2d 1117 (11th Cir. 1992). The Government may not exceed boundaries of consent to search and any evidence gathered beyond such boundaries must be excluded. *Id.* When a search includes the personal

property of a third party, the government must prove that the consenting individual had either actual or apparent authority over said premises. *Illinois v. Rodriguez*, 497 U.S. 177 (1990). The Fourth Amendment requires that the consenting individual must have actual or apparent authority over the area to be searched for the search to be lawful and admissible at trial. *U.S. v. Basinski*, 226 F. 3d 829 (7th Cir. 2000).

The consent of one who possesses common authority over premises or effects is valid as against the absent non-consenting person with whom the authority is shared. *U.S. v. Matlock*, 415 U.S. 164 (1974). However, the threshold of whether a cotenant's consent to search premises is judged by whether a reasonable officer would believe that the co-tenant possessed shared authority over the premises and if the government does not prove this burden the evidence obtained as a result of such consent must be excluded at trial. See *Lewis v. Blue*, 774 F. Supp 2d 1174, 1190 (M.D. Ala. 2011). Apparent authority over the property of a third party is determined by whether the consenting individual had joint access and control over the property. *Illinois v. Rodriguez*, 497 U.S. 177 (1990).

In *Illinois v. Rodriguez*, the government failed to establish that the defendant's former co-tenant, who still had a key to premises, had joint access or control of defendant's premises for most purposes, and thus the former cotenant did not have common authority to grant police consent to enter premises without a warrant, even though she had some furniture and household effects in the premises. *Illinois v. Rodriguez*, 497 U.S. 177, 181-82 (1990). In *United States v. Basinski*, a friend whom the defendant gave a briefcase for safekeeping did not have apparent authority to consent to a search of the briefcase. *U.S. v. Basinski*, 226 F. 3d 829 (7th Cir. 2000). In *U.S. v. Salinas-Cano*, 959 F.2d 861, 864-65 (10th Cir 1992) the defendant's girlfriend did not

have common authority to consent to the search of the defendant's luggage because she knew that the defendant stored his luggage in her apartment, and the girlfriend was never permitted access to the luggage. In *US v Most,* 876 F.2d 191, 199-200 (D.C. Cir. 1989) a store employee with who the defendant left a bag, did not have common authority to consent to a search of the bag  In *U.S. v. Purcell*, 526 F.3$^d$ 953, 963 (6th Cir 2008) the defendant did not assume the risk that his girlfriend would consent to the search of his bags in a hotel room, because the defendant never gave his girlfriend authority to open the bags and the bags contained no items belonging to the girlfriend.

Turning to the present case, neither the landlord's manager or Ricky Marks had actual or apparent authority to consent to the search of the CLOSED box of documents clearly labeled "Rose Marks 2002,2003, 2004." ("the box"). Neither had actual authority to consent to a search of the box and its contents because the appearance of the CLOSED box labeled "Rose Marks 2002,2003, 2004"  made it unambiguous and clear that the box did not belong to them. The box and its contents belonged to Rose Marks exclusively, thus the landlord or Ricky Marks had no actual authority to consent to the search of its contents. There was also no apparent authority for law enforcement to search and seize the conducts of the box. The warehouse that was the subject of the search was leased exclusively to Ricky Marks. Rose Marks did not pay rent, was not a co-tenant of the premises, and did not have control over the property located within the warehouse. Under the rule articulated in *Rodriguez*, the landlord or Ricky Marks did not have the requisite joint access and control over the box to have common authority over the property to consent to the search of the box.

The instant case is also analogous to *Basinski* where a friend of the defendant in

possession of his briefcase had no apparent authority to validate consent to search the contents of the briefcase. Although Ricky Marks had possession of the box in his warehouse for safekeeping purposes, he did not have apparent authority to validate consent to a search of the box and its contents because it was clear from the appearance of the box that it was not his property. The CLOSED box was boldly and clearly labeled "Rose Marks 2002,2003, 2004", indicating to any reasonable police office that the item and its contents did not belong to Ricky Marks. Further, unlike a home where it is common for co-tenants to share household items, the search at issue in the present case was conducted in a warehouse and concerned business documents.

Because both the landlord and Ricky Marks had no actual or apparent authority to consent to a search of the CLOSED box, the police officers had no valid consent to conduct a search of the box and contents therein. Under the surrounding circumstances of the search, it should have been apparent to any law enforcement officer that the CLOSED box did not belong to Ricky Marks and he did not have control over its contents, rendering any consent given invalid. Therefore, the search was unreasonable in violation of the Fourth Amendment and evidence as a result should properly be excluded at trial.

## CONCLUSION

The search of the CLOSED box clearly and unambiguously labeled "Rose Marks 2002,2003, 2004" was conducted in violation of Rose Marks' Fourth Amendment rights because there was no actual apparent authority to validate the consent given by Ricky Marks. Because the box belonged exclusively to Rose Marks and Ricky Marks did not have the necessary control over the property, no actual authority existed to consent. Further, there was no apparent authority to consent because the closed box of documents

that clearly marked as belonging to a third party. Upon seeing the box, a reasonable police officer would immediately know that Ricky Marks did not have authority to consent to the search of said documents.

WHEREFORE, it is respectfully requested that this Court grant this motion and enter an Order suppressing the Government's evidence at trial of any information obtained as a result of the illegal search and for all other relief this Court deems just and proper.

Dated:                         September 3, 2013.

Respectfully submitted,

By:    s/ Fred A. Schwartz
       Fred A. Schwartz, Esq.
       Fla. Bar No. 360538
       Attorney for Defendant Rose Marks
       Kopelowitz Ostrow, et al.
       700 South Federal Highway, Suite 200
       Boca Raton, Florida  33432
       schwartz@kolawyers.com
       Telephone:  (561) 910-3070
       Facsimile:  (561) 910-3080

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 3, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing and I filed by hand a

copy of this document in open court and provided a copy to the government.

_s/ Fred A. Schwartz_
Fred A. Schwartz, Esq.



WAREHOUSE-01



WAREHOUSE-02



WAREHOUSE-03



WAREHOUSE-04



WAREHOUSE-05



WAREHOUSE-06



WAREHOUSE-07



WAREHOUSE-08



WAREHOUSE-09





WAREHOUSE-11



WAREHOUSE-12



AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

In the Matter of the Search of                )
*(Briefly describe the property to be searched*   )
*or identify the person by name and address)*    )   Case No. 11-6420-BSS
                                             )
A Storage Unit located at 4052 N.E. 8th Avenue, )
Oakland Park, Florida 33334, more particularly described )
in Attachment A                              )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
A storage unit located at 4052 N.E. 8th Avenue, Oakland Park, Florida 33334, more particularly described in Attachment A

located in the _____ Southern _____ District of _____ Florida _____, there is now concealed *(identify the person or describe the property to be seized)*:
notebooks, journals, bank account documents, safe deposit box documents, financial records and other things of value that constitute evidence of a crime, contraband, or fruits of a crime, more articularly described in Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1349, 1341, 1343, 1956, 1957 | conspiracy to commit mail fraud and wire fraud, mail fraud, wire fraud, conspiracy to commit money laundering |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Kelly Cook*
Applicant's signature

Kelly Cook, Special Agent, United States Secret Service
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 08/16/2011 _____

City and state: Ft. Lauderdale, Florida

*Barry S. Seltzer*
Judge's signature

BARRY S. SELTZER, U.S. MAGISTRATE JUDGE
*Printed name and title*

517

## AFFIDAVIT

1.      I, Kelly Cook, a Special Agent of the United States Secret Service (USSS), currently assigned to the Miami Field Office located in Miami, Florida, being duly sworn, state the following:

2.      I make this affidavit in support of an application for the issuance of a search warrant to search 4052 N.E. 8th Avenue, Oakland Park, Florida 33334, as described in Attachment A to the Application for a Search Warrant.

3.      I am a Special Agent with the United States Secret Service (U.S.S.S.) assigned to the Miami Field Office.  As such, I am an investigative or law enforcement officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in violation of Title 18, United States Code, Sections 1343, 1341, 1349, 1956, and 1957.  I have been a Special Agent with the U.S.S.S. since July 2007.  I have been assigned to the Miami Field Office since that time, and I have been involved to numerous investigations involving bank fraud, wire fraud, money laundering, and other related offenses.  I successfully completed the seven (7) month U.S.S.S.  Basic Agents Training Academy at the James J. Rowley Training Center.  During that period of training, I received instruction on the subject of mail fraud, wire and bank fraud investigations, among other subjects.  I also have been involved in investigations concerning large scale bank fraud, wire fraud and money laundering.

4.      I have personally participated in the investigation of the violations alleged in this Affidavit.   The information in this Affidavit is based on my personal knowledge of the facts contained herein as well as information conveyed to me by other law enforcement officers and witnesses.

5.      As this Affidavit is submitted for the sole purpose of establishing probable cause for the issuance of a search warrant, I have not set forth all of the information which is known to me about the investigation of the violations alleged herein, but rather I have set forth only those facts and information which are sufficient for the purpose of which this Affidavit is being submitted.

6.      An investigation was initiated by the Fort Lauderdale Police Department in 2002 when they received a complaint from a victim who was defrauded out of large sums of money by a fortune telling/spiritual advising business.   Rose Marks a/k/a Joyce Michael, Nancy Marks a/k/a Nancy Michael, Cynthia Miller a/k/a Cynthia Marks, Rosie Marks a/k/a Rosie Eli, Victoria Eli a/k/a Janice Johnson a/k/a Victoria Somers, Vivian Marks a/k/a Vivian Guzman, and their family members and associates including Nicholas G. Marks, Ricky Marks a/k/a Rick Eli, Michael Marks, and Donnie Eli, are Romanian gypsies who operate various fortune telling, psychic reading, and spiritual advising businesses, in Fort Lauderdale, Florida, and New York, New York.   This investigation culminated with a grand jury indictment in a sealed superseding indictment, USA vs. Rose Marks, et al, Case No. 11-80072-CR-MARRA(s), for conspiracy to commit mail fraud and wire fraud, mail fraud, wire fraud, and money laundering. Arrest warrants were issued for the defendants.

7.      On August 12, 2011, your Affiant obtained, under seal, seizure warrant in case no. 11-6391-LSS to seize a 1998 Blue Bentley convertible automobile, VIN# SCBZK25C8WCX61675, registered to and owned by Rose Marks. A copy of the seizure warrant is attached as Exhibit A.

2

8.     On August 12, 2011, your Affiant obtained, under seal, a search warrant to search the premises located at 1319 Seminole Drive, Ft. Lauderdale, Broward County, Florida. A copy of the application and search warrant is attached as Exhibit B.

9.     On August 16, 2011, your Affiant went to 1319 Seminole Drive, Ft. Lauderdale, Broward County, Florida, in order to execute the seizure and arrest warrants. The premises located at 1319 Seminole Drive is the residence of Rose Marks. The defendants Rose Marks, Rosie Eli, Donnie Eli, and Vivian Marks were arrested pursuant to arrest warrants. Their initial appearance is scheduled on August 16, 2011, at 3:00 p.m.

10.     At the time of her arrest, Rose Marks was advised that her vehicles would be seized pursuant to court authorized seizure warrants. A list of vehicles was shown to Ms. Marks and she was asked about the location of each vehicle on the list. When asked about the blue Bentley, she responded that it was in a storage facility and that she did not know where the facility was, however, she knew it was in Ft. Lauderdale. Ms. Marks further stated that the storage facility was rented by her son, Ricky Marks, and the Bentley was there with a Harley (a Harley Davidson motorcycle was also on the list of vehicles).

11.     During the search of the residence at 1319 Seminole Drive, agents discovered a business card reflecting the name "Oakland Park Warehouses." A Secret Service agent went to "Oakland Park Warehouses" located at 3900 N.E. 5th Avenue, and asked the owner if Ricky Marks rented a storage unit there. The owner confirmed that Ricky Marks rents a unit there and the owner then voluntarily offered to open the storage space located at 4052 N.E. 8th Avenue, Oakland Park, Florida.

12.     The agent entered the unit and immediately observed two of the three vehicles he was looking for, that is, a blue Bentley and a blue Harley Davidson motorcycle. Your Affiant

arrived at the unit shortly afterwards and observed the Blue Bentley and the Harley Davidson motorcycle. Your Affiant also observed to the left of the front door, a white banker's box labeled "Rose Marks 2002, 2003, 2004." The box ~~was~~ *had already been* tipped open and inside the box in plain view were Bank of America documents and bundles of checks. Your Affiant also observed ~~in~~ *In the* ~~on~~ back of the warehouse, in plain view, approximately five large boxes which ~~are~~ *were* taped shut and ten smaller banker's boxes that ~~are~~ *were* open with various items including clothing and papers sticking out of them

13.     Based on our Affiant's knowledge of the overall facts in this case and the financial magnitude of over $40 million in funds allegedly sent by victims to bank accounts controlled by the defendants Rose Marks and others. there is reason to believe that there is evidence of a crime and fruits of a crime *as set forth in Attachment B,* utilized by Rose Marks and others. *contained within the storage unit.*

14.     Wherefore, your Affiant submits that at 4052 N.E. 8th Avenue, Oakland Park, Florida 33334, Fort Lauderdale, Florida, a storage unit, there is evidence of a crime, contraband, fruits of a crime and property designed for use, intended for use, or used in committing a crime.

FURTHER AFFIANT SAYETH NAUGHT.

_Kelly Cook_
Kelly Cook
Special Agent, United States Secret Service

Sworn to and subscribed before
me at Fort Lauderdale, Florida
this 16th day of August, 2011

_Barry S. Seltzer_
BARRY S. SELTZER
United States Magistrate Judge

4

## ATTACHMENT A

The storage space located at 4052 N.E. 8th Avenue, Oakland Park, Broward County, Florida is a storage unit in the complex called "Oakland Park Warehouses." Unit 4052 is a one story, white in color, attached to other units on both sides. It has a metal roll-up door. The numbers "4052" are printed in black above a standard white exterior door.