UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80072-CR-MARRA/HOPKINS(s)(s)(s)(s)

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ROSE MARKS, et al,

    Defendants.
_____/

**REPLY TO GOVERNMENT'S RESPONSE TO DEFENANT'S MOTION TO SUPPRESS RECORDS ILLEGALLY OBTAINED AS THE RESULT OF AN UNREASONABL SEARCH AND SEIZURE**

COMES NOW, ROSE MARKS, by and through undersigned counsel, and files this reply to the Government's Response to Defendant Rose Marks' Motion to Suppress Records Illegally Obtained as the Result of an Unreasonable Search and Seizure, and states as follows:

While the Government is correct in its point that a defendant may only move to suppress evidence obtained in violation of her own Fourth Amendment rights, they have completely misinterpreted the applicable law relevant to the facts of the present case. The Supreme Court of the United States has explicitly held that when determining whether a defendant is able to show a violation of his Fourth Amendment rights, definition of those rights is more properly placed within the purview of substantive Fourth Amendment law than within that of standing. *Minnesota v. Carter*, 525 U.S. 83 (1998). The capacity to claim protection of the Fourth Amendment provision against unreasonable searches and seizures depends not upon the property right in invaded area but upon whether the area

Case 9:11-cr-80072-KAM Document 992 Entered on FLSD Docket 09/13/2013 Page 2 of 4

was one in which there was a reasonable expectation of freedom from governmental intrusion. *Mancusi v. Deforte*, 392 U.S. 364 (1968).

The Eleventh Circuit has recognized a number of factors to be taken into consideration that are relevant to the determination of whether a defendant has a legitimate expectation of privacy in a premises. See *United States v. Brown*, 743 F. 2d, 1505, 1507 (11th Cir. 1984). Such factors include: (1) "whether the defendant has a possessory interest in the thing seized or the place searched"; (2) "whether [the defendant] has exhibited a subjective expectation that [the property] would remain free from governmental invasion"; (3) "whether [the defendant] took normal precautions to maintain his [or her] privacy"; and (4) whether [the defendant] was legitimately on the premises." See *Haydel,* 649 F.2d at 1154-55; see also *Shamaeizadeh,* 338 F.3d at 544-45; *United States v. Greer,* 939 F.2d 1076, 1094 (5th Cir.1991).

Aligned with the foregoing principals of law, the Eleventh Circuit held in *United States v. Chaves* that the defendant had a reasonable expectation of privacy in a warehouse, such that the search of the warehouse for contraband implicated his Fourth Amendment rights, even though defendant did not formally rent the warehouse, but kept personal and business papers in the warehouse. *U.S. v. Chaves*, 169 F. 3d 687 (11th Cir. 1999). It is well-settled that even where a defendant does not own the property searched, he or she may nonetheless have a reasonable expectation of privacy in that place by virtue of his or her relationship with that place. *Id.*

In the instant case, the Government contends that Rose Marks lacks standing to assert a Fourth Amendment challenge because she at one point conceded that she lacked a reasonable expectation of privacy of the documents seized from the warehouse.

However, such concession was made under the belief that the records were in *plain view* of the investigating officers during the search. Now, after learning that investigative agents either lied or were misinformed, Rose Marks clearly has standing, and seeks to assert such standing, to bring a Fourth Amendment challenge. The contents of the box described in the Motion to Suppress were NOT in plain-view of investigators, rather it was **CLOSED** with her name *boldly and clearly* marked on top of the box. Further, although Rose Marks did not know the precise address of the warehouse, she was certainly had knowledge as to its general location and contents therein, including the Bentley mentioned to officers at the time of her arrest.

The present case is nearly identical to the Eleventh Circuit's decision in *Chaves* in that Rose Marks' private business records were seized during the search of a warehouse that did not belong to her – which did *not* impact defendant's standing in *Chaves* and does not here. Applying the relevant factors held applicable to determine whether a reasonable expectation of privacy exists, it is undeniable that Rose Marks had a legitimate expectation of privacy in the closed, marked box in the warehouse; and, therefore, has standing to bring a Fourth Amendment Challenge. First, Rose Marks clearly has a possessory interest in the documents seized because she had access to the warehouse through her son and well delineated ownership of the box of documents at issue. Further, it is undisputed that there was a subjective expectation of privacy because the box of documents was in fact CLOSED and clearly marked with the name "ROSE MARKS", inside of a locked warehouse evidencing such measures taken by the defendant to keep such documents free from governmental intrusion. The facts of the present case are essentially identical to Chaves, where the defendant had clear standing to

bring a Fourth Amendment challenge, therefore this Honorable Court should properly find that Rose Marks has the requisite standing to bring her Fourth Amendment challenge in the instant motion.

WHEREFORE, it is respectfully requested that this Court grant this motion and enter an Order suppressing the Government's evidence at trial of any information obtained as a result of the illegal search and for all other relief this Court deems just and proper.

Dated: September 13, 2013.

Respectfully submitted,

By: s/ Fred A. Schwartz
Fred A. Schwartz, Esq.
Fla. Bar No. 360538
*Attorney for Defendant Rose Marks*
Kopelowitz Ostrow, et al.
700 South Federal Highway
Boca Raton, Florida 33432
schwartz@kolawyers.com
Telephone: (561) 910-3070
Facsimile: (561) 910-3080

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 13, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

s/ Fred A. Schwartz
Fred A. Schwartz, Esq.